IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHAD BARRY BARNES, | ) | Civ. No. 13-00002 ACK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEA HAWAII RAFTING, LLC, KRIS | ) | |
| HENRY, M/V TEHANI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR PAYMENT OF MAINTENANCE AND CURE

For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff Chad Barry Barnes's Motion for Summary Judgment for Payment of Maintenance and Cure. The Court GRANTS the motion as to Barnes's entitlement to maintenance and cure, DENIES WITHOUT PREJUDICE the motion as to the amount of such payments, and DENIES WITHOUT PREJUDICE the motion as to Defendants' liability for punitive damages and attorney's fees.

### PROCEDURAL BACKGROUND

On January 1, 2013, Plaintiff Chad Berry Barnes filed a Verified Complaint against Sea Hawaii Rafting, LLC, Kris Henry, and a number of Doe defendants, *in personum*, and M/V TEHANI, HA-1629 CP, and her engines, equipment, tackle, stores, furnishings, cargo and freight, *in rem* (together, "Defendants"). (Doc. No. 1 ("Compl.").) On August 20, 2013, Barnes filed a Motion for Summary Judgment for Payment of Maintenance and Cure, asking for

summary judgment as to Count III of his complaint. (Doc. No. 25
("Mot.").) In support of his motion, Barnes filed a concise
statement of facts, as well as a number of exhibits. (Doc. Nos.
27, 36.)[1/] Defendants filed their memorandum in opposition to the
motion, as well as a concise statement of facts and a number of
exhibits, on October 22, 2013. (Doc. Nos. 34, 35.) Barnes did not
file a reply.

A hearing on the motion was held on November 12, 2013.

## FACTUAL BACKGROUND[2/]

This matter arises under admiralty law. Barnes alleges
that he was employed by Defendant Kris Henry and/or Defendant Sea
Hawaii Rafting as a crew member on the vessel M/V TEHANI. (Compl.
¶¶ 14-15; Mot. at 2, Exs. A & C.) On July 3, 2012, Barnes was
injured when a small explosion occurred under the deck of the
boat as Barnes was starting its engine and helping to launch it
into the Honokohau Small Boat Harbor in Kailua Kona, Hawaii.
(Compl. ¶¶ 12-13; Opp'n at 3.) Barnes alleges that he suffered
severe physical and emotional injuries as a result of the

---

[1/] Barnes originally filed his concise statement of facts on
August 21, 2013, (Doc. No. 27,) but filed an amended concise
statement of facts on October 24, 2013. (Doc. No. 36.) In
addition, Barnes introduced an additional exhibit during the
hearing on the instant motion. (See Ex. K.)

[2/] The facts as recited in this Order are for the purpose of
disposing of the current motion and are not to be construed as
findings of fact that the parties may rely on in future
proceedings.

accident that require "ongoing medical treatment, loss of time from work, and may have left him permanently disabled." (Compl. ¶¶ 16-17.) He has been unable to work since the accident. (Affidavit of Chad Barnes ("Barnes Aff.") ¶ 26.)

In his complaint, Barnes brings the following claims: (1) negligence under the Jones Act, 46 U.S.C. § 688, against the *in personam* Defendants (Count I); (2) unseaworthiness as against the M/V TEHANI (Count II); (3) maintenance, cure, and wages under general maritime law (Count III); (4) compensation and recovery for negligence pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905, against the *in personam* and *in rem* Defendants (Counts IV-VII); (5) individual liability of Defendant Kris Henry and the Doe Defendants for the negligence of Sea Hawaii Rafting, pursuant to a theory of "piercing the veil of limited liability" (Count VII); and (6) intentional and/or negligent infliction of emotional distress as against all Defendants (Count VIII). (Id. ¶¶ 23-71.) Barnes seeks compensatory damages, punitive damages, and recovery of attorney's fees.

In the instant motion, Barnes asks the Court to grant summary judgment as to Count III, his claim for recovery of maintenance and cure pursuant to general maritime law. Specifically, Barnes asks the Court for an order requiring Defendants to pay him, retrospectively and prospectively,

maintenance payments fixed at an amount that meets his reasonable, actual costs of food and lodging, and cure, or the costs of his medical treatment until he reaches Maximum Medical Improvement ("MMI"). (Mot. at 2.) Barnes also requests that the Court award him attorney's fees and costs involved in bringing the instant motion, as well as punitive damages for Defendants' "willful failure to pay Maintenance and Cure." (Id. at 7-8.)

### STANDARD

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). The Court must draw all

4

reasonable inferences in favor of the nonmoving party. Id. at
587.

In supporting a factual position, a party must "cit[e]
to particular parts of materials in the record . . . or show[]
that the materials cited do not establish the absence or presence
of a genuine dispute, or that an adverse party cannot produce
admissible evidence to support the fact." Fed. R. Civ. P.
56(c)(1). The nonmoving party "must do more than simply show that
there is some metaphysical doubt as to the material facts."
Matsushita, 475 U.S. at 585. "[T]he requirement is that there be
no genuine issue of material fact . . . . Only disputes over
facts that might affect the outcome of the suit under the
governing law will properly preclude the entry of summary
judgment." Anderson, 477 U.S. at 247-48 (emphasis in original).
Also, "[t]he mere existence of a scintilla of evidence in support
of the non-moving party's position is not sufficient[]" to defeat
summary judgment. Triton Energy Corp. v. Square D Co., 68 F.3d
1216, 1221 (9th Cir. 1995). Likewise, the nonmoving party "cannot
defeat summary judgment with allegations in the complaint, or
with unsupported conjecture or conclusory statements." Hernandez
v. Spacelabs Med. Inc., 343 F.3d 1107, 1112 (9th Cir. 2003).

## DISCUSSION

Barnes argues that there is no genuine issue of
material fact in dispute as to his entitlement to maintenance and

cure. Specifically, Barnes argues that Defendant Kris Henry, in a
signed statement to the U.S. Coast Guard dated July 6, 2012,
admitted all of the facts necessary to establish Barnes's
entitlement: that Barnes was a crew member on the M/V TEHANI, and
that he was injured while acting in the service of the vessel.
(Mot. at 7, Ex. A.)

Defendants do not appear to dispute that Barnes was
injured while working on the M/V TEHANI, but argue that the Court
should nevertheless deny Barnes's motion because they are
entitled to make an investigation and require documentation prior
to making any payments for maintenance and cure. (Opp'n at 7.)[3/]

**I.    The Obligation to Pay Maintenance and Cure**

When a seaman is injured in the service of his vessel,
the shipowner has an obligation to pay maintenance (room and
board), cure (medical expenses), and unearned wages. Vaughan v.
Atkinson, 369 U.S. 527, 531–33 (1962); Lipscomb v. Foss Maritime
Co., 83 F.3d 1106, 1109 (9th Cir. 1996). The entitlement to
maintenance and cure continues until the seaman reaches "maximum
cure" - a recovery as complete as the injury allows. Permanente
S.S. Corp. v. Martinez, 369 F.2d 297, 298–99 (9th Cir. 1966)
(stating that the obligation to furnish maintenance and cure

---

[3/] Although the Court notes that Defendants failed (1) to
seek relief from the magistrate judge as to Barnes's alleged
failure to properly respond to discovery requests, and (2) to
seek a Rule 56(d) continuance of the instant motion.

"continues until the seaman achieves maximum recovery; that is, until the seaman is well or his condition is found to be incurable."); see also Berg v. Fourth Shipmor Assocs., 82 F.3d 307, 309 (9th Cir. 1996) (same). When a seaman is injured in the service of a vessel, the employer must pay maintenance and cure even where the employer is not at fault. Aguilar v. Standard Oil Co. of N.J., 318 U.S. 724, 730 (1943); Crooks v. United States, 459 F.2d 631, 632 (9th Cir. 1972).[4/]

A plaintiff's burden of proof on a maintenance and cure claim is slight: he need only establish that he was injured or became ill while "subject to the call of duty as a seaman." Aguilar, 318 U.S. at 732. Further, the Court resolves any ambiguities or doubts as to the seaman's right to receive maintenance and cure in favor of the seaman. Vaughan, 369 U.S. at

---

[4/] The Court notes that it is an open question in the Ninth Circuit whether a pretrial motion for maintenance and cure should be viewed under the summary judgment standard or through an approach that takes into account the flexibility that admiralty law affords to the Court and the deference afforded to seamen. See, e.g., Best v. Pasha Haw. Transport Lines, LLC, 2008 WL 1968334, at *1 (D. Haw. May 6, 2008) (discussing the Ninth Circuit's inconsistent treatment of such motions); Buenbrazo v. Ocean Alaska, LLC, 2007 WL 3165523, at *1 (W.D. Wash. Oct. 24, 2007) (noting the "obvious tension" between summary judgment and resolving all doubts in favor of the seaman). The Court need not resolve this issue, however, as even applying the summary judgment standard, the Court finds that Barnes is entitled to maintenance and cure. Further, as to the portions of Barnes's motion that the Court denies, even under a more flexible approach, Barnes has not provided the Court sufficient information to determine the appropriate amount of maintenance and cure, or to support an award of attorney's fees or punitive damages.

532. As the Supreme Court has noted, a "shipowner's liability for maintenance and cure [is] . . . not to be defeated by restrictive distinctions nor 'narrowly confined.'" Id. at 532 (quoting Aquilar, 318 U.S. at 730).

In the instant case, while Defendants argue that Barnes has failed to adequately respond to their requests for information or document his claims for maintenance and cure, it does not appear that Defendants dispute Barnes's entitlement to maintenance and cure. Indeed, during the hearing on the instant motion, defense counsel stated that Defendants do not contest that Barnes is entitled to maintenance, and, in their opposition, Defendants do not dispute Barnes's contention that he was injured while in the service of the M/V TEHANI.

Further, Barnes has introduced evidence that Defendant Kris Henry admitted in a written statement that Barnes was injured while working on the M/V TEHANI. Specifically, Barnes has introduced a Report of Marine Accident, Injury or Death form that Defendant Kris Henry signed on July 6, 2012 detailing the July 3, 2012 accident and stating that Barnes was working as a "captain/crew" on the M/V TEHANI at the time of the accident, that he had been working in his present position for four months and on the vessel for one month, and that he was injured when an explosion occurred as he was starting the vessel's engine. (Mot. Ex. A.)

The Court therefore finds that there is no factual dispute that Barnes is entitled to maintenance and cure from July 3, 2012 (the date of the accident) until the time he reaches maximum cure.[5] The Court thus GRANTS Barnes's motion as to Barnes's eligibility for maintenance and cure.

## II. Amount of Maintenance and Cure

### A. Maintenance

In determining maintenance, the Court must look at both reasonable expenses and Barnes's actual expenses. Specifically, "[a] seaman is entitled the reasonable cost of food and lodging,

---

[5] As to the duration of Barnes's eligibility for maintenance and cure, Barnes states that he has not yet reached maximum cure. (Mot. at 4; Barnes Aff. ¶ 15.) Defendants do not appear to dispute Barnes's claim. "A shipowner is liable to pay maintenance and cure until the point of maximum medical cure, where it is probable that further treatment will result in no betterment of claimant's condition. Whether a seaman has reached maximum medical cure is a medical question." Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996) (internal citation omitted). Based on the exhibits submitted by Barnes, it appears that he is still undergoing treatment for medical conditions associated with his injury on the M/V TEHANI. (See Mot. Ex. H (notes from Dr. Marko Reumann dated October 10, 2013 indicating that Barnes suffers from prolonged postconcussion syndrom, memory problems, headaches, double vision, dizziness, ringing of the ears, hearing difficulty, and muscle problems); Ex. G (letter from Dr. Victoria Reed indicating that Barnes suffers from Major Depressive Disorder and other medical problems as a result of the boating accident, and that his prognosis is moderate so long as he continues treatment).) Defendants have introduced no evidence calling into question the statements of Drs. Reumann and Reed and, as such, have failed to raise a genuine issue of material fact that Barnes has not yet reached maximum medical cure. Barnes is thus is entitled to maintenance and cure from the date of his accident (July 3, 2012) until he reaches maximum cure. See Keliihananui v. KBOS, Inc., 2010 WL 2176105, at *9 (D. Haw. 2010).

provided he has incurred the expense." <u>Hall v. Noble Drilling, Inc.</u>, 242 F.3d 582, 587 (5th Cir. 2001). Determining the maintenance award involves three steps:

> First, the court must estimate two amounts: the plaintiff seaman's actual costs of food and lodging; and the reasonable cost of food and lodging for a single seaman in the locality of the plaintiff. In determining the reasonable costs of food and lodging, the court may consider evidence in the form of the seaman's actual costs, evidence of reasonable costs in the locality or region, union contracts stipulating a rate of maintenance or per diem payments for shoreside food or lodging while in the service of a vessel, and maintenance rates awarded in other cases for seamen in the same region.
>
> ...
>
> Second, the court must compare the seaman's actual expenses to reasonable expenses. If actual expenses exceed reasonable expenses, the court should award reasonable expenses. Otherwise, the court should award actual expenses. Thus, the general rule is that seamen are entitled to maintenance in the amount of their actual expenses on food and lodging up to the reasonable amount for their locality.
>
> Third, there is one exception to this rule that the court must consider. If the court concludes that the plaintiff's actual expenses were inadequate to provide him with reasonable food and lodging, the plaintiff is entitled to the amount that the court has determined is the reasonable cost of food and lodging. This insures that the plaintiff's inability to pay for food and lodging in the absence of maintenance payments does not prevent him from recovering enough to afford himself reasonable sustenance and shelter.

<u>Id.</u> at 590.

Applying this framework to the instant case, the Court concludes that the evidence Barnes has presented is insufficient for the Court to determine the proper amount of maintenance.

Barnes argues in his motion that the maintenance rate should be set "at a minimum of $50 per day." (Mot. at 6.) Defendants argue that Barnes has failed to establish either his actual expenses, or the reasonable expenses in his locality. (Opp'n at 10.)

First, as to Barnes's evidence of actual expenses, he provides a letter detailing his actual living expenses since July 3, 2012, including $500 per month for rent, $200 per month for utilities, $45 per day for food, and $400 per month for groceries.[6] (Mot. Ex. D.) Barnes states that, because his apartment has no kitchen, he eats most of his meals out. (Mot. Ex. 2 (Affidavit of Chad Barnes) at ¶ 5.) As such, it appears that his actual expenses for food include his claimed $45 per day for meals eaten out, but should not include his claimed $400 per month in grocery costs. Thus, Barnes appears to claim that his actual expenses are $2,050 per month, or approximately $68 a day.[7]

---

[6] Barnes also claims that he has significant transportation costs, in light of the fact that he can no longer drive. Specifically, Barnes claims he spends approximately $12 each way on taxi fare to and from three different weekly medical appointments, as well as $120 each way once a month for a separate medical appointment. Transportation costs are not, however, an allowable maintenance expense. See, e.g., Hall, 242 F.3d at 587 n.17; Smith v. Delaware Bay Launch Service, Inc., 972 F. Supp. 836, 849 (D. Del 1997) ("Automobile expenses . . . incurred for the sole purpose of obtaining medical care fall into the category of cure. All other automobile expenses are excluded from maintenance and cure.").

[7] Barnes's total claimed eligible monthly expenses are $500 (rent), plus $200 (utilities), plus $1,350 ($45/day for food x 30

Defendants argue that Barnes's letter itemizing his expenses, absent substantiation with receipts, is insufficient to establish his actual expenses. (Opp'n at 10.) Generally, however, a seaman's burden in producing evidence establishing his actual expenses is "feather light." Yelverton v. Mobile Laboratories, Inc., 782 F.2d 555, 558 (5th Cir. 1986); see also Hall, 242 F.3d at 590. Indeed, a plaintiff's own testimony as to the cost of room and board in the community where he is living is sufficient to support an award. Yelverton, 782 F.2d at 558; see also Morel v. Sabine Towing & Transp. Co., Inc., 669 F.2d 345, 347-48 (5th Cir. 1982) (noting that, while a plaintiff's own testimony is not "the most probative evidence one might conceive," the district court nevertheless did not err in admitting and considering it, given the Supreme Court's emphasis that doctrines of maintenance and cure are to be construed liberally and in favor of the seaman). Barnes has submitted as an exhibit a letter itemizing his monthly expenses. (Mot. Ex. D.) Barnes has thus sufficiently proffered evidence that his actual monthly expenses are $2,050 per month, or approximately $68 a day. The Court therefore turns next to an assessment of Barnes's claimed actual expenses in light of reasonable expenses for a seaman in his locality. See Hall, 242 F.3d at 590.

---

days), for a total of $2,050. His daily expenses are therefore approximately $68 per day ($2,050 divided by 30 days).

With respect to reasonable expenses, Barnes proffers a
2006 report of economist Jack P. Suyderhoud (the "Suyderhoud
Report"). (Mot. Ex. I.) Importantly, however, this district court
has previously rejected the Suyderhoud Report as insufficient,
absent more explanation, to establish the reasonable cost of food
and lodging in Honolulu. See Keliihananui, 2010 WL 2176105, at
*9. The Suyderhoud Report calculated the cost of living in Hawaii
as $57 per day for a seaman-plaintiff in Miller v. Smith
Maritime, Ltd., Civ. No. 05–00490 HG–BMK. The report calculates
this amount based on two sets of data: one set from the Economic
Research Institute providing information for a single minimum
wage earner living with friends or parents contributing partial
rent, and the second from the U.S. Bureau of Labor Statistics
providing data on single-person households with annual income in
the $50,000 to $70,000 range.

As this district court noted in Keliihananui, however,
the Suyderhoud Report does not explain why the data it uses are
the appropriate measures for maintenance for seamen, or how the
data were used to calculate the average daily cost of living.
Further, some of the data used in the Suyderhoud Report's
calculations clearly should not be included in the maintenance
calculation (e.g., "consumables," "entertainment," and
"miscellaneous"). See Keliihananui, 2010 WL 2176105, at *9. As
the court in Keliihananui stated, without more precise

13

information, the Court cannot determine whether $57 per day is a reasonable amount to cover food and lodging in the Honolulu area. Further, Barnes himself states that the estimated costs in the Suyderhoud Report "have undoubtedly increased significantly in the time since the report was prepared." (Mot. at 6.) Barnes has nevertheless failed to proffer any additional evidence as to reasonable costs in the Honolulu area.

Barnes is entitled to maintenance in the amount of the actual cost of his food and lodging, "up to the reasonable amount for [his] locality." See Hall, 585 F.2d at 590. Barnes has failed, however, to provide the Court with evidence regarding the current costs of food and lodging in Honolulu such that the Court can make a determination as to the reasonable costs in the area. Because Barnes has failed to provide the Court with sufficient information to determine the reasonable amount of maintenance for a seaman in his locality (Honolulu), the Court cannot make a determination as to the proper amount of maintenance at this time. Thus, while the Court concludes that Barnes is entitled to maintenance from the date of the accident, July 3, 2012,[8] until

---

[8] The Court notes that, in a letter to the Court dated November 12, 2013, Defendants conclusorily state that Barnes's maintenance award should be adjusted to account for the 114 days during which Barnes allegedly lived with his brother. Defendants do not cite any authority to support this argument, or provide any evidence to support their factual allegation. Because maintenance is intended to substitute for the food and lodging that a seaman enjoyed at sea, a seaman is generally entitled only to expenses actually incurred. Johnson v. United States, 333 U.S.

the time he reaches maximum cure, the Court nevertheless

concludes that Barnes has failed to prove the proper amount of

maintenance.[9/]

**B.  Cure**

As discussed above, an injured seaman is also entitled

to "cure," or reimbursement for medical expenses. See, e.g.,

Lipscomb, 83 F.3d at 1109. The entitlement to maintenance and

cure continues until the seaman reaches "maximum cure" - a

recovery as complete as the injury allows. Permanente, 369 F.2d

at 298-99 (stating that the obligation to furnish maintenance and

cure "continues until the seaman achieves maximum recovery; that

---

46, 50 (1948); Barnes v. Andover Co., L.P., 900 F.3d 630, 641
(3rd Cir. 1990); Stankiewicz v. United Fruit S.S. Corp., 229 F.2d
580, 581 (2d Cir. 1956). Thus, if a seaman lives with his family
without incurring any expense or liability for his care, no
maintenance is due. See Johnson, 333 U.S. at 50; Nichols v.
Barwick, 792 F.2d 1520, 1523-24 (11th Cir. 1986); Curry v. Fluor
Drilling Services Inc., 715 F.2d 893, 896 (5th Cir. 1983). On the
other hand, a seaman living with his family is entitled to
maintenance if he shows that he paid his family for his room and
board or that he had promised that he would and was obliged to do
so. See, e.g., McCormick Shipping Corp. v. Duvalier, 311 F.2d
933, 934 (5th Cir. 1963) (per curiam); Flower v. Nordsee, Inc.,
657 F. Supp. 235, 236 (D. Me. 1987). Here, neither party has
submitted evidence establishing the timing of Barnes's stay with
his brother, or the financial arrangement Barnes made during that
stay. As such, the Court cannot make a determination at this time
as to whether Barnes is entitled to payment for the period during
which he allegedly lived with his brother.

[9/] The Court notes that Defendants submitted a letter to the
Court on November 12, 2013 suggesting that they have offered to
enter into a stipulation with Barnes as to the amount of the
maintenance payments, and have suggested that the parties engage
in a further settlement conference before Magistrate Judge
Puglisi. The Court strongly encourages the parties to do so.

is, until the seaman is well or his condition is found to be incurable."); see also Berg, 82 F.3d at 309 (same).

In his motion, Barnes does not specify the amount of medical expenses he seeks to recover from Defendants. Barnes states that he received emergency treatment after the accident on July 3, 2012, and that he is still being treated for his injuries and has not yet reached maximum cure or MMI. (Mot. at 4.) To substantiate his claim, Barnes submits (1) July 10, 2012 patient notes from Dr. Lambert Lee Loy of Keauhou-Kona Medical Clinic, (Ex. F); (2) a October 18, 2013 letter from Dr. Victoria K. Reed, Psy.D, a Licensed Clinical Psychologist at West Hawaii Community Health Center, (Ex. G); and (3) patient notes prepared by Dr. Marko Reumann of Big Island Comprehensive Neurological Services dating from August 17, 2012 to October 10, 2013. (Ex. H.) In July of 2012, Dr. Loy noted that Barnes suffered from postconcussion syndrome, acute pain due to trauma in his shoulder, spine, chest, and limb, and "late effect of burn of other extremities." (Ex. F.) Dr. Reed's letter diagnoses Barnes with Major Depressive Disorder and Cognitive Disorder Not Otherwise Specified, as well as "Psychological Factors Affecting Hypothyroidism, Diabetes Mellitus Type II, High Cholesterol and Tinnitus," and states that his prognosis is moderate so long as he continues with cognitive behavioral therapy. (Ex. G.) Dr. Reumann's patient notes state that Barnes suffers from prolonged postconcussion syndrom,

headaches, tinnitus, and memory problems as a result of the July 3, 2012 accident. (Ex. H.)

Defendants argue that they have a right to conduct a reasonable investigation into Barnes's claims for cure, but have been thwarted by Barnes when they have tried to do so. Specifically, Defendants argue that Barnes has provided very few medical records in response to their discovery requests, and that those records he did provide were insufficient for Defendants to determine the origin, nature, and scope of Barnes's injuries. (Opp'n at 12.) Defendants emphasize that Barnes has provided no receipts or invoices to substantiate his claims, and that the providers listed on the HMSA explanation of benefits, (see Mot. Ex. J,) differ from those listed in Plaintiff's response to Interrogatory No. 6, and from the providers whose patient notes Barnes attaches as exhibits to his motion. (Opp'n at 12-13, Ex. D (Answer to Interrogatory #6.)) As such, Defendants argue that there are issues of fact as to the nature, cause, and extent of Barnes's injuries and medical costs.

In his motion, Barnes asks for an order finding that Defendants are liable for payment of his "outstanding medical bills caused by this injury," as well as for his "future medical care" and for reimbursement of HMSA payments made for treatment of his injury. (Mot. at 7.) Barnes fails to identify, however, exactly what his "outstanding medical bills" are, how much he

seeks for future medical care and for what duration of time, and how much money he seeks in reimbursement for HMSA payments made on his behalf. The HMSA statement of benefits Barnes provides as Exhibit J lists a number of claims for which HMSA has apparently paid various providers on Barnes's behalf; however, it is unclear whether this list of payments is exhaustive of Barnes's medical expenses, or whether all of the charges relate to the injuries attributable to the accident on the M/V TEHANI. (See Mot. Ex. J.) The Court is therefore unable to make a determination at this time as to the proper amount of cure.

In sum, the Court GRANTS Barnes's motion insofar as it finds that Barnes is entitled to maintenance and cure from July 3, 2012 until the time he reaches maximum cure. The Court DENIES Barnes's motion insofar as Barnes has failed to prove the proper amount of maintenance or cure.

## III. **Attorney's Fees and Costs and Punitive Damages**

Barnes also requests that this Court award him the attorney's fees and costs involved in bringing the instant motion, as well as punitive damages "for the willful failure to pay Maintenance and Cure." (Mot. at 7-8.) Outside of Barnes's request, neither party addresses this issue in its briefing.

### A. **Attorney's Fees**

Attorney's fees incurred in order to secure a maintenance and cure award may be recovered only when the failure

to provide maintenance and cure is "arbitrary, recalcitrant or unreasonable." Kopczynski v. The Jacqueline, 742 F.2d 555, 559 (9th Cir. 1984); see also Vaughan, 369 U.S. at 530-31 (allowing attorneys fees against shipowner who willfully and persistently failed to investigate a claim for maintenance and cure).

Here, Barnes makes no legal arguments or factual assertions in his motion to support his request for an award of attorney's fees. His complaint contains the allegation that the Defendants "knew of the injuries which [Barnes] received, and the medical care which [Barnes] needed and received, and knowingly, willfully and callously denied [Barnes] his medical and compensation benefits . . . ." (Compl. ¶ 73.) Barnes has not, however, supported this conclusory statement with specific factual allegations, either in his complaint or in the instant motion. Specifically, Barnes has made no allegations regarding when he first requested maintenance and cure from Defendants, what documentation he provided to support his claim, and whether and how Defendants responded. Indeed, it is not clear to the Court whether Barnes made any demand for maintenance and cure prior to filing the instant suit. The Court is therefore unable to make a finding as a matter of law that Defendants' failure to provide maintenance and cure thus far is "arbitrary, recalcitrant or unreasonable." See Kopczynski, 742 F.2d at 559. The Court

DENIES Barnes's motion to the extent he seeks an award of attorney's fees.

### B.    Punitive Damages

In addition to attorney's fees, Barnes seeks punitive damages "for the willful failure to pay Maintenance and Cure." (Mot. at 8.) Generally, shipowners are entitled to investigate and require corroboration of a claim for maintenance and cure prior to making any payments. See <u>MNM Boats, Inc., v. Johnson</u>, 248 F.3d 1139 (5th Cir. 2001); <u>McWilliams v. Texaco, Inc.</u>, 781 F.2d 514, 519-20 (5th Cir. 1986); <u>Snyder v. L & M Botruc Rental, Inc.</u>, 924 F. Supp. 2d 728, 734 (E.D. La 2013); <u>Bickford v. Marriner</u>, 2012 WL 3260323, at *4 (D. Me. Aug. 8, 2012); <u>Sullivan v. Tropical Tuna, Inc.</u>, 93 F. Supp. 42, 45 (D. Mass 1997). This entitlement to investigate is tempered, however, by a seaman's ability to seek punitive damages for "the willful and wanton disregard of the maintenance and cure obligation." <u>Atlantic Sounding Co., Inc. v. Townsend</u>, 557 U.S. 404, 424 (2009).

As was true of his request for attorney's fees, Barnes makes no legal arguments or factual allegations in his motion to support his request for punitive damages. Barnes's complaint alleges that Defendants "have acted with malice, in a gross, willful and wonton manner regarding the denial of the medical and compensation benefits and other matters outlined in this pleading . . . ." (Compl. ¶ 76.) The complaint does not, however, set

forth any specific factual allegations supporting this conclusory statement. Defendants, on the other hand, state that they have attempted to investigate Barnes's maintenance and care claims, but have been thwarted by Barnes's failure to cooperate fully with their discovery requests. (Opp'n at 11-12.) In light of the dearth of facts surrounding Barnes's request for maintenance and cure and Defendants' response, the Court cannot make a determination at this time that Defendants have acted so willfully and wantonly in failing to pay him maintenance and cure that an award of punitive damages is appropriate. The Court therefore DENIES Barnes's motion to the extent he seeks punitive damages.

### CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Barnes's Motion for Summary Judgment for Payment of Maintenance and Cure. The Court GRANTS the motion as to Barnes's entitlement to maintenance and cure, and finds that Barnes is entitled to maintenance and cure from July 3, 2012, the date of his injury, until he reaches maximum cure. The Court DENIES WITHOUT PREJUDICE Barnes's motion as to the amount of such payments, and DENIES WITHOUT PREJUDICE the motion as to Defendants' liability for punitive damages and attorney's fees.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 13, 2013.



_Alan C. Kay_
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, et al., Civ. No. 13-00002 ACK-RLP:
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT FOR MAINTENANCE AND CURE.