IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES, | ) Civ. No. 13-00002 ACK-RLP |
| Plaintiff, | ) |
| v. | ) |
| SEA HAWAII RAFTING, LLC, KRIS HENRY, M/V TEHANI, et al., | ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

For the following reasons, the Court DENIES Plaintiff Chad Barry Barnes's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment for Payment of Maintenance.

### FACTUAL AND PROCEDURAL BACKGROUND

This matter arises under admiralty law. Plaintiff alleges that he was injured on July 3, 2012 while employed by Defendant Kris Henry and Defendant Sea Hawaii Rafting as a crew member on the vessel M/V TEHANI. (Compl. ¶¶ 14-15; Mot. at 2, Exs. A & C.) On January 1, 2013, Plaintiff filed a Verified Complaint against Sea Hawaii Rafting, LLC, Kris Henry, and a number of Doe defendants, *in personum*, and the M/V TEHANI, HA-1629 CP, and her engines, equipment, tackle, stores, furnishings, cargo, and freight, *in rem* (collectively, "Defendants"). (Doc. No. 1.)

On August 20, 2013, Plaintiff filed a Motion for Summary Judgment for Payment of Maintenance and Cure, seeking judgment as to Plaintiff's claim for payment of maintenance and cure pursuant to general maritime law. (Doc. No. 25.) On November 15, 2013, this Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment for Payment of Maintenance and Cure ("11/15/13 Order"). (Doc. No. 44.) In the 11/15/13 Order, the Court held that Plaintiff was entitled as a matter of law to maintenance and cure, but that Plaintiff had failed to put forth sufficient evidence as to the proper amount of the award. (Id. at 9-10.) Plaintiff filed a motion for reconsideration of the 11/15/13 Order on November 25, 2013, which the Court denied on December 13, 2013. (Doc. Nos. 48, 51.)

On January 27, 2014, Plaintiff filed a second Motion for Summary Judgment for Payment of Maintenance, seeking judgment solely as to Plaintiff's claim for payment of maintenance. (Doc. No. 58.) On April 15, 2014, this Court issued its Order Denying Plaintiff's Motion for Summary Judgment for Payment of Maintenance. (Doc. No. 77 ("4/15/14 Order").) In the 4/15/14 Order, the Court found that questions of fact regarding the reasonable cost of living for a single seaman in Plaintiff's locality precluded entry of judgment as to the proper amount of maintenance. (Id. at 18-19.)

On April 16, 2014, Plaintiff filed the instant Motion for Reconsideration, asking the Court to reconsider its 4/15/14 Order. (Doc. No. 78 ("Mot.").)[1/] Defendants filed a memorandum in opposition on April 30, 2014. (Doc. No. 82.) Plaintiff filed his reply on May 5, 2014. (Doc. No. 86.)

**STANDARD**

In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Second, it must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F. R. D. 612, 616 (D. Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).[2/]

---

[1/] Pursuant to Local Rule 7.2(e), the Court decided the instant motion without a hearing.

[2/] The District of Hawaii has implemented these standards in Local Rule 60.1, which states, in relevant part:

> Motions for reconsideration of interlocutory

Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

**DISCUSSION**

In the instant motion, Plaintiff argues that the Court should reconsider its 4/15/14 Order and set a maintenance rate of $23.99 per day in order to "correct clear error and prevent manifest injustice." (Mot. at 2, 5.) Specifically, Plaintiff argues that the Court erred when it failed to determine that the reasonable cost of living for a single seaman in Plaintiff's locality is at least $23.99. (See Mot. at 5.) Plaintiff appears to assert that, because this figure is below the Defendants' lowest estimate, there is no disagreement that it represents the

---

      orders may be brought only upon the following grounds:

         (a)  Discovery of new material facts not previously available;
         (b)  Intervening change in law;
         (c)  Manifest error of law or fact. Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed.

D. Haw. Local Rule 60.1.

lowest reasonable cost of living for Plaintiff. (Id.) Plaintiff states that "[t]he parties do not dispute that the reasonable cost of living for a seaman in Kailua-Kona is at least $23.99 per day." (Id.) This claim is belied, however, by both of the parties' filings made in association with Plaintiff's second motion for summary judgment, as well as the Defendants' opposition to the instant motion for reconsideration. (See Pl.'s Mem. in Supp. of Mot. for Summary Judgment at 7 (arguing that the reasonable cost of living for a seaman in Kailua-Kona is between $50 and $57 per day); Def.'s Opp'n to Mot. for Summary Judgment at 21-22 (arguing that the reasonable cost of living is between $30 and $33 per day); Def.'s Opp'n to Mot. for Recon. at 3 (stating that "Defendants have not agreed to a rate less than Defendants' 'lowest estimate of the reasonable cost' because they agreed to pay $30.00/day in maintenance"). Prior to the instant motion, neither of the parties had ever argued that the reasonable cost of living for a single seaman in Kailua-Kona is $23.99. Indeed, Plaintiff himself acknowledges that the Court would need to "disregard Plaintiff's entire range of estimated cost of living [provided in support of his motion for summary judgment] as being disputed factually" in order to arrive at a judgment in favor of Plaintiff for $23.99 per day in maintenance. (Mot. at 5.)

Moreover, it is inappropriate for Plaintiff to argue here, for the first time, that $23.99 per day represents the minimum reasonable cost of living in his locale. A reconsideration motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003); <u>White v. Sabatino</u>, 424 F. Supp. 2d 1276-77 (D. Haw. 2006). Plaintiff could reasonably have argued that $23.99 was the reasonable cost of living prior to the Court's 4/15/14 Order, but did not.[3/] He cannot make this

---

[3/] The Court notes that it suggested during the November 12, 2013 hearing on Plaintiff's first motion for summary judgment that the parties consider stipulating to payments of $30 per day in maintenance without prejudice to a future determination as to the reasonableness of that amount. It appears that the parties were unable to reach such an agreement. Nevertheless, Defendants have evidently made two voluntary maintenance payments of $962.83 each, which Defendants assert are based on their calculation of Plaintiff's reasonable food costs for the period of July 3, 2012 to October 18, 2013, based on a rate of approximately $12.49 per day. (<u>See</u> Mot. at 6; Opp'n at 9; Def.'s Opp'n to Pl.'s Mot. for Summary Judgment for Payment of Maintenance (Doc. No. 68) at 18, 23.) Defendants contend that they are financially unable to pay the full amount to which Plaintiff may be entitled from the time of his injury in a single, lump-sum payment, but that they are making installment payments for Plaintiff's food costs on a monthly basis. Further, Defendants state that, once they receive Plaintiff's not-fit-for-duty slip, they will begin making payments in the amount of $30 per day for Plaintiff's food and lodging costs for the period of November 13, 2013 until Plaintiff reaches maximum medical improvement. (Def.'s Opp'n to Pl.'s Mot. for Summary Judgment for Payment of Maintenance (Doc. No. 68) at 20-23.) Plaintiff, on the other hand, is now seeking in the instant motion for reconsideration a judgment in the amount of $13,072.50 based on his computation using a maintenance rate (apparently for food and lodging) of $23.99 per day, with the amount of the judgment "subject to modification before or at

argument for the first time in his motion for reconsideration.

Plaintiff nevertheless argues that the Court should grant the instant motion because his "living conditions are manifestly unjust." (Mot. at 5-6.) While the Court is sympathetic to Plaintiff's circumstances, there is simply no legal basis upon which to grant Plaintiff's motion. Plaintiff asks this Court to disregard the evidence properly before it on Plaintiff's summary judgment motion and set an arbitrary maintenance rate based upon Plaintiff's unsubstantiated claim that it represents the minimum reasonable cost of living in Plaintiff's locale. As the Court correctly found in its 4/15/14 Order, issues of fact exist as to the proper rate of maintenance. Plaintiff has raised no arguments suggesting that this finding was in error.

**CONCLUSION**

---

trial." (Mot. at 9.) In view of the foregoing, the Court urges the parties to meet with Magistrate Judge Puglisi in an effort to resolve this dispute. The Court is mindful of the policy in favor of prompt payment of maintenance in admiralty cases in light of the traditional solicitude shown injured seamen by the Supreme Court, and that the Plaintiff's burden in demonstrating his cost of living is "feather light." Nevertheless, a motion for reconsideration is simply an improper vehicle for Plaintiff to seek judgment for the first time in the amount of $23.99 per day in maintenance (without prejudice to further adjustment at or before trial). The Court notes that this amount is significantly lower than the $30 per day that Defendants are willing to pay (but apparently without further modification). To the extent the parties are unable to reach a resolution with Magistrate Judge Puglisi on this matter, the Court will entertain a further summary judgment motion by either party on the issue of the proper amount of maintenance.

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment for Payment of Maintenance.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 14, 2014



_____
Alan C. Kay
Senior United States District Judge

Barnes v. Sea Hawaii, LLC et al., CV 13-00002 ACK RLP, Order Denying Motion for Reconsideration