IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES, | ) Civ. No. 13-00002 ACK-RLP |
| Plaintiff, | ) |
| v. | ) |
| SEA HAWAII RAFTING, LLC, KRIS HENRY, M/V TEHANI, et al., | ) |
| Defendants. | ) |

### ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

This matter arises under admiralty law. The Court and the parties are familiar with the extensive factual and procedural history of this case, and the Court will not repeat it here except as necessary to dispose of the instant Motion.

On December 22, 2015, this Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment as to Unseaworthiness, Negligence Per Se, and for Jones Act Negligence, and Dismissing Defendant M/V Tehani for Lack of Jurisdiction. (Doc. No. 197 ("12/22/15 Order").) On December 23, 2015, Plaintiff Barnes filed his Motion for Leave to File Interlocutory Appeal. (Doc. No. 199.) The following day, Barnes filed his Notice of Interlocutory Appeal. (Doc. No. 201.)

On December 28, 2015, counsel for the bankruptcy trustee in the Sea Hawaii Rafting, LLC bankruptcy proceeding filed his Memorandum in Opposition to Barnes's Motion for Leave to File Interlocutory Appeal. (Doc. No. 202.) Pursuant to District of Hawaii Local Rule 7.2(d), the Court elects to decide the instant matter without a hearing.

In the pending Motion, Barnes asks this Court for leave to file an interlocutory appeal of this Court's 12/22/15 Order. Barnes seeks to bring this appeal pursuant to 28 U.S.C. § 1292(a)(3). Section 1292(a)(3) provides that "the courts of appeals shall have jurisdiction of appeals from: . . . . (3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed." 28 U.S.C. § 1292(a)(3).

Courts have read § 1292(a)(3) as providing for appellate jurisdiction only where the order at issue determines the parties' substantive rights and obligations. Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997) (citing In re Complaint of Ingram Towing Co., 59 F.3d 513, 517 (5th Cir. 1995)). "Orders which do not determine parties substantive rights or liabilities, however, are not appealable under section 1292(a)(3) even if those orders have important procedural consequences." Id.

Importantly, however, where a jurisdictional ruling forecloses the only forum in which a claim may be brought against a party, it may be determinative of the parties' substantive rights or liabilities. See MS Tabea Schiffahrtsgesellschaft MBH & Co. KG v. Bd. of Comm'rs, 636 F.3d 161, 165 (5th Cir. 2011); Allen, 116 F.3d at 154; In re Manson Const. Co., 544 Fed. Appx. 412, 414 n.1 (5th Cir. 2013). It appears this is such a case. In its 12/22/15 Order, this Court determined that it lacks in rem jurisdiction over the M/V Tehani and therefore dismissed the Tehani as a defendant. Because this dismissal appears to foreclose the only forum in which Barnes may bring his admiralty claims against the Tehani, the Court believes this ruling is determinative of the parties' substantive rights or liabilities such that an interlocutory appeal may be brought under 28 U.S.C. § 1292(a)(3). Because Barnes need not seek this Court's permission prior to filing such an appeal, the Court DENIES AS MOOT Barnes's Motion for Leave to File Interlocutory Appeal.

**CONCLUSION**

For the foregoing reasons, the Court DENIES AS MOOT Plaintiff's Motion for Leave to File Interlocutory Appeal.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 30, 2015



_____
Alan C. Kay
Senior United States District Judge

Barnes v. Sea Hawaii, LLC et al., CV 13-00002 ACK RLP, Order Denying As Moot Motion for Leave to File Interlocutory Appeal