IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| CHAD BARRY BARNES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 13-00002 ACK-RLP |
| SEA HAWAII RAFTING, LLC, KRIS HENRY, M/V TEHANI, et al. | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER REGARDING PREPAYMENT OF MARSHAL'S EXPENSES**

Plaintiff Barnes has indicated a desire to have this Court order the seizure of the M/V Tehani pursuant to the ruling of the Ninth Circuit. E.g., ECF No. 309 at 2. Plaintiff Barnes, moreover, wants to "compel this Court and its Judicial [sic] officers and staff to preform [sic] the arrest of the vessel without the prepayment of fees and costs by Barnes." Id.

In footnote ten of the Ninth Circuit's decision in this matter, the court discussed the issue of whether, pursuant to 28 U.S.C. § 1916, a seaman should be allowed to proceed with the arrest of a vessel without prepayment of at least ten days of the marshal's expenses otherwise required under 28 U.S.C. § 1291. Barnes v. Sea Hawaii Rafting, LLC, — F.3d. — , 2018 WL 1870090, at *7 n.10 (9th Cir. Mar. 28, 2018). The court stated that "[t]here is a split of authority over whether seamen are

1

exempt from prepayment of these fees" and cited cases to support that proposition. Id. (citations omitted). The court specifically explained that Thielebeule v. M/S Nordsee Pilot, 452 F.2d 1230, 1232 (2d Cir. 1971) held that seamen are exempt from prepayment of marshal's expenses while P.R. Drydock & Marine Terminals, Inc. v. Motor Vessel Luisa Del Caribe, 746 F.2d 93, 94 (1st Cir. 1984) and Araya v. McLelland, 525 F.2d 1194, 1196 (5th Cir. 1976) concluded that seamen are not exempt. Id.

This Court's research, however, indicates that the 1988 amendments to 28 U.S.C. § 1291 resolved the split in authority the Ninth Circuit mentioned. The statute now includes a provision stating:

> The marshals shall collect, in advance, a deposit to cover the initial expenses for special services required under paragraph [28 U.S.C. § 1291(a)](1)(E), and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded. This paragraph applies to all private litigants, including seamen proceeding pursuant to section 1916 of this title.

28 U.S.C. § 1291(a)(2). Thus, this Court believes that whether a seaman must prepay marshal's expenses is no longer an open question, and it appears that Plaintiff Barnes must prepay the same. See, e.g., In re Lindsey, 178 B.R. 895, 902 (Bankr. N.D. Ga. 1995) ("Prior to the 1988 amendment to 28 U.S.C. §

1921(a)(2), making it clear that marshals must collect deposits to cover initial expenses from all private litigants including seamen, there was a split of authority as to whether seamen could compel a United States marshal to attach vessels without the prepayment of fees.").[1]  The Court also notes, moreover, that "[c]ourts considering the conflict between the Second Circuit and the Fifth Circuit followed the Fifth Circuit Araya decision" even before the 1988 amendments to 28 U.S.C. § 1291.  Id. at 903 (collecting cases).

Accordingly, it appears to the Court that prepayment of the marshal's expenses—even by a seaman—is required under the applicable law.  The Court will give the parties seven days from the entry of this order, however, to file any memoranda (of no more than five pages) if they disagree with the Court's conclusion.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 3, 2018.

/s/ Alan C. Kay
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order Regarding Prepayment of Marshal's Expenses.

---

[1] As the In re Lindsey court noted in the context of that case, if a plaintiff pays the marshal's expenses, "he is entitled to have them taxed as costs against the defendants."  178 B.R. at 903.

3