IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| CHAD BARRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 13-00002 ACK-RLP |
| | ) | |
| SEA HAWAII RAFTING, LLC, | ) | |
| KRIS HENRY, M/V TEHANI, | ) | |
| et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING MAINTENANCE AMOUNT CURRENTLY DUE TO
PLAINTIFF BARNES BY DEFENDANT SEA HAWAII RAFTING, LLC**

On May 29, 2018, the Court entered a minute order stating, among other things, that it "intend[ed] to issue a judgment [against Sea Hawaii Rafting, LLC ("SHR")] entitling Plaintiff Barnes to maintenance from the date of his injury to the current date at the rate of $34 per day, subject to any increase that Plaintiff Barnes may establish at trial." ECF No. 322; see also ECF No. 324. The minute order gave Defendant Henry, because he is both a personally named defendant and the owner of SHR, until June 5, 2018, to file any opposition the proposed judgment being entered. ECF No. 322.

On June 5, 2018, Defendant Henry filed a letter objecting to entry of the proposed judgment. ECF No. 326. In

1

Defendant Henry's objection, he stated that he needed to consult with an attorney prior to any proposed judgment being entered.

Accordingly, on June 7, 2018, the Court entered a minute order granting Defendant Henry until June 19, 2018, to obtain counsel and to file any additional opposition to the proposed judgment.  ECF No. 327.  The minute order further stated that Plaintiff Barnes would be given an opportunity to respond to any further objection from Defendant Henry.  Id.

On June 19, 2018, Defendant Henry filed an additional objection to entry of the proposed judgment.  ECF No. 328.  In his objection, Defendant Henry raises questions about whether Plaintiff Barnes has already reached maximum cure.  Id. Defendant Henry also: (1) makes discovery requests for certain documents pertaining to Plaintiff Barnes's claims for maintenance and cure; and (2) states that he remains unable to find counsel to represent him at the non-jury trial set for July 31, 2018.  Id.[1]

Considering Defendant Henry's objections to the proposed judgment being entered, the Court finds it appropriate

---

[1] The Court has contacted Magistrate Judge Richard L. Puglisi to hold a hearing next week regarding Defendants' discovery requests.  The Court understands that the hearing will be held next Monday, June 25, 2018.

to instead issue an order setting forth the amount of maintenance SHR owes Plaintiff Barnes as of the current date.

The Court's ruling is based upon the Ninth Circuit's writ of mandamus.  See Barnes v. Sea Hawaii Rafting, LLC, 889 F.3d 517, 543 (9th Cir. 2018); see also Order Regarding Maintenance at p. 1, ECF No. 313.  It is further based upon this Court having: (1) found that SHR was Plaintiff Barnes's Jones Act employer and the owner of the M/V Tehani; (2) granted Plaintiff Barnes's Jones Act negligence per se claim against SHR under Count XII of his First Amended Complaint; and (3) found that Plaintiff Barnes is entitled to maintenance and cure from July 3, 2012, the date of his injury, until he reaches maximum cure.  See Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment for Payment of Maintenance and Cure at p. 21, ECF No. 44; see also ECF No. 324 at pp. 1-2 (citing earlier orders).

The Ninth Circuit has defined "maximum cure" as the point at which "the seaman is well or his condition is found to be incurable."  Permanente S. S. Corp. v. Martinez, 369 F.2d 297, 298 (9th Cir. 1966); Luksich v. Misetich, 140 F.2d 812, 814 (9th Cir. 1944) ("At most, recovery should not be extended beyond the time when the maximum degree of improvement to [an injured seaman's] health is reached.").  The Ninth Circuit made the following ruling regarding Plaintiff Barnes's injuries:

"Due to his head injuries, he can no longer drive a car or swim." Barnes, 889 F.3d at 525.

Defendants "bear[] the burden of proving by a preponderance of the evidence that [Plaintiff Barnes] has reached maximum cure" in relation to his injuries. Hedges v. Foss Mar. Co., No. 3:10-CV-05046 RBL, 2015 WL 3451347, at *5 (W.D. Wash. May 29, 2015) (collecting cases); Zermeno v. N. Pac. Fishing, Inc., No. C16-1540RSL, 2017 WL 4843484, at *2 (W.D. Wash. Oct. 26, 2017) ("[I]t is the shipowner's burden to prove by a preponderance of the evidence that plaintiff reached maximum cure . . . ."). Defendants in this matter have not yet carried their burden to establish that Plaintiff Barnes has reached maximum cure. On the other hand, Plaintiff Barnes must establish the amount of cure to which he is entitled. E.g., Buenbrazo v. Ocean Alaska, LLC, No. C06-1347C, 2007 WL 7724765, at *4 (W.D. Wash. Feb. 28, 2007) (stating that a seaman has a "duty to show at trial . . . the amount of maintenance and cure to which [he] is entitled").

In its writ of mandamus, the Ninth Circuit expressed concern over the lapse of time that has passed without Plaintiff Barnes receiving any maintenance and urged the Court to proceed expeditiously. Barnes, 889 F.3d at 543. In accordance with the Ninth Circuit's directive and this Court's minute order filed May 31, 2018, ECF No. 324, and based upon the above earlier

orders and findings by this Court, the Court FINDS AND ORDERS that Defendant SHR, in personam, owes Plaintiff Barnes for:

(1) Maintenance from July 3, 2012 to June 20, 2018 (a total of 2,179 days), which, at the rate of $34 per day, and subtracting maintenance payments that SHR has already made,[2] is the sum of $72,160.34 subject to (1) potential upward increase at trial and (2) a determination whether Plaintiff Barnes has reached maximum cure on an earlier date; and

(2) Additional maintenance at the rate of $34 per day will be ordered, subject to potential upward increase at trial, until Plaintiff Barnes has reached maximum cure.

---

[2] Plaintiff Barnes has already received two payments of $962.83 each from SHR. See Order Denying Plaintiff's Third Motion for Summary Judgment for Payment of Maintenance at p. 9 n.7, ECF No. 120. The Court thus reduces the amount to which Plaintiff Barnes is currently entitled to reflect these previously received payments. Accordingly, while the sum of Plaintiff Barnes's maintenance for the above-described period is $74,086.00, any judgment would be entered in the amount of $72,160.34.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 20, 2018.



Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order Granting Maintenance Amount Currently Due to Plaintiff Barnes by Defendant Sea Hawaii Rafting, LLC.