IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>      Plaintiff,<br><br>    v.<br><br>SEA HAWAII RAFTING, LLC;<br>KRIS HENRY; ALOHA OCEAN<br>EXCURSIONS, LLC; JOHN<br>DOES 1-20; MARY DOES<br>1-20; DOE CORPOPRATIONS<br>1-20; DOE PARTNERSHIPS<br>1-20; DOE ASSOCIATES<br>1-20; DOE GOVERNMENTAL<br>AGENCIES 1-20; AND OTHER<br>ENTITES 1-20, in personam;<br>AND M/V TEHANI, HA 1629-CP,<br>AND HER ENGINES, EQUIPMENT,<br>TACKLE, FARES, STORES,<br>PERMITS, FURNISHINGS, CARGO<br>AND FREIGHT; DOE VESSELS 1-20,<br>in rem.<br><br>      Defendants. | Civ. No. 13-00002 ACK-RLP |

## ORDER

Defendant Aloha Ocean Excursions, LLC ("AOE") filed a "Motion for Clarification of Findings of Fact and Conclusions of Law and Final Judgment [ECF Nos. 424 and 425]" (the "Motion"). ECF No. 426. AOE filed its Motion pursuant to Federal Rule of Civil Procedure 60. As the Court explained at the Hearing held on September 28, 2018, it is apparent that AOE is seeking to alter or amend the judgement because in AOE's filings it argues that the Court should not have applied the 10.00% local rate of

1

interest and instead should apply the federal rate of 2.47% pursuant to 28 U.S.C. § 1961 to Barnes's pre-judgment interest award, which would substantially amend the judgment award by some $105,096.45.  Accordingly, as the Court stated at the hearing, the Court construes AOE's purported Motion for Clarification as a Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e).  In addition, because Rule 59(e) does not provide a mechanism for a party to move for amendment of this Court's findings and conclusions, and the Court finds that doing so is necessary in order to amend or alter the judgment, the Court further construes AOE's Motion as incorporating a Motion for Amended or Additional Findings pursuant to Federal Rule of Civil Procedure 52(b).[1]

**Background**

On September 6, 2018, the Court issued its Findings of Fact and Conclusions of Law ("FOF/COL") with respect to the trial beginning on July 31, 2018, for Plaintiff Chad Barnes's ("Barnes") claim for maintenance and cure.  See ECF No. 424. The Court concluded that (1) Barnes was entitled to maintenance in the amount of $68.00 per day until Barnes reaches maximum

---

[1] See Boone v. United States, 743 F. Supp. 1367, 1370 (D. Haw. 1990) (citing United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 10046 (9th Cir. 1984) (providing that the movant's label for its motion is not controlling, and that the court will construe the motion to be the type proper for the relief requested)).

medical cure and $140,950.34 for past maintenance; (2) cure in the amount of $21,697.76 for past maintenance; (3) punitive damages in the amount of $10,000.00; and (4) attorneys' fees and costs in an amount to be determined after Barnes files an appropriate motion before the magistrate judge. Id. at 40-41. Before applying pre-judgment interest and without including attorneys' fees and costs, Barnes was entitled to a total judgment in the amount of $172,648.10. Id. at 41. The Court awarded Barnes pre-judgment interest at the rate of 10.00% per year compounded annually, for a total judgment of $305,856.64. Id. at 41-42. Judgment was entered on September 7, 2018. ECF No. 425.

On September 12, 2018, AOE filed a Motion for Clarification of Findings of Fact and Conclusions of Law and Final Judgment pursuant to Federal Rule of Civil Procedure 60. ECF No. 426. AOE apparently requested clarification as to the amount of pre-judgment interest. Id. at 2-3.

On September 24, 2018, Barnes filed a Response ("Plaintiff's Response") to AOE's Motion. ECF No. 436. Barnes argued that given the equities of the instant case, the Court should deviate from the federal statutory rate of interest normally applied in admiralty cases as set forth in 28 U.S.C. § 1961(a) and instead apply the local Hawaii rate of interest. On September 25, 2018, AOE filed its Reply ("Defendant's Reply").

3

ECF No. 438. AOE argued that insufficient evidence exists in the record to support deviation from the federal statutory rate based on the equities of the case.

The Court held a Hearing on AOE's Motion on September 28, 2018.

## **Standard of Review**

Where a party files a Rule 59(e) motion and also seeks to have the Court amend its findings of fact and conclusion of law, the court may construe the party's motion as incorporating a motion pursuant to Federal Rule of Civil Procedure 52(b). Boone v. United States, 743 F. Supp. 1367, 1370 (D. Haw. 1990).

Federal Rule of Civil Procedure 59(e) permits a party to move the Court to alter or amend a judgment after its entry. A Rule 59(e) motion may be granted if doing so (1) is necessary to correct a judgment that rests on manifest errors of law or fact; (2) is necessary to present newly discovered or previously unavailable evidence; (3) is necessary to prevent manifest injustice; or (4) if there is an intervening change in controlling law. Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)).

A "district court enjoys considerable discretion in granting or denying" a Rule 59(e) motion. McDowell, 197 F.3d at

4

1255 n. 1. However, amendment should be granted sparingly "in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Federal Rule of Civil Procedure 52(b) permits the Court on a party's motion to amend its findings or make additional findings, and amend the judgment accordingly. Like Rule 59(e) motions, Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or changes in controlling law. Ollier v. Sweetwater Union High Sch. Dist., 858 F. Supp. 2d 1093, 1117 (S. D. Cal. 2012) (citing Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219-1220 (5th Cir. 1986)).

A literal reading of Rule 52(b) permits review by the district court, in the exercise of its discretion, of any of its findings and conclusions. Boone v. United States, 743 F. Supp. 1367, 1371 n. 1 (D. Haw. 1990), aff'd, 944 F.2d 1489 (9th Cir. 1991). See also Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1358 (Fed. Cir. 2006) (providing that the district court has the discretion to amend any of its own findings, even if the movant did not request all the changes effected by amended findings); 9 James W. Moore et al., Moore's Federal Practice § 52.60 (3d ed. 2005).

**DISCUSSION**

In its Motion, AOE requests clarification as to the amount of pre-judgment interest. ECF No. 426 at 2-3. More specifically, AOE's Motion appears to request clarification as to how the Court calculated Barnes's award of pre-judgment interest. Id. at 3. AOE further asserts that the Court incorrectly applied the 10.00% local rate to Barnes's pre-judgment interest award, and instead should amend its judgment and apply the federal rate of 2.47% pursuant to 28 U.S.C. § 1961.

On September 12, 2018, the Court entered a Minute Order, ECF No. 429, describing how it calculated Barnes's pre-judgment interest award. The Court in its FOF/COL incorrectly relied on a Fifth Circuit decision which held that in determining the appropriate rate of pre-judgment interest, admiralty courts may look to state law and other reasonable guideposts. Todd Shipyards Corp. v. Auto Transp., S.A., 763 F.2d 745, 753 (5th Cir. 1985)[2]; ECF No. 424 at 39. Accordingly, the Court applied the local rate of 10.00% a year pursuant to

---

[2] In Todd Shipyards, the Court of Appeals for the Fifth Circuit affirmed a decision where the district court awarded plaintiffs pre-judgment interest at the local rate set by Louisiana statute. 763 F.2d at 753. The district court ordered pre-judgment interest to be compounded daily. Id.

Hawaii Revised Statutes ("HRS") Section 478-3. ECF No. 424 at 39. Interest was calculated from July 3, 2012, the date of the accident, to September 6, 2018, the date that the FOF/COL was issued, or a total of 2,257 days. Id. Interest was compounded annually for a total award of $305,856.64. Id. at 41-42. The Court also noted in its Minute Order that it was inclined to amend its FOF/COL to add an award for post-judgment interest as requested in Barnes's Second Amended Complaint. ECF Nos. 429 and 356 at ¶ 72.

The Court finds it was manifest error of law to rely on Fifth Circuit law rather than Ninth Circuit law regarding the applicable pre-judgment interest rate.

The Court will address the issues of the rate of pre-judgment interest and the award of post-judgment interest in turn.

## I. Pre-Judgment Interest Rate

In admiralty cases in the Ninth Circuit, Federal law governs the rate of pre-judgment interest awards. Columbia Brick Works, Inc. v. Royal Ins. Co., 768 F.2d 1066, 1068 (9th Cir. 1985). The applicable rate of pre-judgment interest is

7

prescribed by 28 U.S.C. § 1961[3], the statutory rate for post-judgment interest in civil cases. Id. at 1071.

However, the district court is not bound by the federal interest rate and has broad discretion to determine what rate applies to an award of pre-judgment interest in admiralty cases. Id. at 1068. If the district court "finds, on substantial evidence, that the equities of a particular case require a different rate," the district court may deviate from the federal statutory rate in order to fully compensate the injured party. W. Pac. Fisheries, 730 F.2d at 1289. In exercising its discretion, the district court "may choose the local rate of interest." Columbia Brick Works, 768 F.2d at 1071.

Barnes argues that the equities of this case are such that deviation from the federal rate of pre-judgment interest is justified. Plaintiff's Response at 2. Barnes notes that due to AOE's failure to pay maintenance and cure, he was forced to live

---

[3] The statute provides that interest is to be calculated "at a rate equal to the average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Interest is to be compounded annually. 28 U.S.C. § 1961(b). The applicable rate for the week preceding the date of judgment, September 7, 2018, is 2.47%. Board of Governors of the Federal Reserve System (US), 1-Year Treasury Constant Maturity Rate, retrieved from Data Download Program; https://www.federalreserve.gov/datadownload/ (October 4, 2018).

for six years off of the charity and kindness of friends and family, was unable to make a living due to his injuries, and lived essentially as a homeless person. Id. at 3.

Barnes cites two cases[4] in support of his argument that the equities of this case require application of the local Hawaii rate of pre-judgment interest, although he does not explain why or how these cases support his position. Id. at 2. The Court notes that these cases concern awards of pre-judgment interest in lawsuits filed under the Employee Retirement Income Security Act ("ERISA"). Because the instant action is governed by general maritime law, Barnes's reliance on ERISA cases is misplaced.

AOE asserts that the equities of the case do not demand deviation from the federal rate. Defendant's Reply at 3. AOE argues that the awards of attorneys' fees and punitive damages sufficiently compensate Barnes for the six year delay in his receipt of any maintenance and cure payments, and that an award of pre-judgment interest at the 10.00% local rate rather than the 2.47% federal rate would amount to a penalty. Id. For the reasons set forth in the Court's Amended Findings of Fact and Conclusions of Law (the "Amended FOF/COL"), the Court finds

---
[4] Blankenship v. Liberty Life Assurance Co., 486 F.3d 620 (9th Cir. 2007) and Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154 (9th Cir. 2001).

that AOE's arguments are without merit.  See Amended FOF/COL, ECF No. 446 at COL ¶¶ 55, 56.

AOE fails to advance sufficient grounds entitling it to relief under Rules 52(b) and 59(e) with respect to the interest rate applied to Barnes's pre-judgment interest award.  Therefore, the Court denies AOE's Motion with respect to the pre-judgment interest rate.  Although the Court incorrectly relied in its FOF/COL on Fifth Circuit precedent when determining the pre-judgment interest award; the Court finds on substantial evidence that the equities of this case require a different rate than prescribed by 28 U.S.C. § 1961, and therefore the Court applies the Hawaii state rate of 10.00% per annum under HRS Sections 478-2 and 478-3.  Accordingly, the Ninth Circuit law leads the Court to the same pre-judgment interest rate result, as is set forth in the Court's Amended FOF/COL.  See Amended FOF/COL, ECF No. 446 at COL ¶¶ 49, 50, 51, 52, 53, 54, 55, 56, 57.

Notwithstanding the Court's denial of AOE's Motion with respect to the rate of pre-judgment interest, the Court finds that its erroneous application of Fifth Circuit law to the issue of compound interest is not supported by Ninth Circuit authorities.  Indeed, in the Ninth Circuit, only one admiralty case awarded pre-judgment interest at a local rate compounded

annually after 28 U.S.C. § 1961 was amended in 1982.[5] In that case, Prosser v. F/V Crystal Viking, the district court awarded pre-judgment interest at the local Washington rate of 12.00% per annum compounded annually. No. C89-850Z, 1993 WL 668292, at *1 (W. D. Wash. May 13, 1993) (citing Stoddard v. Ling-Temco-Vought, Inc., 513 F. Supp. 314, 331 (C. D. Cal. 1980) (awarding pre-judgment interest at the local rate compounded annually)).

The Court's research indicates that the only other admiralty case in the Ninth Circuit where pre-judgment interest was awarded at a local rate and compounded annually is Sauers v. Alaska Barge and Transp., Inc. 600 F.2d 238, 248 (9th Cir. 1979). In Sauers, the court awarded pre-judgment interest at the local Washington rate of 8.00% per annum compounded annually based on "the interests of justice and the best interest of the parties." Id.; see also Stoddard, 513 F. Supp. at 331.

Because both Sauers and Stoddard were decided before Congress amended 28 U.S.C. § 1961 at a time the statute provided

---

[5] In 1982, Congress amended 28 U.S.C. § 1961. Prior to the 1982 amendments, the statute provided that the applicable rate of post-judgment interest was to be set according to "the rate allowed by State law." 28 U.S.C. § 1961 (1976). The 1982 amendments provided that interest was to be calculated "at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment." 28 U.S.C. § 1961(a) (1982). The 1982 amendments also mandated that interest "shall be compounded annually." 28 U.S.C. § 1961(b).

11

the local state interest rate should be utilized, and because <u>Prosser</u> relies on <u>Stoddard</u> in awarding pre-judgment interest at the local rate compounded annually, the Court finds that these authorities are of limited use and do not support the Court's compounding of Barnes's pre-judgment interest award.

Accordingly, the Court finds that its reliance on Fifth Circuit authority was a manifest error of law with respect to the issue of compounding. The Court finds it necessary to amend its initial judgment to provide for an award of pre-judgment interest at the local Hawaii rate of 10.00% per annum which is not compounded annually. <u>See</u> Amended FOF/COL, ECF No. 446 at pp. 46-47.

Moreover, the Court finds that applying the Hawaii state 10.00% per annum interest rate adequately and fairly provides the appropriate equitable compensation regarding the six years of hardship Barnes suffered as a result of Defendants' failure to pay maintenance.

## II. Post-Judgment Interest

In its Minute Order dated September 12, 2018, the Court indicated that it was inclined to amend its FOF/COL to add an award of post-judgment interest, as requested in Barnes's Second Amended Complaint. ECF Nos. 429 and 356 at ¶ 72. Accordingly, the Court finds it necessary to amend its FOF/COL to include an award of post-judgment interest at the rate set by

28 U.S.C. § 1961 for the reasons set forth in its Amended FOF/COL.  ECF No. 446 at COL ¶ 58.

In conjunction with the aforesaid amendments, the Court has also amended the following Conclusions of Law regarding attorneys' fees and punitive damages:  ECF No. 446 at COL ¶¶ 41, 42, 43, and 44.

## **CONCLUSION**

AOE's Motion is DENIED as to the rate of pre-judgment interest.  The Motion is GRANTED with respect to the issues of compounding and post-judgment interest, thereby reducing the original judgment by $26,450.52 for an amended judgment in the amount of $279,406.12 with post-judgment interest at the rate set by 28 U.S.C. § 1961.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 5, 2018.



Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order.