```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

CHAD BARRY BARNES,            )  CIVIL NO. 13-0002 ACK-RLP
                              )
          Plaintiff,          )  FINDINGS AND RECOMMENDATION TO
                              )  GRANT IN PART AND DENY IN PART
     vs.                      )  PLAINTIFF'S MOTION FOR
                              )  ATTORNEY'S FEES AND COSTS
SEA HAWAII RAFTING, ET AL.    )
                              )
          Defendants.         )
_____)
```

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS[1]

On October 5, 2018, the district court issued its Amended Findings of Fact and Conclusion of Law, in which the district court held that Defendants are liable for Plaintiff's reasonable attorneys' fees and costs. See ECF No. 446 ¶¶ 44, 45. The district court directed Plaintiff to file a motion to determine the amount of reasonable attorneys' fees and costs. Id. ¶ 45. Plaintiff submitted a preliminary request and asked for additional time to compile the necessary billing records. See ECF No. 432. After the Court granted Plaintiff's request for additional time, Plaintiff filed the present Motion requesting an award of $323,799.00 in attorneys' fees and $31,963.16 in costs and non-taxable expenses. ECF No. 454. Defendant Aloha Ocean

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Excursions LLC filed an Opposition on December 6, 2018.  ECF No. 478.  Plaintiff filed his Reply on December 24, 2018.  ECF No. 488.  After careful consideration of the record in this action and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART.

ANALYSIS

**I. Reasonable Attorneys' Fees**

Courts use the lodestar method for calculating an award of reasonable attorneys' fees.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  Id.  Once calculated, the lodestar amount is presumptively reasonable.  See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).  However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors:  the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.  See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San

Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

In the present Motion, Plaintiff requests the following attorneys' fees:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Jay Friedheim, Esq. | 558.86 | $450 | $251,487.00 |
| John Gibson, Esq. | 279 | $250 | $69,750.00 |
| Mihail Gilevich, paralegal | 5.4 | $120 | $648.00 |
| Laurinda Blailes, paralegal | 4.9 | $120 | $588.00 |
| Brandon Nuss, paralegal | 11.05 | $120 | $1,326.00 |
| | | **TOTAL** | **$323,799.00** |

See ECF No. 454-3 at 1-45.

### A.   Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable. See Jordan v. Multnomah Cnty., 815

3

F.2d 1258, 1263 (9th Cir. 1987).

Based on the information provided by counsel and the Court's knowledge of the prevailing rates in the community, the Court finds that the $250 hourly rate requested for Mr. Gibson, who has been practicing since 1996, is reasonable.  Plaintiff requests $450 per hour for Mr. Friedheim, who has been practicing since 1987, nine years more than Mr. Gibson.  Based on the information provided by Plaintiff and the Court's knowledge of the prevailing rates in the community, the Court finds that the hourly rate requested for Mr. Friedheim is excessive and reduces his hourly rate to $350.  See, e.g., Sanact, Inc. v. US Pipelining LLC, No. Civil No. 16-00377 HG-RLP, 2018 WL 4737227, at *2 (D. Haw. Sept. 10, 2018), *adopted by*, 2018 WL 4704029 (D. Haw. Oct. 1, 2018) (awarding an attorney licensed since 1987 an hourly rate of $325); Honolulu Acad. of Arts v. Green, No. CV 15-00355 DKW-KSC, 2017 WL 1086224, at *9 (D. Haw. Feb. 28, 2017), *adopted by*, 2017 WL 1091309 (D. Haw. Mar. 21, 2017) (awarding $325 per hour for an attorney with 25 years of experience).

Regarding paralegal work, Plaintiff requests $120 per hour for the three paralegals who worked on this case.  Based on the information provided by Plaintiff, the Court finds that the rate is reasonable for Mr. Gilevich and Ms. Blailes.  Based on his years of experience and the prevailing rates awarded for paralegal work in this community, the Court reduces the rate for

4

Mr. Nuss to $85 per hour.

### B. Hours Reasonably Expended

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397. The prevailing party bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, Plaintiff's counsel submitted time entries reflecting the hours worked. See ECF No. 454-3. As noted by Defendant Aloha Ocean Excursions LLC in its Opposition, Plaintiff did not comply with the district court's directive to file a motion "in strict compliance" with the Local Rules. See ECF No. 446 ¶ 45. Although Plaintiff's Motion fails to comply with several Local Rule requirements, the Court will address the fees requested to avoid additional briefing, expense, and delay. Based on the Court's careful review of the time entries, the following deductions are appropriate.

5

### 1. Block Billing

First, the Court finds that the hours requested by Plaintiff should be reduced because most of the hours were block billed.  Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task."  Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., Civ. No. 06-00663 JMS-BMK, 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block billed hours by twenty percent).  Courts may reduce the hours that are billed in block format.  See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  The court "may properly impose a reduction for block billing, but it should 'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format."  Id. (quoting Sorenson v. Mink, 239 F.3d 1140, 1146 (9th Cir. 2001)).  Further, pursuant to Local Rule 54.3(d)(2), "[i]f the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the award accordingly."  LR 54.3(d)(2).

Here, most of the hours requested by Plaintiff's counsel were block billed.  See ECF No. 453-3 at 1-44.  Specifically, nearly all of counsel's time entries include work on a specific filing or work related to a docket entry, and also

include "Teleconference with Client regarding : same."  See id.
Because almost all of counsel's time entries include time spent
working on a particular filing and time spent calling Plaintiff,
the Court is unable to determine the reasonableness of the time
requested for each task.  Many of counsel's time entries are for
"receipt and review" of docketing entries from the Court and for
telephone calls with Plaintiff regarding the same.  Standing
alone, the time billed for "receipt and review" of docketing
entries appears excessive; however, the Court is unable to make
such determination because counsel's time records combined those
entries with telephone conferences with Plaintiff.  See, e.g.,
ECF No. 454-3 at 1 (1/2/2013 entry for 0.55 hours spent reviewing
docket entry setting the date for the scheduling conference and
"Teleconference with Client regarding : same"); at 3 (8/21/2013
entry for 0.4 hours spent reviewing a notice of a hearing date
and "Teleconference with Client regarding : same"); at 6
(2/7/2014 entry for 0.8 hours spent reviewing a minute order
stating that the case did not settle and "Teleconference with
Client regarding : same"); at 18 (7/31/2015 entry for 0.4 hours
spent reviewing a docket entry stating that a motion would be
decided without a hearing and "Teleconference with Client
regarding : same"); at 19 (10/6/2015 entry for 0.75 hours for
reviewing a notice of hearing time change and "Teleconference
with Client regarding : same").

7

This is just one example of how counsel's block billing prevents the Court from making a determination regarding the reasonableness of the hours billed. Counsel's block billing prevents the Court from determining the reasonableness of the hours worked for nearly all of counsel's entries. Because Plaintiff has failed to show that the hours requested were necessarily and reasonably incurred, the Court reduces all of the hours requested by twenty percent. The Court finds that this twenty-percent reduction fairly balances the numerous hours that were block billed with the information provided by counsel in the time entries.

**2. Excessive Time.**

Second, the Court makes several reductions for excessive time. The Court may deduct time requested that is "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34). As detailed below, many of counsel's time entries reflect hours billed far in excess of the court proceeding referenced in the entries. Although it is possible that counsel spent additional time preparing for the court proceeding, the time entries do not reflect this information. Because Plaintiff has failed to meet his burden to demonstrate that the time requested was necessary or reasonable, the Court deducts the time billed in excess of the court proceeding.

8

Mr. Friedheim billed 2.0 hours for participating in a scheduling conference on June 12, 2013; however, the Court minutes show that this conference lasted 10 minutes. ECF No. 454-3 at 2; ECF No. 15. Because the time entry does not provide any information regarding work performed outside of the conference, the Court deducts 1.8 hours from Mr. Friedheim's time.

Mr. Friedheim billed 2.55 hours for participating in a settlement conference on November 8, 2013; however, the Court minutes reflect that this settlement conference lasted 1.5 hours. See ECF No. 454-3 at 4; ECF No. 41. Because the time entry does not provide any information regarding work performed outside of the conference, the Court deducts 1.05 hours from Mr. Friedheim's time.

Mr. Friedheim billed 3.25 hours for participating in oral arguments on November 12, 2013; however, the Court minutes reflect that the hearing was one hour. ECF No. 454-3 at 4; ECF No. 42. Because the time entry does not provide any information regarding work performed outside of the hearing, the Court deduct 2.25 hours from Mr. Friedheim's time.

Mr. Friedheim billed 2.65 hours for participating in a settlement conference on February 7, 2014; however, the Court minutes reflect that the conference was one hour. ECF No. 454-3 at 6; ECF No. 62. Because the time entry does not provide any

9

information regarding work performed outside of the conference, the Court deducts 1.65 hours from Mr. Friedheim's time.

Mr. Friedheim billed 3 hours for participating in the summary judgment hearing on April 14, 2014; however the transcript reflects that this hearing was one hour. See ECF No. 454-3 (incorrectly noting that the hearing took place on 4/3/2017); ECF No. 231. Because the time entry does not provide any information regarding work performed outside of the hearing, the Court deducts 2 hours from Mr. Friedheim's time.

Mr. Friedheim billed 2.55 hours for participating in a settlement conference on September 4, 2014; however, the Court minutes show that this conference was one hour. ECF No. 454-3 at 13; ECF No. 122. Because the time entry does not provide any information regarding work performed outside of the conference, the Court deducts 1.55 hours from Mr. Friedheim's time.

Mr. Friedheim billed 3.15 hours for participating in a settlement conference on October 16, 2014; however, the Court minutes reflect that the conference was one hour. ECF No. 454-3 at 14; ECF No. 132. Because the time entry does not provide any information regarding work performed outside of the conference, the Court deduct 2.15 hours from Mr. Friedheim's time.

Mr. Friedheim billed 0.95 hours for participating in a status conference on October 23, 2014; however, the Court minutes reflect that the status conference was 14 minutes. ECF No. 454-3

at 15; ECF No. 136.  Because the time entry does not provide any information regarding work performed outside of the conference, the Court deduct 0.6 hours from Mr. Friedheim's time.

Mr. Friedheim billed 1.5 hours for participating in final pretrial conference on November 4, 2014; however, the Court minutes reflect that the conference was 7 minutes.  ECF No. 454-3 at 15; ECF No. 143.  Because the time entry does not provide any information regarding work performed outside of the conference, the Court deduct 1.3 hours from Mr. Friedheim's time.

Mr. Friedheim billed 2.2 hours for reviewing a one-page transcript ordering form filed by Plaintiff in this action on April 7, 2016.  ECF No. 454-3 at 27.  Given the nature of the document reviewed, the Court finds that this time is excessive and deducts 2 hours from Mr. Friedheim's time.

Mr. Friedheim billed 2.15 hours for participating in the final pretrial conference on July 19, 2018; however, the Court minutes reflect that the conference was 30 minutes.  ECF No. 454-3 at 41; ECF No. 365.  Because the time entry does not provide any information regarding work performed outside of the conference, the Court deduct 1.65 hours from Mr. Friedheim's time.  In total, the Court deducts 18 hours from Mr. Friedheim's time for excessive billing.

Ms. Blailes billed 1.25 hours for reviewing a one-page transcript form filed by another party in this action on March 2,

2016.  ECF No. 454-3 at 24.  Given the nature of the document reviewed, the Court finds that this time is excessive and deducts 1 hour from Ms. Blailes' time.

### C. Duplicative Time

Third, the Court finds that several time entries submitted by Plaintiff's counsel are duplicative or show unnecessarily redundant work performed by more than one attorney or paralegal.  As noted above, the Court may deduct time requested that is redundant.  See Gates, 987 F.2d at 1397.  The Court finds that the following time entries are duplicative or redundant and that reductions are necessary.

On June 12, 2013, Mr. Friedheim billed 0.3 hours two times for reviewing the order setting settlement conference and a teleconference with Plaintiff regarding the same.  ECF No. 454-3 at 2.  The Court deducts 0.3 hours from Mr. Friedheim's time for this duplicative entry.

Also on June 12, 2012, both Mr. Gibson and Ms. Blailes billed 0.35 hours for reviewing the Rule 16 Scheduling Order. Id.  Because it is not necessary to have two professionals review the same scheduling order, the Court deducts 0.35 hours from Ms. Blailes' time.

On October 22, 2014, Mr. Friedheim billed 0.3 hours two times for receipt and review of a docket entry setting a status conference and a teleconference with Plaintiff regarding the

12

same.  Id. at 14.  The Court deducts 0.3 hours from Mr. Friedheim's time for this duplicative entry.

On November 14, 2014, Mr. Friedheim billed 0.85 hours two times for receipt and review of a court order regarding Plaintiff's notice of filing bankruptcy and a teleconference with Plaintiff regarding the same.  Id. at 16.  The Court deducts 0.85 hours from Mr. Friedheim's time for this duplicative entry.

On May 26, 2015,  Mr. Friedheim billed 0.55 hours two times for receipt and review of a court order regarding the administrative closing of the case pending the bankruptcy stay and a teleconference with Plaintiff regarding the same.  Id.  The Court deducts 0.55 hours from Mr. Friedheim's time for this duplicative entry.

On December 3, 2015, Mr. Friedheim billed 0.45 hours two times for receipt and review of a docket entry setting the hearing date for Plaintiff's motion for summary judgment and a teleconference with Plaintiff regarding the same.  Id. at 20.  The Court deducts 0.45 hours from Mr. Friedheim's time for this duplicative entry.

On February 5, 2016, both Mr. Friedheim and Mr. Gibson billed 3.35 hours for reviewing file materials to draft a transcript ordering form and a teleconference with Plaintiff regarding the same.  Id. at 23.  The Court finds that it was unnecessary and excessive to have two attorneys' work on drafting

13

a one-page transcript ordering form, the Court deducts 3.35 hours from Mr. Gibson's time.

On May 26, 2016, Mr. Friedheim billed 0.8 hours two times for receipt and review of a court order regarding Plaintiff's amended notice of constitutional question and a teleconference with Plaintiff regarding the same.  Id. at 30.  The Court deducts 0.8 hours from Mr. Friedheim's time for this duplicative entry.

Also on May 26, 2016, both Mr. Friedheim and Mr. Gilevich billed 0.25 hours for reviewing a transmittal letter from the Clerk's Office and a teleconference with Plaintiff regarding the same.  Id.  The Court finds that it was unnecessary to have two professionals review the transmittal letter and deducts 0.25 hours from Mr. Gilevich's time.

On June 23, 2016, both Mr. Friedheim and Mr. Gibson billed 0.4 hours for reviewing a docket entry setting a status conference and a teleconference with Plaintiff regarding the same.  Id. at 31.  The Court finds that it was unnecessary and excessive for two attorneys to review a simple docket entry and deducts 0.4 hours from Mr. Gibson's time.

On October 25, 2016, Mr. Friedheim billed 0.45 hours two times for receipt and review of a docket entry vacating a further settlement conference and a teleconference with Plaintiff regarding the same.  Id. at 33.  The Court deducts 0.45 hours

14

from Mr. Friedheim's time for this duplicative entry.

On March 28, 2018, Mr. Friedheim billed 0.35 hours and 0.4 hours for receipt and review of the Ninth Circuit's opinion and a teleconference with Plaintiff regarding the same. Id. Because it appears that these entries are duplicative, the Court deducts 0.35 hours from Mr. Friedheim's time.

On April 19, 2018, Mr. Friedheim billed 0.75 hours two times for receipt and review of the Ninth Circuit's amended opinion and a teleconference with Plaintiff regarding the same. Id. at 34. The Court deducts 0.75 hours from Mr. Friedheim's time for this duplicative entry.

On May 2, 2018, both Mr. Friedheim and Ms. Blailes billed 0.35 hours for reviewing a court order regarding Plaintiff's recent filings and a teleconference with Plaintiff regarding the same. Id. at 36. The Court finds that it was unnecessary to have two professionals bill for this activity and deducts 0.35 hours from Ms. Blailes' time.

On May 14, 2018, Mr. Nuss billed 0.6 hours two times for receipt and review of a motion to continue trial and a teleconference with Plaintiff regarding the same. Id. at 37. The Court deducts 0.6 hours from Mr. Nuss' time for this duplicative entry.

On June 7, 2018, Mr. Friedheim billed 0.7 hours two times for receipt and review of a court order regarding

15

objections to the judgment and a teleconference with Plaintiff regarding the same. Id. at 38. The Court deducts 0.7 hours from Mr. Friedheim's time for this duplicative entry.

On June 21, 2018, Mr. Friedheim billed 0.3 hours two times for receipt and review of a docket entry setting a status conference and a teleconference with Plaintiff regarding the same. Id. The Court deducts 0.3 hours from Mr. Friedheim's time for this duplicative entry.

On August 6, 2018, Mr. Friedheim billed 0.35 hours two times for receipt and review of a docket entry setting a further settlement conference and a teleconference with Plaintiff regarding the same. Id. at 44. The Court deducts 0.35 hours from Mr. Friedheim's time for this duplicative entry.

In total, the Court deducts 6.15 hours from Mr. Friedheim's time; 3.75 from from Mr. Gibson's time; 0.25 hours from Mr. Gilevich's time; 0.7 hours from Ms. Blailes' time; and 0.6 hours from Mr. Nuss' time for duplicative billing.

The Court has reviewed the remaining time entries submitted by Plaintiff's counsel and finds that the remaining hours requested are reasonable.

### 3. Total Lodestar Calculation

The Court finds that the following attorneys' fees are reasonable:

16

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jay Friedheim, Esq. | 534.71[2] | $350 | $187,148.50 |
| John Gibson, Esq. | 275.25[3] | $250 | $68,812.50 |
| Mihail Gilevich, paralegal | 5.15[4] | $120 | $618.00 |
| Laurinda Blailes, paralegal | 3.2[5] | $120 | $384.00 |
| Brandon Nuss, paralegal | 10.45[6] | $85 | $888.25 |
| | | SUBTOTAL | $257,851.25 |
| *Overall 20% Reduction for Block Billing* | | | ($51,570.25) |
| | | **TOTAL** | **$206,281.00** |

The Court does not find that this case presents the "rare and exceptional circumstances" to justify an adjustment to this lodestar figure. Accordingly, the Court recommends that the district court award $206,281.00 in attorneys' fees.

## II. Costs and Non-Taxable Expenses

Plaintiff also seeks an award of costs and non-taxable expenses in the amount of $31,963.16. ECF No. 454; ECF No. 454-5. In Opposition, Defendant Aloha Ocean Excursions LLC argues

---

[2] 558.86 hours requested - 18 hours for excessive billing - 6.15 for duplicative time = 534.71 hours.

[3] 279 hours requested - 3.75 hours for duplicative time - 275.25 hours.

[4] 5.4 hours requested - 0.25 hours for duplicative time - 5.15 hours.

[5] 4.9 hours requested - 1 hours for excessive billing - 0.7 for duplicative time = 3.2 hours.

[6] 11.05 hours requested - 0.6 hours for duplicative time = 10.45 hours.

that Plaintiff's requested expert witnesses fees should not be allowed because such costs are not taxable. ECF No. 478 at 7-8. However, the district court determined that Plaintiff was entitled to both taxable costs and non-taxable expenses. See ECF No. 446 ¶ 45. Accordingly, the Court rejects Defendant's objections to the expert fees requested by Plaintiff. The Court has reviewed the costs and expenses requested by Plaintiff and finds the following deductions are appropriate.

First, the Court deducts $840.72 in duplicative costs. As reflected in Plaintiff's summary spreadsheet, Plaintiff requests $840.72 for court reporter costs for the deposition of Dr. Reed two times. See ECF No. 454-5 at 3 (reflecting that the $840.72 was paid with Check No. 4722 for both entries). Because this cost is duplicative, the Court deducts $840.72 from the total requested.

Second, the Court deducts $100.00 in costs requested for "cost adv. Barnes." See ECF No. 454-5 at 3. The description provided is insufficient for the Court to determine the reasonableness of these costs. Because Plaintiff has failed to provide sufficient information to support this request, the Court deducts $100.00 from the total requested.

Third, the Court deducts the $298.00 in costs requested for a notice of appeal filed in the U.S. Bankruptcy Court because those costs were not incurred in this action. See id. at 4.

18

Fourth, the Court deducts the $3,600.00 in costs requested for a bond. See id. As explained by the Court in denying Plaintiff's motions related to the bond, Plaintiff asked this court to stay a final judgment issued by the Bankruptcy Court, which was on appeal in a separate action. See ECF No. 297. Accordingly, because these costs were not incurred in this action, the Court deducts $3,600.00 from the total costs requested.

Based on its review of Plaintiff's remaining costs and expenses and the attached documentation, the Court FINDS that the remaining costs and expenses were reasonably incurred in this litigation and RECOMMENDS that the district court award costs and expenses in the amount of $27,124.44.[7]

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff's Motion for Attorneys' Fees and Costs be GRANTED IN PART and DENIED IN PART. The Court RECOMMENDS that Plaintiff be awarded $206,281.00 in attorneys' fees and taxes and $27,124.44 in costs and non-taxable expenses.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JANUARY 4, 2019.

---

[7] $37,963.16 requested - $840.72 for duplicative costs - $100.00 for unspecified costs - $298.00 for an unrelated appeal - $3,600.00 for an unrelated bond = $27,124.44.

19



_____
Richard L. Puglisi
United States Magistrate Judge


**BARNES v. SEA HAWAII RAFTING, ET AL.;** CIVIL NO. 13-0002 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

20