IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>      Plaintiff,<br><br>   v.<br><br>SEA HAWAI`I RAFTING, LLC;<br>KRIS HENRY; ALOHA OCEAN<br>EXCURSIONS, LLC; JOHN<br>DOES 1-20; MARY DOES<br>1-20; DOE CORPORATIONS<br>1-20; DOE PARTNERSHIPS<br>1-20; DOE ASSOCIATES<br>1-20; DOE GOVERNMENTAL<br>AGENCIES 1-20; AND OTHER<br>ENTITIES 1-20, in personam;<br>AND M/V TEHANI, HA 1629-CP,<br>AND HER ENGINES, EQUIPMENT,<br>TACKLE, FARES, STORES,<br>PERMITS, FURNISHINGS, CARGO<br>AND FREIGHT; DOE VESSELS 1-20,<br>in rem.<br><br>      Defendants. | Civ. No. 13-00002 ACK-RLP |

## DIRECTIVE TO THE UNITED STATES
## BANKRUPTCY COURT FOR THE DISTRICT OF HAWAI`I

On May 21, 2018, the bankruptcy court issued its Memorandum of Decision on Motions for Relief from Stay and Barton Doctrine and for Sanctions ("Memorandum of Decision"). Bankr. Case No. 14-01520, Dkt. No. 300. The bankruptcy court denied Plaintiff Chad Barry Barnes's ("Plaintiff Barnes") request for the bankruptcy court to lift the automatic stay of in personam claims against Defendant Kris Henry ("Defendant

1

Henry") for several reasons, including that Plaintiff Barnes committed a procedural error by filing his motion to lift the stay in Defendant Sea Hawai`i Rafting, LLC's ("Defendant SHR") bankruptcy case and not in Defendant Henry's bankruptcy case. See Memorandum of Decision at p. 13; Bankr. Case No. 14-01475.

On May 21, 2018, Plaintiff Barnes appealed the bankruptcy court's Memorandum of Decision. Bankr. Case No. 14-01520, Dkt. No. 301. The appeal was docketed in the district court as Civ. No. 18-00199 JMS-RLP. On March 7, 2019, Chief Judge Seabright issued an Order Dismissing Appeal in Part, and Affirming May 22, 2018 Decision of Bankruptcy Court in Part. Civ. No. 18-00199 JMS-RLP, ECF No. 24. Chief Judge Seabright ruled that the "[i]ssues regarding in personam claims against Kris Henry and/or his bankruptcy estate are not properly before the court in this appeal—that is, the current proceeding is limited to an appeal from a decision in In re Sea Hawaii Rafting, LLC, Bankr. Case No. 14-01520, not in In re Kristin Kimo Henry, Bankr. Case No. 14-01475." Id. at p. 3.

In light of the foregoing, the Court requests clarification of the Memorandum of Decision regarding whether, at this time, the automatic stay still bars Plaintiff Barnes from prosecuting unsecured in personam claims against Defendant Henry. The Court notes that Plaintiff Barnes seeks to pierce the corporate veil and hold Defendant Henry personally liable

2

for Defendant SHR's maintenance and cure obligations,[1] as well as pursue other tort claims against Defendant Henry. The Court also notes that it appears claims for maintenance and cure may be exempt from the automatic stay imposed by the Bankruptcy Code. See In re Sea Ray Marine Servs., Inc., 105 B.R. 12 (Bankr. E.D. La. 1989); see also In re Coltellaro, 204 B.R. 640 (Bankr. S.D. Fla. 1997).[2]

---

[1] On October 5, 2018, the Court issued Amended Findings of Fact and Conclusions of Law in which it held that Defendant SHR and the vessel M/V Tehani were obligated to pay Plaintiff Barnes $279,406.12 in maintenance and cure. ECF No. 446 at p. 45.

[2] In this case, the court held that an award of maintenance and cure was an exempt asset under 11 U.S.C. § 522(d) and therefore not part of the debtor seaman's bankruptcy estate. In re Coltellaro, 204 B.R. at 643-44. In reaching this holding, the court found that maintenance and cure is analogous to workers' compensation and therefore falls within the "disability, illness, or unemployment benefit" exemption of 11 U.S.C. § 522(d)(10)(C). Id. at 644. The court further found that maintenance and cure, like alimony, is a form of support or separate maintenance "reasonably necessary for the support of the debtor" and therefore also exempt under 11 U.S.C. § 522(d)(10)(D). Id.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, March 18, 2019.



_____
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Directive to the United States Bankruptcy Court for the District of Hawai`i.