IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEA HAWAI`I RAFTING, LLC;<br>KRIS HENRY; ALOHA OCEAN<br>EXCURSIONS, LLC; JOHN<br>DOES 1-20; MARY DOES<br>1-20; DOE CORPORATIONS<br>1-20; DOE PARTNERSHIPS<br>1-20; DOE ASSOCIATES<br>1-20; DOE GOVERNMENTAL<br>AGENCIES 1-20; AND OTHER<br>ENTITIES 1-20, in personam;<br>AND M/V TEHANI, HA 1629-CP,<br>AND HER ENGINES, EQUIPMENT,<br>TACKLE, FARES, STORES,<br>PERMITS, FURNISHINGS, CARGO<br>AND FREIGHT; DOE VESSELS 1-20,<br>in rem.<br><br>　　　　Defendants. | Civ. No. 13-00002 ACK-WRP |

**ORDER DENYING PLAINTIFF BARNES'S MOTION TO WITHDRAW THE REFERENCES OF CASES TO THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF HAWAI`I**

For the reasons that follow, Plaintiff Barnes's motion requesting the Court to withdraw the references of In re Sea Hawai`i Rafting, LLC, Case No. 14-01520 (Bankr. D. Haw. 2014) and In re Kristin Kimo Henry, Case No. 14-01475 (Bankr. D. Haw. 2014) to the United States Bankruptcy Court for the District of Hawai`i is DENIED.

**BACKGROUND**

For purposes of this Order, the Court will not recount this case's lengthy procedural history beginning in 2013. The Court only discusses those facts and events of specific relevance to the issues that this Order addresses.

On November 3, 2014, Defendant Kris Henry ("Defendant Henry"), the sole member of Defendant Sea Hawai`i Rafting, LLC ("Defendant SHR"), filed a chapter 13 bankruptcy petition[1] in the United States Bankruptcy Court for the District of Hawai`i (the "bankruptcy court"). See In re Kristin Kimo Henry, Case No. 14-01475 (Bankr. D. Haw. 2014) (the "chapter 13 case"). On November 12, 2014, Defendant SHR filed a chapter 7 bankruptcy petition[2] in the bankruptcy court. See In re Sea Hawai`i Rafting, LLC, Case No. 14-01520 (Bankr. D. Haw. 2014) (the "chapter 7 case").

Plaintiff Chad Barry Barnes's ("Plaintiff Barnes") efforts to prosecute his maritime and non-maritime tort claims

---

[1] Chapter 13 of the Bankruptcy Code governs the adjustment of debts of an individual with regular income. 6 Collier on Bankruptcy ¶ 1300.01 (Richard Levin & Henry J. Sommer eds., 16th ed. 2019). Chapter 13 involves reorganization of a debtor's unsecured and secured debts through a chapter 13 plan. Id. If the debtor completes the chapter 13 plan, he receives a discharge. Id.; 11 U.S.C. § 1328(a).

[2] Chapter 7 of the Bankruptcy Code governs liquidation of a debtor. 6 Collier on Bankruptcy ¶ 700.01. Chapter 7 involves the collection, liquidation, and distribution of a debtor's assets. Id. A Chapter 7 bankruptcy culminates in the discharge of the debtor if the debtor is an individual, but not if the debtor is an entity such as an LLC. Id.; 11 U.S.C. § 727(a).

against Defendant SHR and Defendant Henry have been significantly frustrated by the operation of the bankruptcy stay, which comes into effect automatically when a debtor files for bankruptcy and stays the commencement or continuation of litigation against the debtor.  11 U.S.C. § 362(a).

Plaintiff Barnes has sought to prosecute his claims by asking the bankruptcy court to lift the automatic stays against Defendant SHR and Defendant Henry, their bankruptcy estates, and the vessel M/V Tehani.  Chapter 7 case, Dkt. No. 285.  In a Memorandum of Decision dated May 21, 2018, the bankruptcy court lifted the automatic stays as to the vessel M/V Tehani and as to Defendant SHR, allowing Plaintiff Barnes to litigate his in rem claims against the vessel and his in personam claims against Defendant SHR.  Chapter 7 case, Dkt. No. 300.  The bankruptcy court declined to lift the automatic stays as to Defendant Henry, Defendant Henry's bankruptcy estate, or Defendant SHR's bankruptcy estate.  Id.

On March 11, 2019, Plaintiff Barnes filed a "Motion to Reverse Referrals of Sea Hawaii Rafting, LLC and Kris Kimo Henry to Bankruptcy Court Pursuant to Rule 28 U.S.C. § 157(d)"  (the "Motion").  ECF No. 531.  Plaintiff Barnes asks the Court to withdraw the references of the chapter 13 and chapter 7 cases to the bankruptcy court.  No party has filed a memorandum in

opposition. The Court held a hearing on Plaintiff Barnes's Motion on May 15, 2019.

**STANDARD OF REVIEW**

In general, district courts have original jurisdiction over all bankruptcy matters. 28 U.S.C. § 1334. However, 28 U.S.C. § 157(a) permits district courts to refer all bankruptcy matters to a bankruptcy court. Local Rule 1070.1(a) of the Local Rules of Practice for the United States District Court for the District of Hawai`i provides that, pursuant to 28 U.S.C. § 157(a), "all cases under Title 11 and civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges of this district."

28 U.S.C. § 157 classifies matters as either "core proceedings," for which the bankruptcy court may enter appropriate orders and judgments, or "non-core proceedings," which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review. Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997) (citing 28 U.S.C. § 157). "Actions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered "non-core." Sec. Farms, 124 F.3d at 1008 (citing In re Castlerock Props., 781 F.2d 159, 162 (9th Cir. 1986)). Core proceedings include "motions to

terminate, annul, or modify the automatic stay," as well as "objections to discharges."  28 U.S.C. § 157(b)(2)(G), (J).

"A party who believes that a proceeding pending in the Bankruptcy Court should instead be litigated before the district court may move for mandatory or permissive withdrawal of that reference pursuant to 28 U.S.C. § 157(d)."  <u>Horowitz v. Sulla</u>, Civ. No. 16-00433 DKW-KSC, 2016 WL 5799011, at *1 (D. Haw. Sept. 30, 2016).  A district court may also <u>sua sponte</u> withdraw the reference of a case or proceeding to the bankruptcy court.  <u>Hawaiian Airlines, Inc.</u>, 355 B.R. 214, 218 (D. Haw. 2006); 28 U.S.C. § 157(d).  Motions to withdraw a reference are heard by the district court.  Fed. R. Bankr. P. 5011(a).  Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  The party moving for withdrawal of the reference has the burden of persuasion.  <u>Hawaiian Airlines, Inc.</u>, 355 B.R. at 218 (citing <u>In re First Alliance Mortg. Co.</u>, 282 B.R. 894, 902 (C.D. Cal. 2001)).

## DISCUSSION

Preliminarily, the Court notes that Plaintiff Barnes has not specified whether he is seeking mandatory or permissive withdrawal of the references. Nor has he set forth sufficient arguments supported by legal authorities as to why the Court should withdraw the references under the present circumstances. Plaintiff Barnes is evidently seeking withdrawal of the entirety of both cases from the bankruptcy court. To determine whether it would be appropriate to withdraw the cases or any portion thereof from the bankruptcy court, it is necessary to consider the recent events in both bankruptcy cases.

On March 11, 2019, Plaintiff Barnes filed a "Motion to Stay Discharge for Violation of Automatic Stay and to Lift Protective Order" in the chapter 13 case. Chapter 13 case Dkt. No. 246. On that same date, he filed an identical motion in the chapter 7 case. Chapter 7 case, Dkt. No. 380. On April 2, 2019, Plaintiff Barnes filed Motions for Reconsideration of thirteen orders—eight in the chapter 13 case and five in the chapter 7 case. Chapter 13 case, Dkt. No. 252; Chapter 7 case, Dkt. No. 387. Additionally, on March 18, 2019, the Court issued a Directive to the bankruptcy court requesting clarification on whether the automatic stay still barred Plaintiff Barnes from prosecuting claims against Defendant Henry in personam—Barnes seeks to pierce the corporate veil and hold Defendant Henry

personally liable for Defendant SHR's maintenance and cure obligations, as well as to pursue other tort claims against Defendant Henry.  Chapter 13 case, Dkt. No. 259; Chapter 7 case, Dkt. No. 383.

On April 23, 2019, the bankruptcy court issued seven orders.  In the chapter 7 case, the bankruptcy court issued (1) a Response to this Court's Directive; (2) an Order Denying Barnes's Motion to Stay Discharge and Lift Protective Order; and (3) an Order on Barnes's Motion for Reconsideration.  Chapter 7 case, Dkt. Nos. 390, 391, and 392.  In the chapter 13 case, the bankruptcy court issued (4) an Order Denying Barnes's Motion to Stay Discharge and Lift Protective Order; (5) an Order on Barnes's Motion for Reconsideration; (6) a Response to this Court's Directive; and (7) an Order of Discharge, which discharged Defendant Henry from bankruptcy.  Chapter 13 case, Dkt. Nos. 260, 261, 262, and 263.  In its Responses to this Court's Directive, the bankruptcy court ruled that the automatic stay (and once Defendant Henry was discharged, the discharge injunction) still barred Plaintiff Barnes from proceeding with in personam claims against Defendant Henry.

Plaintiff Barnes has appealed each of these orders to the district court.[3]  But for these and several other appeals

---

[3] The appeals are docketed as follows: Civ. No. 19-00210 DKW-RT; Civ. No. 19-00211 DKW-RT; Civ. No. 19-00212 DKW-RT; Civ. No. 19-

awaiting resolution,[4/] it appears that there is nothing left for the bankruptcy court to adjudicate.

Since the bankruptcy court has already ruled that the stay (and now the discharge injunction) shall continue to bar Plaintiff Barnes's in personam claims against Defendant Henry, and further made additional rulings adverse to Plaintiff Barnes, and Plaintiff Barnes has appealed those rulings, all these matters are now before an appellate court.

The Court will nevertheless analyze Plaintiff Barnes's request further. As noted, both bankruptcy cases appear to be concluded. On April 23, 2019, the bankruptcy court issued an Order of Discharge in the chapter 13 case. Chapter 13 case, ECF No. 263. A debtor who has filed a chapter 13 bankruptcy petition is entitled to a discharge as provided by 11 U.S.C. § 1328. The bankruptcy code provides that "as soon as is practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed" by another section of the bankruptcy code. 11 U.S.C. § 1328(a).

Defendant Henry completed all payments under his plan and, therefore, received his discharge on April 23, 2019.

---

00213 DKW-RT; Civ. No. 19-00214 DKW-RT; Civ. No. 19-00215 DKW-RT; Civ. No. 19-00216 DKW-RT.
[4/] The other appeals are docketed as follows: Civ. No. 16-00230 LEK-KSC; Civ. No. 16-00588 JAO-RLP; Civ. No. 19-00041 JMS-KJM.

Chapter 13 case, Dkt. No. 263.  This means that the chapter 13
case is closed—although, as the Court noted supra, Plaintiff
Barnes has appealed the Order of Discharge and three other
orders issued in the chapter 13 case.  For these reasons, it is
not clear what, if anything, the Court could "withdraw" from the
bankruptcy court at this time, particularly where Plaintiff
Barnes has four appeals from the chapter 13 case pending before
another judge in this district.

      Based upon the Court's review of the docket in the
chapter 7 case, it appears that there is nothing left for the
bankruptcy court to do in that case either.  Indeed, Defendant
SHR's estate appears to have been fully liquidated with the last
substantive order in the chapter 7 case being the Order
Approving Abandonment of Property dated December 6, 2018, in
which the bankruptcy court approved the Trustee's abandonment of
the Tehani's commercial use permit.[5/]  Chapter 7 case, Dkt. No.
355.  Moreover, as the Court noted supra, Plaintiff Barnes
recently appealed three orders from the chapter 7 case.  But for
the resolution of Plaintiff Barnes's appeals, it appears that
nothing remains for adjudication in the chapter 7 case.

---

[5/] That order is currently on appeal before another judge in this
district.  See Civ. No. 19-00041 JMS-KJM.

For the foregoing reasons, the Court finds that withdrawal of the references to the bankruptcy court is inappropriate.

**CONCLUSION**

For the foregoing reasons, Plaintiff Barnes's Motion to reverse the references of the chapter 7 case and the chapter 13 case to the bankruptcy court is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, May 31, 2019.



Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawai`i Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-WRP, Order Denying Plaintiff Barnes's Motion to Withdraw the References of Cases to the United States Bankruptcy Court for the District of Hawai`i.