IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEA HAWAI`I RAFTING, LLC;<br>KRIS HENRY; ALOHA OCEAN<br>EXCURSIONS, LLC; JOHN<br>DOES 1-20; MARY DOES<br>1-20; DOE CORPORATIONS<br>1-20; DOE PARTNERSHIPS<br>1-20; DOE ASSOCIATES<br>1-20; DOE GOVERNMENTAL<br>AGENCIES 1-20; AND OTHER<br>ENTITIES 1-20, in personam;<br>AND M/V TEHANI, HA 1629-CP,<br>AND HER ENGINES, EQUIPMENT,<br>TACKLE, FARES, STORES,<br>PERMITS, FURNISHINGS, CARGO<br>AND FREIGHT; DOE VESSELS 1-20,<br>in rem.<br><br>　　　　Defendants. | Civ. No. 13-00002 ACK-RLP |

**ORDER IMPOSING SANCTIONS ON DEFENDANT ALOHA OCEAN EXCURSIONS, LLC AND DEFENDANT KRISTIN KIMO HENRY**

　　　　For the reasons discussed below, the Court imposes monetary sanctions in the amount of $25,000 jointly and severally against Defendant Kristin Kimo Henry ("Defendant Henry") and Defendant Aloha Ocean Excursions, LLC ("Defendant AOE"), subject to potential substantial enhancement as discussed more fully herein.

- 1 -

## BACKGROUND

For purposes of this Order, the Court will not recount this case's lengthy procedural history beginning in 2013. The Court only discusses those facts and events of specific relevance to the issue that this Order addresses.

On August 15, 2019, the Court issued a Minute Order (the "08/15/2019 Order"), ECF No. 601, concerning the commercial use permit and the matter of whether to sanction Defendant Henry and Defendant AOE. The Court stated the following:

> In furtherance of its directive from the Ninth Circuit to proceed with establishing the rights of Plaintiff Barnes to maintenance and cure, the Court is considering whether it should sanction Defendant Henry and Defendant AOE for wrongfully transferring the commercial use permit for the vessel M/V Tehani by Defendant Henry's misrepresentation to the harbormaster that he was simply requesting a change in name from Sea Hawaii Rafting, LLC to Aloha Ocean Excursions, LLC.

08/15/2019 Order at 1. Defendant AOE and Plaintiff Barnes filed briefs on the sanctions matter on August 20, 2019. ECF Nos. 603 and 604. The Court held a hearing on the sanctions matter on August 22, 2019. ECF No. 606.

## DISCUSSION

Based upon the authorities hereinafter discussed, the Court imposes sanctions against Defendant Henry and Defendant AOE for the reasons that follow.

## I. Events Concerning the Permit

A review of the various events concerning the permit is necessary in order to properly understand the Court's decision to sanction Defendant Henry and Defendant AOE.

Plaintiff Barnes was injured in July 2012 when the vessel Tehani, on which he was working as a seaman, exploded as it was being lowered into the water at the Honokohau Harbor in Kailua-Kona, Hawai`i. Plaintiff Barnes filed this lawsuit on January 1, 2013, which includes a maritime lien claim for failure to pay Plaintiff Barnes maintenance and cure. This Court has ruled that Plaintiff Barnes is entitled to recover for maintenance and cure from Defendant Sea Hawaii Rafting, LLC ("Defendant SHR") as the owner of the Tehani. At the time of the accident, Defendant SHR operated the vessel Tehani under a commercial use permit issued by the Division of Boating and Ocean Recreation ("DOBOR") as part of a maritime tourist business. The permit was issued to Defendant SHR, and the Tehani was (and still is) the vessel named on the permit. Defendant Henry is the sole member of Sea Hawaii Rafting, LLC and Aloha Ocean Excursions, LLC. The parties have always agreed that the commercial use permit significantly affects the value of the vessel.

The commercial use permit entitles the permittee to launch the vessel named on the permit from the ramp at Honokohau

Harbor.  Currently, 51 such permits exist; however, the number of permits is limited to 35 and there is a permit waitlist with six individuals or entities on it.  Transcript of February 28, 2019 Hearing ("Tr."), ECF No. 539, at 8:8, 9:1-6 (testimony of William Wynhoff, Deputy Attorney General and General Counsel for the State of Hawai`i's Department of Land and Natural Resources ("DLNR")).  This means that 16 individuals or entities must give up their permits before an individual or entity on the waitlist will be issued a permit.  Tr. at 9:7-12.

On November 3, 2014, Defendant Henry filed a voluntary chapter 13 bankruptcy petition.  See In re Kristin Kimo Henry, Case No. 14-01475 (Bankr. D. Haw. 2014) (the "Chapter 13 Case"). On November 12, 2014, Defendant SHR filed a voluntary chapter 7 bankruptcy petition.  See In re Sea Hawaii Rafting, LLC, Case No. 14-01520 (Bankr. D. Haw. 2014) (the "Chapter 7 Case").

In a Minute Order dated July 17, 2015, the Court noted that Defendant Henry represented to this Court that Defendant SHR owned the Tehani; yet in the Chapter 13 Case, Defendant Henry represented that he himself owned the Tehani.  ECF No. 158 at 2.  After the Court noted the inconsistency in Defendant Henry's representations, Defendant SHR amended its bankruptcy schedules on August 4, 2015 to reflect the fact that it owned the Tehani (although Defendant SHR did not disclose that it owned the commercial use permit).  Chapter 7 Case, Dkt. No. 24.

Defendant Henry formed Aloha Ocean Excursions, LLC on August 11, 2015.[1]  Defendant Henry and Defendant AOE sought to lease the Tehani and its trailer (but not the permit) from the Chapter 7 Trustee, who then filed a motion on February 12, 2016 seeking the bankruptcy court's approval of a lease agreement. Chapter 7 Case, Dkt. No. 102.  On March 17, 2016, the bankruptcy court issued an order granting the Chapter 7 Trustee's motion. Chapter 7 Case, Dkt. No. 142.

Shortly after the bankruptcy court approved the lease arrangement, the Chapter 7 Trustee agreed to sell the vessel and its trailer to Defendant AOE for $35,000.  On March 29, 2016, the Chapter 7 Trustee filed a motion requesting the bankruptcy court's approval of the proposed sale.  Chapter 7 Case, Dkt. No. 151.  On May 9, 2016, the bankruptcy court issued an order granting the Chapter 7 Trustee's motion, and the Tehani was thus sold to Defendant AOE.  Chapter 7 Case, Dkt. No. 185.  The sale of the vessel did not include the commercial use permit, which at the time of the sale was still in the name of Defendant SHR and property of Defendant SHR's Bankruptcy Estate.

On December 16, 2016, Defendant Henry wrote a letter to Bill Taylor, the Harbor Master of Honokohau Harbor, which

---

[1] See Department of Commerce & Consumer Affairs, Business Registration Division, Hawaii Business Express Website, available at: hbe.ehawaii.gov/documents/business.html?fileNumber=133504C5 (last visited Aug. 26, 2019).

stated in its entirety: "I would like to request a change in name from Sea Hawaii Rafting, LLC to Aloha Ocean Excursions, LLC. There have been no changes in ownership or officers or any other changes. Thank you for your consideration." See ECF No. 527-1. Some time thereafter, Mr. Taylor and/or DOBOR reissued the permit in the name of Defendant AOE.

In 2018, the Court held a trial on Plaintiff Barnes's maintenance and cure claim, and on October 6, 2018, issued Amended Findings of Fact and Conclusions of Law and entered judgment against the Tehani in rem and Defendant SHR in personam in the amount of $279,406.12 plus $206,281.00 in attorney's fees and $27,124.44 in costs for a total judgment of $512,811.56.[2/] See ECF Nos. 446, 447, and 517.

On December 6, 2018, the bankruptcy court issued an order in which it approved the Chapter 7 Trustee's Notice of Proposed Abandonment of the Tehani's commercial use permit. Chapter 7 Case, Dkt. No. 355. It is unclear when the Chapter 7 Trustee became aware of the commercial use permit's existence.

---

[2/] Prior to trial, the bankruptcy court determined that based upon the Ninth Circuit's decision in Barnes v. Sea Hawaii Rafting, LLC, et al., 889 F.3d 517 (9th Cir. 2018), the automatic stay did not apply to Plaintiff Barnes's in rem claims against the Tehani. Chapter 7 Case, Dkt. No. 302 at 10–11. The bankruptcy court lifted the stay as to Defendant SHR, thus allowing Plaintiff Barnes to pursue his claims against Defendant SHR in personam and his maritime lien on the Tehani. Id. at 12–13.

"Abandonment" in the bankruptcy context "is the formal relinquishment of the property at issue from the bankruptcy estate. Upon abandonment, the debtor's interest in the property is restored nunc pro tunc as of the filing of the bankruptcy petition." Catalano v. C.I.R., 279 F.3d 682, 685 (9th Cir. 2002). Accordingly, when the bankruptcy court approved the abandonment of the permit, the permit was abandoned to the debtor—Defendant SHR.

On May 22, 2019, Judge Kobayashi issued an order voiding the bankruptcy court's sale of the Tehani to Defendant AOE. See Barnes v. Field, Civ. No. 16-00230 LEK-KSC (D. Haw. 2016), ECF No. 65. This Court then ruled in a Minute Order dated July 17, 2019 (the "07/17/2019 Order"), ECF No. 585, that Judge Kobayashi's ruling caused title to the Tehani to revert to Defendant SHR. 07/17/2019 Order at 2.

Accordingly, Defendant SHR now owns the Tehani, and the Tehani is the vessel named on the permit. However, Defendant Henry and Defendant AOE, by the December 16, 2016 letter, wrongfully caused the permit to be reissued in the name of Defendant AOE. With this background in mind, the Court turns to the matter of sanctions.

**II. Sanctions**

The Court finds it appropriate to impose monetary sanctions on Defendant Henry and Defendant AOE, first because

they deliberately, recklessly, and wrongfully caused the permit to be transferred to Defendant AOE, and second because Defendant Henry and Defendant AOE's conduct has potentially jeopardized the validity of the permit and put the permit at a risk of cancellation.  At the same time, Defendant Henry and Defendant AOE have deprived Defendant SHR of an extremely valuable asset, and have therefore substantially limited Plaintiff Barnes's potential recovery of his maritime lien and judgment against Defendant SHR and the vessel Tehani.

Defendant Henry put the permit at a risk of cancellation when he moved the bankruptcy court to approve the sale of the vessel.  Hawai`i Administrative Rules § 13-231-62(b)(2) provides several scenarios where a permit "shall automatically expire[]. . . [i]f the vessel . . . operated under the commercial use permit . . . [is] sold or otherwise transferred and not replaced" according to another provision of the Hawai`i Administrative Rules.  Haw. Admin. R. § 13-231-62(b)(2)(B).  Apparently, the bankruptcy court and the Chapter 7 Trustee were unaware of the permit's existence at the time the Chapter 7 Trustee and Defendant AOE agreed on the terms of the sale, and when the bankruptcy court subsequently approved the

sale.[3/]  Because the vessel named on the permit was transferred, the permit could have automatically expired.

Therefore, the Court finds that Defendant Henry and Defendant AOE acted deliberately, recklessly, and wrongfully by causing the vessel to be sold and putting the validity of the permit at risk.

Defendant Henry also put the permit at risk when he wrote the December 16, 2016 letter to Mr. Taylor requesting a change in name from Sea Hawaii Rafting, LLC to Aloha Ocean Excursions, LLC.  Although Mr. Taylor and/or DOBOR agreed to the request, Mr. Wynhoff confirmed that "there's an issue" when asked whether he had any reason to believe that the existing permit held by Defendant AOE was valid or invalid.  Tr. at 15:9–12.  Mr. Wynhoff also testified, having read the letter into the record, "it's my belief having looked at it, that this letter is not accurate."  Tr. at 14:9–10.  Mr. Wynhoff explained that the letter is inaccurate because "Sea Hawaii Rafting, LLC was a corporation. . . .  And then Aloha Ocean Excursions, LLC was a brand new different corporation.  Both of which were controlled by Mr. Henry as far as I can tell, but the statement in here that it's just a name change does not appear to me to be

---

[3/] It does not appear that Defendant SHR ever included the commercial use permit on its bankruptcy schedules.  See Chapter 7 Case, Dkt. Nos. 11 and 24.

accurate[.]" Tr. at 14:13-18. Mr. Wynhoff's testimony unequivocally confirms that Defendant Henry's actions put the validity of the permit at risk.

Moreover, the bankruptcy court has ruled that Defendant Henry's conduct violated the automatic stay. See Chapter 13 Case, Dkt. No. 260 at 7 ("There is no doubt that Mr. Henry's conduct was unauthorized and wrongful. The automatic stay bars any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."). The Court further notes that while the bankruptcy code would have permitted the Chapter 7 Trustee to recover the permit, the Chapter 7 Trustee (and all other parties involved except for Defendant Henry and Defendant AOE) only became aware of the permit's wrongful transfer after Mr. Wynhoff disclosed the matter of the improper letter seeking transfer of the permit at the aforesaid February 28, 2019 hearing. By that time, the Chapter 7 Trustee had abandoned the permit, which means that Defendant SHR (rather than Defendant SHR's Bankruptcy Estate) is the proper owner of the permit initially issued to Defendant SHR (whatever its status might be). See Catalano, 279 F.3d at 685.

Accordingly, the Court finds that Defendant Henry and Defendant AOE acted deliberately, recklessly, and wrongfully because they again put the permit at a risk of cancellation by

- 10 -

causing it to be improperly transferred from Defendant SHR to Defendant AOE on the basis of a misrepresentation.

Defendant Henry and Defendant AOE's wrongful transfer of the permit also significantly harmed the interests of Plaintiff Barnes. Defendant Henry and Defendant AOE benefitted from the use of the permit for a period of approximately two years after the permit was improperly transferred from Defendant SHR to Defendant AOE. Moreover, this improper maneuver by Defendant Henry (the sole member of Defendant SHR) has furthered Defendant Henry's efforts to avoid paying maintenance and cure to Plaintiff Barnes (to date, Defendant Henry has paid less than $2,000 in maintenance to Plaintiff Barnes and has been credited $10,000 which was rent paid for the period Defendant AOE leased the Tehani from the Chapter 7 Trustee). Plaintiff Barnes, who now has a substantial judgment of $512,811.56 against Defendant SHR and maritime lien on the Tehani, has been ~~is~~ severely limited in enforcing that judgment and maritime lien against solely the Tehani—because the permit, which should be one of Defendant SHR's only two valuable assets (the second being the Tehani), is improperly in the name of Defendant AOE; and without the permit the Tehani cannot operate and be productive and thus is of minimal value.

Moreover, at the time the improper transfer occurred, Plaintiff Barnes had a maritime lien on the Tehani for the

payment of maintenance and cure, and there was a question at the time whether Plaintiff Barnes's maritime lien extended to the permit. Although the Court has since determined that the permit is not an appurtenance of the vessel, and therefore Plaintiff Barnes's maritime lien does not extend to the permit, title to the Tehani has reverted to Defendant SHR, and the Tehani is the vessel named on the permit.[4]/ Without the highly valuable permit, Plaintiff Barnes's recovery of his maritime lien and judgment against Defendant SHR and the vessel Tehani is substantially limited. And by exposing the permit to a risk of cancellation, Defendant AOE and Defendant Henry have potentially limited Plaintiff Barnes's recovery to the value of the vessel alone. This is particularly so given that 51 permits for the ramp at Honokohau Harbor have been issued (16 permits over the allotted 35), and there are six individuals or entities on the permit waitlist. Tr. at 9:1–12. When asked how long it would take to get a ramp permit at Honokohau Harbor, Mr. Wynhoff testified "probably never, but certainly years." Tr. at 9:15.

Therefore, the Court finds that the transfer of the permit was deliberate, reckless, and wrongful, and that it was done for an improper purpose because it potentially

---

[4]/ The U.S. Marshals have since arrested the vessel pursuant to this Court's order. ECF No. 534.

substantially limits Plaintiff Barnes's recovery of his maritime lien and judgment against Defendant SHR and the vessel Tehani.

Based upon the foregoing, the Court finds it appropriate to impose monetary sanctions against Defendant Henry and Defendant AOE. Defendant Henry and Defendant AOE acted deliberately, recklessly, and wrongfully by putting the permit at a risk of cancellation on at least two occasions—first by asking the bankruptcy court to sell the vessel without the permit; and second by causing the permit to be reissued in the name of Defendant AOE on the basis of a misrepresentation. Defendant Henry and Defendant AOE also acted wrongfully because the improper transfer of the permit has potentially significantly limited Plaintiff Barnes's recovery of his maritime lien and judgment against Defendant SHR and the vessel Tehani.

Accordingly, the Court will impose monetary sanctions against Defendant Henry and Defendant AOE because these defendants have acted deliberately, recklessly, wrongfully, and with an improper purpose, and the Court finds that this conduct "was tantamount to bad faith and therefore sanctionable" under the Court's inherent power to issue sanctions. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

Under the facts of this case, the Court concludes that the permit is improperly in the name of Defendant AOE and justice requires that the permit should be reissued in the name of Defendant SHR; however, any such determination regarding the reissuance of the permit is properly left to DOBOR.

## APPLICABLE LAW

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." Fink, 239 F.3d at 991.

The Court is imposing sanctions against Defendant Henry and Defendant AOE based upon the Court's inherent power to sanction.

In the Ninth Circuit, Courts have inherent power to levy sanctions for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." Id. (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980)). Courts' inherent power to sanction "extends to a full range of litigation abuses." Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991)).

Courts have the "inherent authority to impose sanctions for bad faith, which includes a broad range of improper conduct." <u>Fink</u>, 239 F.3d at 992. It is well-settled that "sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith." <u>Id.</u> at 994. But sanctions are also available "for a variety of types of willful actions, including <u>recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose</u>." <u>Id.</u> (emphasis added); <u>see also</u> <u>Maui Police Dept.</u>, 276 F.3d at 1108 ("[R]egardless of whether defense counsel's behavior constituted bad faith <u>per se</u>, we readily find that counsel's reckless and knowing conduct . . . was tantamount to bad faith and therefore sanctionable under the court's inherent power.").[5] The Ninth Circuit has specifically held that sanctions are appropriate when a party acts "recklessly if there

---

[5] Defendant AOE argues that, based upon the United States Supreme Court's decision in <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 49–50 (1991), a finding that Defendant Henry and Defendant AOE acted in bad faith is required before the Court can impose sanctions. <u>See</u> Defendant AOE's Sanctions Memorandum at 4. A careful reading of <u>Chambers</u> reveals that the bad faith limitation on courts' inherent authority to impose sanctions only applies to the particular sanction of attorney's fees. 501 U.S. at 50 ("There is . . . nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to <u>impose attorney's fees as a sanction for bad-faith conduct</u>.") (emphasis added). The Court is not contemplating imposing attorney's fees as a sanction.

is something more—such as an improper purpose." Fink, 239 F.3d at 993.

The Court is mindful that its inherent power to sanction must be exercised with "restraint and discretion." Maui Police Dept., 267 F.3d at 1108 (quoting Chambers, 501 U.S. at 44).

**CONCLUSION**

The Court hereby imposes monetary sanctions jointly and severally against Defendant Henry and Defendant AOE in the amount of $25,000, which shall be payable to Plaintiff Barnes. The Clerk of Court is directed to disburse the $18,000 plus interest currently held in the registry of the Court to Plaintiff Barnes as partial payment of the sanction.[6/] Defendant Henry and Defendant AOE are directed to pay the remainder of the sanction to Plaintiff Barnes no later than September 30, 2019.

The Court directs Defendant AOE and Defendant Henry to take appropriate steps to effectuate the successful transfer of the commercial use permit back to Defendant SHR. Defendant AOE and Defendant Henry are required to pay any fine or transfer fee assessed in the course of transferring the permit back to

---

[6/] Because the $18,000 plus interest will be disbursed to Plaintiff Barnes, it would appear that Plaintiff Barnes's appeal of the Court's 07/17/2019 Order is now moot. That appeal is docketed as Barnes v. Aloha Ocean Excursions, LLC, et al., Case No. 19-16484 (9th Cir. July 29, 2019).

Defendant SHR.  The Court further rules that the $25,000 sanction shall be subject to significant enhancement should the permit not be reissued to Defendant SHR.  This Order modifies and supersedes the Court's 07/17/2019 Order.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawai`i, August 29, 2019.



       _____
       Alan C. Kay
       Sr. United States District Judge

<u>Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al.</u>, Civ. No. 13-00002 ACK-RLP, Order Imposing Sanctions on Defendant Aloha Ocean Excursions, LLC and Defendant Kristin Kimo Henry.