IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CHAD BARRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEA HAWAI`I RAFTING, LLC; | ) | |
| KRIS HENRY; ALOHA OCEAN | ) | Civ. No. 13-00002 ACK-WRP |
| EXCURSIONS, LLC; JOHN | ) | |
| DOES 1-20; MARY DOES | ) | |
| 1-20; DOE CORPORATIONS | ) | |
| 1-20; DOE PARTNERSHIPS | ) | |
| 1-20; DOE ASSOCIATES | ) | |
| 1-20; DOE GOVERNMENTAL | ) | |
| AGENCIES 1-20; AND OTHER | ) | |
| ENTITIES 1-20, in personam; | ) | |
| AND M/V TEHANI, HA 1629-CP, | ) | |
| AND HER ENGINES, EQUIPMENT, | ) | |
| TACKLE, FARES, STORES, | ) | |
| PERMITS, FURNISHINGS, CARGO | ) | |
| AND FREIGHT; DOE VESSELS 1-20, | ) | |
| in rem. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER REINSTATING PLAINTIFF CHAD BARRY BARNES'S MOTION FOR
SUMMARY JUDGMENT AND TO PIERCE THE CORPORATE VEIL OF DEFENDANT
SEA HAWAII RAFTING, LLC</u>**

The Court today issued an order stating that it will impose enhanced sanctions on Defendant AOE and Defendant Henry for their noncompliance with this Court's prior directives to cause DOBOR reissue the commercial use permit from Defendant AOE back to Defendant SHR. In light of two recently-issued appellate rulings by Judge Watson in connection with Defendant SHR's Chapter 7 bankruptcy proceedings, the purpose of this separate

Order is to reinstate Plaintiff Barnes's prior motion for summary judgment, ECF No. 157, and corresponding memorandum, ECF No. 164, filed back in 2015.  In that summary judgment motion and corresponding brief, Plaintiff Barnes sought to attempt to pierce the corporate veil of Defendant SHR and thereby to hold Defendant Henry personally liable for maintenance and cure.

Several years ago, on July 1, 2015, Plaintiff Barnes filed his fourth renewed Motion for Summary Judgment to Set Maintenance Rate.  ECF No. 157.  Two weeks later, the Court issued a minute order advising that it could not proceed with any pending motions until the bankruptcy stay in place against Defendant SHR was lifted.  ECF No. 158.  The Court advised that, once the stay was lifted, the motions would automatically be reinstated.  Id.  Plaintiff Barnes then filed a "Memorandum in Response to Judge Alan C. Kay's Order Filed July 17, 2015 (Document No. 158)," in which he argued, inter alia, that "SHR and Henry are in fact, and under the law, the same person, pursuant to the doctrine of 'piercing the corporate veil.'"  ECF No. 164 at 9-10.

Although the bankruptcy stay against Defendant SHR was eventually lifted, several years of pending appeals and other hurdles prevented the motion from being reinstated.  Recently, in two decisions ruling on appeals of orders issued in Defendant SHR's bankruptcy proceedings, Judge Watson clarified that

Plaintiff Barnes could pursue his maintenance and cure claim against Defendant Henry—notwithstanding the stay and discharge of Defendant Henry in his personal bankruptcy—if Plaintiff Barnes successfully pierces Defendant SHR's corporate veil.  See Barnes v. Henry, Consolidated Case No. 1:19-cv-00210 (Doc. No. 12) (D. Haw. Jan. 13, 2020); Barnes v. Henry, Consolidated Case No. 1:19-cv-00211 (Doc. No. 12) (D. Haw. Jan. 13, 2020); see also In re Sea Hawaii Rafting, LLC, Bankr. No. 14-01520 (D. Haw. Bankr.). Specifically, if Barnes pierces the corporate veil, the legal effect would be that he then would have a maritime lien against Defendant Henry (standing in the shoes of Defendant SHR).  As Judge Watson explained, the automatic stay and discharge injunction against Defendant Henry would not prohibit Barnes from prosecuting the in rem maritime lien claim against Henry if Barnes succeeds in piercing Defendant SHR's corporate veil. Judge Watson also clarified that the recovery of the maritime lien against Defendant Henry would be limited to the value of the vessel Tehani, and not anything above and beyond that amount.

Accordingly, consistent with the above, the Court hereby reinstates Plaintiff Barnes's motion for summary judgment, ECF No. 157.  Because several years have passed since the motion was first filed, and because Judge Watson's rulings in the bankruptcy appeals provide further legal context for the scope of any recovery in the event the corporate veil is pierced,

Plaintiff Barnes is directed to file an opening brief in support of his motion.

If Plaintiff Barnes successfully pierces the corporate veil of Defendant SHR such that he may attempt to enforce his maritime lien against Defendant Henry up to the value of the vessel, the Court will rely on its determination of that value based on the appraisal process being held in connection with the imposition of enhanced sanctions. As separately discussed in the order imposing enhanced sanctions, an independent appraiser will assess (1) the value of the vessel alone and (2) the value of the vessel, including the enhanced value of the vessel operating with the commercial use permit. Each party may also file an independent appraisal by a certified appraiser, and the Court will also consider Defendant AOE's earlier appraisal, as outlined in the order imposing sanctions.

In the event Plaintiff Barnes is successful in piercing Defendant SHR's veil, the Court would then determine the value of the vessel without the commercial-use permit, after a hearing. That valuation would establish the limitation on Plaintiff Barnes's recovery of his maritime lien against Defendant Henry (standing in the shoes of Defendant SHR).

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, March 2, 2020.



_____
Alan C. Kay
Sr. United States District Judge

<u>Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al.</u>, Civ. No. 13-00002 ACK-RLP, Order Reinstating Plaintiff Chad Barry Barnes's Motion for Summary Judgment and to Peirce the Corporate Veil of Defendant Sea Hawaii Rafting, LLC.