**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAI`I**

| | | |
|---|---|---|
| **CHAD BARRY BARNES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SEA HAWAI`I RAFTING, LLC; et al.**<br><br>**Defendants.** | ) | **Civ. No. 13-00002 ACK-WRP** |

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR WRIT OF EXECUTION**

For the reasons set forth below, the Court DENIES Plaintiff Chad Barry Barnes's Motion for Order Authorizing Issuance of Writ of Execution, ECF No. 738. Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

**BACKGROUND**

On October 5, 2018, this Court issued Amended Findings of Fact and Conclusions of Law entitling Plaintiff Barnes to recover jointly and severally against Defendant Sea Hawaii Rafting, LLC ("Defendant SHR") and Defendant M/V Tehani for the amount of $279,406.12. ECF No. 446. The Amended Judgment was entered by the Clerk the next day. ECF No. 447. Plaintiff Barnes appealed the order and judgment to the Ninth Circuit on

November 2, 2018. ECF No. 461. That appeal remains pending and no party has sought a stay of enforcement of the judgment.

Both before and since the judgment was issued, this case has faced numerous delays stemming from, inter alia, two bankruptcies, several pending appeals, and other procedural complications. Plaintiff Barnes has long been seeking to enforce his judgment against Defendant SHR, when certain property was subject to a bankruptcy stay and discharge and other property—namely, the commercial-use permit previously attached to the vessel Tehani—was transferred to a different LLC.

On August 12, 2020, Plaintiff Barnes filed a Motion seeking a court order (1) authorizing issuance of a "writ of execution and levy against all real and intangible property" of Defendant SHR, (2) authorizing the U.S. Marshal to conduct an execution sale by "public auction or other method," and (3) setting a hearing date to confirm the execution sale. Mot. at 2. The Motion states:

> We are asking Judge Kay to exercise that discretion and help formulate a remedy that leads to a practical and tangible result. Barnes' goal continues to be to obtain the permit in the condition it was before Henry converted it, that is the permit should be in the name of SHR with the M/V Tehani listed as the vessel named on the permit. Barnes also wants all of the tangible property of SHR, be it computers, typewriters, desks, gears of any kind, along with the intangible assets such as

> the goodwill of the company, the website and the Commercial Use Permit.

Motion at 3; see also Decl. of Jay Friedheim, ECF No. 738-1. Defendants never filed any opposition to the Motion for Writ of Execution.

**STANDARD**

Federal Rule of Civil Procedure ("Rule") 69 governs the enforcement of a judgment. According to that Rule, writs of execution are issued consistent with state law: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1); see also Engquist v. Or. Dep't of Agric., 478 F.3d 985, 1001 (9th Cir. 2007) (explaining that Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits" (citing Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998))).

Under federal and Hawaii law, money judgments are enforced by a writ of execution:

> Every district judge at the request of the party recovering any civil judgment in the judge's court, unless the judgment is duly appealed from, shall issue the judge's

> execution against the property of the party recovered against, which execution may be in the form established by the usage and practice of the issuing court and may be directed to any police officer of the judicial circuit in which the district court is situated; provided the defendant or any of the defendants is a resident of the circuit.

Haw. Rev. Stat § 651-32; see also Fed. R. Civ. P. 69(a)(1). A writ of execution on the property of a debtor-defendant must comply with the statutory requirements of Hawaii Revised Statutes §§ 651-34, 651-36, 651-37. There is no specific requirement in Hawaii that the writ itself precisely identify the property to be levied on. See Ditto v. McCurdy, 102 Haw. 518, 524, 78 P.3d 331, 337 (2003). Pursuant to § 651-34, the writ of execution must be made returnable within sixty days.

**DISCUSSION**

The Court begins by noting that the pending appeal of the judgment in the Ninth Circuit is not itself a reason to decline to issue the writ of execution. See TSA Intern. Ltd. v. Shimizu Corp., 92 Haw. 243, 265, 990 P.2d 713, 735 (1999). A writ of execution can be denied because of an appeal only if there is a stay issued on the judgment. See Haw. R. Civ. P. 62(d) ("When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay."); see also Berry v. Haw. Express Serv., Inc., No. CV 03-00385 DAE-LEK, 2008 WL 11348380,

at *2–3 (D. Haw. May 6, 2008). Here, there is no stay on enforcement of the judgment, so the Court cannot decline to issue the writ merely because of the pending appeal.[1/]

There are other problems with Plaintiff Barnes's Motion, however, which prevent the Court from granting the Motion in its current form. For example, although it is not clear from the wording of the Motion specifically what Plaintiff Barnes is seeking, the Court cautions that a writ of execution cannot be issued against the vessel Tehani. First, the vessel is subject to a priority maritime lien. And second, the vessel is currently under arrest and in the custody of the U.S. Marshal.[2/] It is "well settled" in Hawaii that property in legal custody is not subject to "attachment, garnishment, levy of execution, lien of creditors' bill or other process." Bank of Haw. v. Benchwick, 249 F. Supp. 74, 79–80 (D. Haw. 1966). Next, no matter how Plaintiff Barnes words his request, the Court cannot issue a writ of execution on property that indisputably is not owned by debtor-Defendant SHR. The Motion for Writ of Execution seems to appeal to this Court's discretion in an apparent attempt to obtain a writ to execute on the commercial-

---

[1/] The Court notes, however, that Plaintiff's counsel Jay Friedheim in his sworn declaration to this Court misrepresents the fact that the judgment is indeed on appeal. See Friedheim Decl. ¶ 5 ("The Judgement has not been appealed and is and remains in full force and effect against Defendant SHR.").

[2/] A stay is in place as to the interlocutory sale or posting of a bond to have the vessel released. See ECF No. 739.

use permit. That is despite the fact that Plaintiff Barnes admits that the permit is not in SHR's name. See Mot. at 3 ("Barnes' goal continues to be to obtain the permit in the condition it was before Henry converted it, that is the permit should be in the name of SHR with the M/V Tehani listed as the vessel named on the permit." (emphasis added)). Because Defendant SHR does not own the permit, the Court declines to authorize a writ of execution against that property.[3/]

Finally, the Court declines to authorize a writ of execution at this time because the Motion contains other technical problems. For one, it does not include the proposed writ. If Plaintiff Barnes re-files a motion seeking a writ, he must file with it a proposed form of writ that, if granted, would then be provided to Marshal for execution. The writ must comply with the statutory requirements noted above and, contrary to Plaintiff Barnes's request that the writ be returnable indefinitely, the writ of execution must be returnable within sixty days pursuant to the statute. Haw. Rev. Stat. § 651-34. The refiled motion should also include a proposed order for this Court's signature authorizing issuance of the writ of execution.

[3/] Not to mention, the Court has been imposing other relief to address the wrongful transfer of the commercial-use permit, such as by assessing significant sanctions and enhanced sanctions on Defendant Henry and Defendant AOE to compensate Plaintiff Barnes for the resulting loss. See ECF Nos. 608 & 657.

In addition, Plaintiff Barnes's Motion appears to be somewhat vague. He has not indicated the location for any of the assets he references. Even if Plaintiff Barnes is ultimately entitled to a writ of execution to enforce the judgment against Defendant SHR through its tangible and intangible property—assuming any exists outside the bankruptcy estate—he cannot place the onus on the Court or the Marshal to locate and identify the personal property Defendant SHR owns. When Plaintiff Barnes re-files his motion and includes the proposed writ, it should comply with the form and contents that are statutorily required under. See Ditto, 102 Haw. At 524, 78 P.3d at 337 (discussing the "express statutory requirements under part II of the HRS chapter 651 as to the form and content of a writ of execution"); see also Berry, 2008 WL 11348380, at *3 (advising the judgment creditor to provide more details about the location of the property to be subject to execution).

With that in mind, the Court finds that Plaintiff Barnes's writ must be "far more specific with respect to the Plaintiff's property that it seeks to have the writ of execution pertain to" than the instant Motion. Berry, 2008 WL 11348380, at *3. Plaintiff Barnes must "explain the location of such property, such that the writ can actually be executed." Id. In addition, as stated above, Plaintiff Barnes must provide a proposed writ and order authorizing the issuance of the writ,

prepared for this Court's signature. The Court reiterates that Plaintiff Barnes is not entitled to enforce his judgment through a writ of execution on the vessel Tehani because of (1) the superior maritime lien and (2) the fact that the vessel is in the custody of the U.S. Marshal, nor can he obtain a writ of execution against property not owned by debtor-Defendant SHR (i.e., the commercial-use permit).

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff Barnes's Motion for Writ of Execution. The Motion is denied without prejudice and any future motion seeking authorization for issuance of a writ of execution must rectify the shortcomings identified in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, August 27, 2020.




Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order Denying Plaintiff's Motion for Writ of Execution