IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHAD BARRY BARNES,<br><br>      Plaintiff,<br><br>   v.<br><br>SEA HAWAI`I RAFTING, LLC;<br>et al.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>  Civ. No. 13-00002 ACK-WRP |

**ORDER GRANTING DEFENDANTS KRIS HENRY, INC., R.S. MARLIN INC. DBA ALI`I OCEAN TOURS, AND MARY LYN OGLETREE'S MOTION TO DISMISS COUNTS V AND VI OF THE THIRD AMENDED COMPLAINT (ECF NO. 713)**

The parties have been litigating this case since 2013. What began as a seemingly common maritime case was then complicated by two bankruptcies and several novel legal questions at the intersection of bankruptcy and admiralty law. Putting aside most of those complex—and in some cases still-unresolved—issues, now before the Court is a Motion to Dismiss filed by three of the six named Defendants:  Kris Henry, Inc.; R.S. Marlin Inc. dba Ali`i Ocean Tours; and Mary Lyn Ogletree (together, the "Moving Defendants").  The Moving Defendants ask the Court to dismiss counts V (intentional infliction of emotional distress) and VI (accounting) against them.  For the reasons discussed below, the Court GRANTS the Moving Defendants'

- 1 -

Motion to Dismiss Counts V and VI of the Third Amended
Complaint, ECF No. 713 ("Motion").

## BACKGROUND

For purposes of this Order, the Court will not recount
this case's lengthy procedural history.  The Court only
discusses those facts and events of specific relevance to the
issues that this Order addresses.

### I.   Procedural History

Even though this case has been pending for almost eight
years, the operative complaint was just filed in May of this
year.  Plaintiff Barnes first moved for leave to amend his claims
in March.  ECF Nos. 662 & 671.  In his proposed complaint, he
sought to name four new Defendants, including the three Moving
Defendants.  ECF No. 671-2.  Relevant here, he also sought to add
the following claims:  (1) a claim for intentional infliction of
emotional distress ("IIED") against Defendant Sea Hawai`i
Rafting, LLC ("Defendant SHR") and Defendant Aloha Ocean
Excursions LLC ("Defendant AOE"), ECF No. 671-2 at 16-17; and (2)
a claim for accounting against the three Moving Defendants, id.
at 7, 17-18.

On May 11, Magistrate Judge Porter granted in part and
denied in part Plaintiff Barnes's motion for leave to file a
third amended complaint.  ECF No. 676 (the "MJ Order").

Pertinent here, Judge Porter granted Plaintiff Barnes leave to (1) "add a claim for intentional infliction of emotional distress against Defendant SHR and Defendant AOE," and (2) "add a claim for accounting against Mary Lyn Ogletree, Kris Henry, Inc., and Ali`i Ocean Tours." Id. at 15.  Plaintiff filed his amended complaint, ECF No. 677, on May 26, 2020, and an errata to the complaint, ECF No. 679 ("Third Amended Complaint" or "3AC") three days later.  On July 10, the Moving Defendants filed the pending Motion to Dismiss.  Plaintiff Barnes filed his Opposition on July 15, ECF No. 715, and the Moving Defendants filed their Reply on September 16, ECF No. 747.  A telephonic hearing on the Motion was held on September 30.

## II.  Factual Allegations

Plaintiff Barnes is a seaman who was injured in 2012 when the boat on which he was working, the M/V Tehani, exploded. Plaintiff Barnes initially brought this lawsuit seeking the maritime remedy of maintenance and cure, among other relief. This Motion involves an ongoing dispute over a commercial-use boating permit that used to be owned by Defendant SHR and associated with the M/V Tehani but was wrongfully and in bad faith transferred to Defendant AOE.[1]  See 3AC ¶ 7 (alleging

_____

[1]  Without getting into the specifics of this dispute over the permit, which are outside the bounds of the Complaint allegations, the Court notes that these issues have been the subject of compensatory sanctions imposed on (Continued . . . )

"matters that relate to the alleged misappropriation of the commercial use permit and its further use by current Defendants and the [Moving Defendants]").

The Third Amended Complaint alleges two claims against the Moving Defendants:  (1) intentional infliction of emotional distress and (2) accounting.  In support of those claims, the Third Amended Complaint asserts that the Moving Defendants worked with Defendant Henry to use and profit from the wrongfully-transferred commercial-use permit.  3AC ¶ 18.  Defendant Ogletree in particular had "some kind of social and /or personal relationship" to Defendant Henry and Defendant Kris Henry, Inc., id. ¶ 24, and "worked in collusion" with Defendant Henry to earn money from the commercial-use permit "rightfully belonging to SHR," id. ¶ 15, by "passing the funds" through the other Moving Defendants, id. ¶ 17.

---

Defendant AOE and Defendant Henry.  See ECF Nos. 608, 657, & 739.  In the course of imposing those sanctions, the Court made express findings that Defendant AOE and Defendant Henry's transfer of the permit from Defendant SHR was wrongful and akin to bad faith.  See id.

**STANDARD**

## I.   Rule 12(d)

Although the Moving Defendants brought their Motion under Federal Rule of Civil Procedure ("Rule") 12(b)(6), they included evidence and indicated that the Motion should be converted under Rule 12(d) into one seeking summary judgment. Mot. at 3.  Plaintiff Barnes likewise treated the Motion as one for summary judgment under Rule 12(d) and filed evidence along with his Opposition.  See Opp. at 4.

Rule 12(d) provides that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  "Whether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court."  Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015).  "[A] district court is not obliged to convert a 12(b)(6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint."  United States v. International Longshoremen's Ass'n, 518 F. Supp. 2d 422, 451 (E.D.N.Y. 2007).

Even though both parties here have submitted evidence outside the pleadings and acknowledged that the Motion could be converted under Rule 12(d), see Mot. at 3 & Opp. at 4, the Court

- 5 -

exercises its discretion and declines to convert the Motion.
The Court finds conversion of the Motion to dismiss into one for
summary judgment inappropriate in these circumstances for a few
reasons.  For one, although this case has been in litigation for
several years, the three Moving Defendants were just recently
named in the lawsuit.  As a result, no discovery has been
conducted involving those Defendants in the context of the
claims asserted against them in the Third Amended Complaint.
The evidence submitted by the parties is also minimal,
incomplete, and unnecessary.[2/]  The Moving Defendants provide a
simple declaration effectively denying Plaintiff Barnes's
allegations, without providing documents or other evidence;
Plaintiff Barnes's evidence in response focuses on establishing
some meaningful connection or relationship between the Moving
Defendants and Defendant Henry to substantiate his complaint

---

[2/]  Other district courts have similarly found cases in the early stages
with little discovery between the parties and scant evidence submitted by the
parties to be inappropriate for conversion under Rule 12(d).  See, e.g.,
Young v. City of Visalia, 687 F. Supp. 2d 1141, 1143 (E.D. Cal. 2009)
(declining to convert motion and review evidence where defendants filed a
12(b)(6) motion but included declarations and sought conversion under 12(d));
Johnson v. Mobile Cty. Sheriff Dep't, No. CIV.A.06 0821 WS B, 2007 WL
2023488, at *2 (S.D. Ala. July 9, 2007) ("At this time, it would be
inappropriate to perform such a conversion, inasmuch as this action is in its
infancy and the parties are ill-equipped at this early stage of the
proceedings to present all the evidence that would be required for a proper
Rule 56 review."); Grillo v. John Alden Life Ins. Co., 939 F. Supp. 685, 686
(D. Minn. 1996) (declining to consider affidavits submitted with motion to
dismiss and concluding that "the parties are in no position to present all
material pertinent to a motion for summary judgment"); see also Shaver v.
Operating Eng'rs Loc. 428 Pension Tr. Fund, 332 F.3d 1198, 1201 (9th Cir.
2003) (affirming district court's decision to exclude evidence that merely
substantiated the plaintiff's allegations).

allegations.  See Shaver v. Operating Eng'rs Loc. 428 Pension Tr. Fund, 332 F.3d 1198, 1201 (9th Cir. 2003) (holding that the district court properly declined to review evidence and convert motion because the submitted evidence was "superfluous because the non-moving party does not have to substantiate its allegations; the Court presumes everything it claims is true anyway").

Finally, the Court declines to convert the Motion under Rule 12(d) to avoid creating unnecessary procedural problems.  The Moving Defendants seek dismissal of one of the claims (IIED) on procedural rather than substantive grounds, making it unsuitable for disposal on summary judgment. Specifically, the Moving Defendants argue that Count V should be dismissed pursuant to Rule 15—which governs leave to amend— because it exceeded the scope of leave granted by the Magistrate Judge.  Thus, besides being unnecessary because the Motion can be decided under Rules 12(b)(6) and 15(a), converting the Motion to one for summary judgment would create procedural problems that neither party has addressed.

For those reasons, considering extrinsic evidence and converting the Motion to Dismiss at this stage would be premature and inappropriate.  The Court therefore exercises its discretion and declines to convert the Motion to a Rule 56 motion for summary judgment.  Instead, the Court looks to the

face of the Third Amended Complaint and applies the proper Rule 12(b)(6) standard.

## II.  Rule 12(b)(6)

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff.  Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  Mere conclusory statements in a complaint or "formulaic recitation[s] of the elements of a cause of action"

are not sufficient.  Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.  Thus, the Court discounts conclusory statements, which are not entitled to a presumption of truth, before determining whether a claim is plausible.  Iqbal, 556 U.S. at 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.  However, "[d]ismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).

## DISCUSSION

As mentioned, the Complaint asserts two claims against the Moving Defendants, which the Court will address in turn.

### I.   Count V — IIED

Count V of the Third Amended Complaint asserts a claim for intentional infliction of emotional distress against the Moving Defendants, as well as against Defendants Henry, AOE, and SHR.  It alleges that those Defendants breached a "duty to avoid causing [Plaintiff Barnes] undue emotional distress" and that Plaintiff Barnes suffered damages as a result of the breach. 3AC ¶¶ 62-63.  The Moving Defendants argue that Count V should be dismissed against them because Plaintiff Barnes did not have leave to file that claim against them.  The Court agrees.

Rule 15 governs amendment of pleadings and states that a party may amend a pleading once as a matter of course within twenty-one days of serving it, or after service of a responsive pleading or motion if one is required, whichever is earlier. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend a pleading only with the opposing party's written consent or with leave of court.  Id. 15(a)(2).

When Plaintiff Barnes sought leave of court to amend his claims, he specifically sought leave to assert his IIED claim against Defendant SHR and Defendant AOE (as well Defendant Henry, against whom the claim was already asserted).  See ECF No. 671-2 ¶ 63 ("Defendant Henry, SHR and AOE owed the Plaintiff a duty to avoid causing him undue emotional distress."); id. ("As a proximate result of HENRY's SHR and AOE [sic] intentional actions and omissions, HENRY, SHR and AOE has [sic] inflicted severe mental and physical distress, anxiety, fear, embarrassment, shock, and indignity on Plaintiff BARNES . . . ." (emphasis added)); see also MJ Order at 14 ("Plaintiff seeks leave to add Defendant SHR and Defendant AOE to his claim for intentional infliction of emotional distress, which is currently only asserted against Defendant Henry.").  The Magistrate Judge granted Plaintiff Barnes's request for leave to "add a claim for intentional infliction of emotional distress against Defendant SHR and Defendant AOE."  MJ Order at 15 (emphasis added).

- 10 -

Because the Magistrate Judge did not grant leave for Plaintiff Barnes to bring new claims against new Defendants, Barnes's attempt to assert an IIED claim against the Moving Defendants fails.  Generally speaking, amended pleadings may not exceed the scope of leave granted by the district court.  When leave is granted to amend certain claims against specific parties, the Court may dismiss and strike any portions of the amended pleading not expressly permitted.  See Raiser v. City of Los Angeles, No. CV 13-2925 RGK RZ, 2014 WL 794786, at *4 (C.D. Cal. Feb. 26, 2014); see also Fed. R. Civ. P. 15(a).  "The rule applies even if the court did not expressly bar amendments other than the one(s) it did allow."  Raiser, 2014 WL 794786 at *4 (citing FDIC v. Kooyomjian, 220 F.3d 10, 15 (1st Cir. 2000)).

That rule is particularly compelling here, considering that the amendment at issue comes almost eight years after the original suit was filed.  In short, Plaintiff Barnes has made changes that he was not permitted to make.  In fact, Plaintiff Barnes never even bothered to ask for leave to make the addition, or any addition that would entitle him to seek damages from the Moving Defendants.

Because Plaintiff Barnes did not have the right to assert new claims against new defendants in his Third Amended Complaint, the Court DISMISSES the newly-asserted IIED claim

without prejudice.[3/]   Accordingly, the Court strikes from paragraphs 62 and 63 of the Third Amended Complaint any references to Defendant Kris Henry, Inc., Defendant Ali`i Ocean Tours, and Defendant Ogletree.  In other words, those paragraphs are stricken to the extent that they assert an IIED claim against the Moving Defendants.[4/]

## II.   Count VI — an Accounting

Count VI of the Third Amended Complaint pleads "as a distinct cause of action" a claim for accounting.  3AC ¶ 23.  It "demands a full and complete accounting of all funds" that Defendants "have generated from the use in any way of the Tehani and the commercial use permit and the use of the M/V Wiwo`ole in relationship to the use of the permit which now lists M/V Wiwo`ole as the vessel attached to[] [t]he permit."  3AC ¶ 64; see also 3AC ¶ 23.  As discussed above, despite the extraneous

---

[3/] The Moving Defendants argue that any claim for damages against them should be stricken because the MJ Order only granted Plaintiff Barnes leave to seek the equitable remedy of judicial accounting, not any legal damages. Plaintiff Barnes did not respond to this argument in his Opposition.  The Court has held that the only legal claim asserted against the Moving Defendants must be dismissed because it was outside the scope of leave granted by the Magistrate Judge.  Thus, there indeed is no basis for damages against the Moving Defendants and that portion of the prayer for relief is stricken.

[4/] The Moving Defendants also seek Rule 11 sanctions, asking the Court to issue an order to show cause why Plaintiff Barnes's inclusion of the IIED claim against the Moving Defendants does not violate Rule 11(b).  The Court declines to impose Rule 11 sanctions.  Although Plaintiff Barnes included the IIED claim improperly, it was not—in the Court's view—presented to "harass, cause unnecessary delay, or needlessly increase the cost of litigation."  See Fed. R. Civ. P. 11(b).  In any event, the major issue raised by the Moving Defendants' Motion is the accounting claim, which Plaintiff Barnes was allowed to assert.

evidence submitted by the parties, the Court exercises its discretion not to rely on that material.  Looking to the Third Amended Complaint on its face, the Court holds that the allegations do not adequately state an independent claim for relief against the Moving Defendants.

The action of accounting is an equitable remedy.  It is "designed to provide a remedy to compel a person who, by virtue of some confidential or trust relationship, has received or been entrusted with money or property belonging to another or which is to be applied or disposed of in a particular manner, to render an account thereof." Gaspar v. Bank of Am., N.A., Civ. No. 10-00323 JMS/BMK, 2010 WL 4226466, at *7 (D. Haw. Oct. 18, 2010); see also Block v. Lea, 5 Haw. App. 266, 277-278, 688 P.2d 724, 732-33 (Ct. App. 1984).  A "necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies is . . . the absence of an adequate remedy at law." Porter v. Hu, 116 Haw. 42, 55, 169 P.3d 994, 1007 (Ct. App. 2007) (quoting Bd. of Dirs. of the Ass'n of Apartment Owners of Regency Tower Condo. Project v. Regency Tower Venture (Regency Tower Venture), 2 Haw. App. 506, 513, 635 P.2d 244, 249 (1981)).  The Moving Defendants argue that there is no legal basis for a claim for accounting because (1) there was no confidential or trust relationship between Plaintiff Barnes and the Moving Defendants, nor did the Moving Defendants

receive any money or property belonging to Plaintiff Barnes, and (2) Plaintiff Barnes has an adequate remedy at law.  See Mot. at 3.

Plaintiff Barnes premises his request for an accounting on the Moving Defendants' relationship with Defendant Henry, and their "use [of] the permit that [Defendant] Henry improperly converted from the Sea Hawai`i Rafting LLC to earn significant amounts of money."  3AC ¶ 18.  As to Defendant Ogletree, the Third Amended Complaint alleges that she has "some kind of social and /or personal relationship" to Defendant Henry and Defendant Kris Henry, Inc., and that she "worked in collusion" with Defendant Henry to earn money through the use of the commercial-use permit.  3AC ¶¶ 15, 17, 24.  Defendant Ogletree worked with Defendant Henry to earn money and to hide those profits by "passing the funds through" the other Moving Defendants.  3AC ¶ 17.  As to Defendant Ali`i Ocean Tours, the Third Amended Complaint alleges simply that it is "involved in some fashion with the events described in this pleading."  3AC ¶ 25.

The Third Amended Complaint contains no facts explaining why Plaintiff Barnes is entitled to an equitable accounting from the Moving Defendants.  While not entirely clear, Plaintiff Barnes's theory appears to be that he is entitled to an accounting because the various Defendants have

profited from—or helped Defendant Henry profit from—the use of the commercial-use permit.  As stated above, judicial accounting is an equitable remedy meant to compel "a person who, by virtue of some confidential or trust relationship, has received or been entrusted with money or property belonging to another or which is to be applied or disposed of in a particular manner." Gaspar, 2010 WL 4226466 at *7.

The Third Amended Complaint does not allege—either explicitly or implicitly—any "confidential or trust relationship" between Plaintiff Barnes and the Moving Defendants.[5]  Indeed, the Complaint allegations, as well as Plaintiff Barnes's arguments in his Opposition, focus on the relationship between the Moving Defendants and the other Defendants.[6]  Even those allegations are vague and tenuous, at best.[7]  See, e.g., 3AC ¶ 24 (alleging "some kind of social and

_____

[5]  Some courts have compared the "confidential or trust" relationship to a fiduciary one.  See, e.g., Lindsey v. Meridias Capital, Inc., No. CIV. 11-00653 JMS, 2012 WL 488282, at *6-7 (D. Haw. Feb. 14, 2012) (collecting fiduciary duty cases and holding that there is no "confidential or trust relationship" between a mortgagor and a mortgagee "unless the mortgagee exceeds its role as a lender of money").

[6]  At the hearing, counsel for both Plaintiff Barnes and the Moving Defendants likewise focused on the relationship between those Defendants and other Defendants.  Again, that is not the relevant question for deciding whether Plaintiff Barnes is entitled to an accounting remedy.

[7]  Even at the pleading stage, such vague allegations are insufficient. In Lee v. Mortg. Electronic Registration Sys., Inc., Civ. No. 10-00687 JMS/BMK, 2012 WL 2467085 (D. Haw. June 27, 2012), another judge in this district dismissed without leave to amend an accounting claim brought against a bank and Mortgage Electronic Registration Systems, Inc. ("MERS") in a non-judicial foreclosure case.  Id. at *7.  The complaint alleged breach of contract and other wrongdoing by MERS in connection with the foreclosure, and (Continued . . . )

/or personal relationship" between Defendant Ogletree and Defendant Henry); id. ¶ 25 (alleging that Defendant Ali`i Ocean Tours is "involved in some fashion with the events described in this pleading").  The Court understands that Plaintiff Barnes has not conducted discovery to glean details about those relationships between the various Defendants, but that does not excuse the fact that there are no allegations of a "confidential or trust relationship" between the parties that matter for purposes of the analysis:  Plaintiff Barnes and the Moving Defendants.  In any event, the Court also agrees with the Moving Defendants that the case law requires something more than a simple business connection to entitle a plaintiff to a judicial accounting.

Also absent from the Third Amended Complaint is any allegation that the Moving Defendants ever received or were entrusted with money or property belonging to Plaintiff Barnes. The closest the Complaint gets to any such allegation is the assertion that the Defendants profited from the use of the

---

included a claim for accounting.  Id.  The accounting claim alleged that the bank and MERS were "co-conspirators" "unjustly enriched by MERS' material breach of contract . . . entitling Plaintiff to a full accounting of such ill gotten profits and all such unjust enrichment . . . ."  Id.  In dismissing the accounting claim, the court held that the allegations left "wholly unanswered" what exactly the bank did that was the basis for any claim or how it acted as a co-conspirator.  Id. (noting that "[t]he FAC includes no allegations of any wrongdoing by [the bank]").  Moreover, beyond that "basic pleading deficiency," the court cited other cases in this district holding that "a claim for an 'accounting' fails as a matter of law."  Id. (collecting cases).

commercial-use permit.  But the permit never belonged to Plaintiff Barnes, and he does not allege as much.[8/]  Indeed, the Third Amended Complaint asserts that the permit "rightfully" belonged to Defendant SHR (not Plaintiff Barnes) and was then transferred to Defendant AOE.  3AC ¶ 15.  Accordingly, Plaintiff Barnes's accounting claim fails in substance for the two independent reasons that (1) it does not allege a "confidential or trust relationship" between the Moving Defendants and Plaintiff Barnes, and (2) it does not allege that the Moving Defendants received or were entrusted with any money or property belonging to Plaintiff Barnes.

The Moving Defendants' second argument is that an accounting is not necessary because Barnes has an adequate remedy at law.  Mot. at 3.  Again, the Court agrees; but with the qualification that Plaintiff Barnes asserts no other claim from which damages might be recovered from the Moving Defendants.  "The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law.  Barranco v. 3D Sys. Corp., No. CV 13-00412 LEK-RLP, 2017 WL 1900970, at *4 (D. Haw. May 9, 2017).  Plaintiff Barnes

---

[8/]  The Court notes once more that this issue has been the subject of sanctions against Defendant Henry and Defendant AOE, but there is no allegation in this case that the permit ever was owned by or belonged to Plaintiff Barnes.

has pleaded no factual allegations from which the Court can infer that he lacks an adequate remedy at law.

The information sought in the accounting claim is accessible to Plaintiff through the normal discovery process. See Didion Milling, Inc. v. Agro Distrib., LLC, Case No. 05-C-227, 2007 WL 702808, at *11 (E.D. Wis. March 2, 2007) ("Although an accounting cause of action was traditionally utilized as a means of obtaining access to relevant records, the need for a party to pursue an accounting cause of action in order to obtain such access has been greatly minimized in light of the modern federal discovery rules."). Most notably—as the Moving Defendants point out—Plaintiff Barnes could third-party subpoena the Moving Defendants for records related to these business and financial activities. And to the extent that Defendant Ogletree or other Moving Defendants were involved in Defendant Henry and Defendant AOE's business practices, such information could be sought in discovery. Likewise, this Court has repeatedly suggested ways for Plaintiff Barnes to pursue discovery from the previously-named Defendants, including by offering him another opportunity to seek the information when the Court imposed sanctions on Defendant Henry and Defendant AOE for wrongfully transferring the permit.

In any event, other judges in this district regularly reject standalone accounting claims, characterizing accounting

- 18 -

as a remedy, not an independent cause of action.  See, e.g.,

Amina v. WMC Fin. Co., 329 F. Supp. 3d 1141, 1158 (D. Haw. 2018)

(holding that accounting claim sought a remedy but was not a

stand-alone claim, and noting that the plaintiff cited "no

authority for any independent cause of action for an

accounting"), aff'd on other grounds, 812 Fed. App'x 509 (9th

Cir. July 10, 2020); Gray v. OneWest Bank, Fed. Sav. Bank, No.

CIV. 13-00547 JMS, 2014 WL 3899548, at *14 (D. Haw. Aug. 11,

2014) (rejecting claim for accounting and noting that "Plaintiff

may seek such information through discovery as opposed to a

claim for relief"); Lee v. Mortg. Electronic Registration Sys.,

Inc., Civ. No. 10-00687 JMS/BMK, 2012 WL 2467085, at *7 (D. Haw.

June 27, 2012) ("[T]his court has already explained that a claim

for 'accounting' fails as a matter of law."); Lindsey v.

Meridias Capital, Inc., No. CIV. 11-00653 JMS, 2012 WL 488282,

at *7 (D. Haw. Feb. 14, 2012) (finding that plaintiffs were not

entitled to an equitable accounting because "if they are able to

state a claim upon which relief may be granted, they may seek

such information through discovery"); Gaspar, 2010 WL 4226466 at

*7 (finding that "a claim for an 'accounting' fails as a matter

of law").

Plaintiff Barnes in his Opposition cites no cases to

support his independent claim for accounting.  See Opp. at 4-8.

The case often relied on to support an accounting remedy under

Hawai`i law is <u>Porter v. Hu</u>, 116 Haw. 42, 169 P.3d 994 (Ct. App. 2007). <u>Porter</u> involved breach of contract and other misconduct allegations brought by insurance agents against a parent insurance company. <u>Id.</u> at 55-56, 169 P.3d at 1007-08 (discussing allegations that an agent "wrongfully lost his book of business as a result of the parent insurer's misconduct"). The Hawai`i Intermediate Court of Appeals (the "ICA") held that the trial court did not abuse its discretion by awarding equitable relief for an "unjust enrichment/accounting" claim even though the plaintiff-agents had recovered some contract damages. <u>Id.</u> at 51, 55-56, 169 P.3d at 1003, 1007-08.

<u>Porter</u> does not save Plaintiff Barnes's accounting claim here. For one, the claim in <u>Porter</u> was framed as "unjust enrichment/accounting." <u>Porter</u>, 116 Haw. at 51, 169 P.3d at 1003. In other words, accounting was not asserted as a standalone claim. Moreover, the jury trial and the trial court's factual findings established wrongdoing on the part of the defendant insurer. <u>See id.</u> at 55-56, 169 P.3d at 1007-08. The trial court then found that remedy at law was inadequate, so "imposed an equitable remedy upon determining that the contract remedies did not adequately address Defendants' unjust enrichment (a matter within the circuit court's discretion)." <u>Id.</u> Here, Plaintiff Barnes asserts no claim—either legal or equitable—against the Moving Defendants from which damages might

be recovered, such as the unjust enrichment or the contract and tort claims in <u>Porter</u>.

Finally, nothing in the ICA's decision in Porter addresses whether an accounting was ever even imposed as a remedy.  To the contrary, the trial court awarded the plaintiff-agents equitable <u>damages</u> as restitution.  <u>Porter</u>, 116 Haw. at 56, 169 P.3d at 1008.  The ICA decision says nothing about bringing a standalone accounting cause of action absent other claims or allegations of specific wrongdoing.  For those reasons, <u>Porter</u> is distinguishable from the case here, and Plaintiff Barnes has not provided any argument persuading the Court that he is entitled to an equitable accounting against the Moving Defendants.[9/]

For the foregoing reasons, the accounting claim is dismissed against the Moving Defendants WITH PREJUDICE, as the Court concludes that the accounting claim could not be saved by amendment.

---

[9/]   A recent Ninth Circuit decision applying Hawai`i law also distinguished <u>Porter</u> and its implications for the availability of equitable relief.  The panel noted that even though some Hawai`i cases have made equitable relief available even where there is a contract remedy, those cases are inapposite where the plaintiff "did not elect to bring claims for unjust enrichment or breach of the duty of loyalty."  <u>See</u> <u>Barranco v. 3D Sys. Corp.</u>, 952 F.3d 1122, 1130 (9th Cir. 2020).

## CONCLUSION

For above-stated reasons, the Court GRANTS Defendants Kris Henry, Inc., R.S. Marlin Inc. dba Ali`i Ocean Tours, and Mary Lyn Ogletree's Motion to Dismiss Counts V and VI of the Third Amended Complaint, ECF No. 713, as follows:

1.  Count V (intentional infliction of emotional distress) is DISMISSED WITHOUT PREJUDICE as against the Moving Defendants.  Paragraphs 62 and 63 of the Third Amended Complaint are STRICKEN to the extent that they contain any references to the Moving Defendants.  The prayer for relief is STRICKEN to the extent that it pleads damages from the Moving Defendants.

2.  Count VI (accounting) is DISMISSED WITH PREJUDICE as against the Moving Defendants.  The prayer for relief is STRICKEN to the extent that it pleads an accounting from the Moving Defendants.

If Plaintiff wishes to amend the Third Amended Complaint by asserting an IIED claim and/or other claims against the Moving Defendants, he must seek approval to do so by the Magistrate Judge within 30 days of issuance of this Order.  Any proposed amendments must strictly comply with Rule 15 and Local Rule 10.4.  The proposed complaint must include all of the claims that Plaintiff Barnes wishes to pursue, as well as all of the allegations that his claims are based upon, even if he previously presented these allegations in the Third Amended

Complaint.  Plaintiff cannot incorporate by reference any part of the prior complaints into the proposed amended complaint.

The Court cautions Plaintiff Barnes that if he fails to seek leave to assert his IIED claim within 30 days, the Court will dismiss that claim with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, October 7, 2020.

_____
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawai`i Rafting, et al., Civ. No. 13-00002 ACK-RLP, Order Granting Defendants Kris Henry, Inc., R.S. Marlin Inc. dba Ali`i Ocean Tours, and Mary Lyn Ogletree's Motion to Dismiss Counts V and VI of the Third Amended Complaint (ECF No. 713).