```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF HAWAI`I
```

|  |  |
|---|---|
| CHAD BARRY BARNES,<br><br>      Plaintiff,<br><br>  v.<br><br>SEA HAWAI`I RAFTING, LLC;<br>et al.<br><br>      Defendants. | Civ. No. 13-00002 ACK-WRP |

**ORDER REGARDING PAYMENT OF ENHANCED SANCTIONS**

On November 11, 2020, Defendant Kris Henry and Defendant Aloha Ocean Excursions LLC ("AOE") (together referred to as "Defendants") filed a Motion seeking to pay the $40,000 in Court-ordered enhanced sanctions regarding the wrongful commercial-use permit transfer (the "permit sanctions") under an installment plan because they are purportedly unable to pay the full sanctioned amount at one time due to their financial condition resulting from the COVID-19 pandemic and current economic and tourism downturn.  ECF No. 794; see also ECF No. 776.  This Order addresses that Motion, as well as Defendants' additional request to include in the installment plan the custodial costs and attorney's fees awarded as further enhanced sanctions (respectively, the "custodial cost sanctions" and the "attorney's fee sanctions").  ECF No. 810.

- 1 -

## BACKGROUND

In the original Motion, Defendants asked the Court to allow them to pay the $40,000 portion of the enhanced sanctions imposed by ECF No. 776, accounting for the loss to Plaintiff Barnes for the value of the commercial-use permit (the permit sanctions), in an installment plan over time.  ECF No. 794 at 2-3.  They represent that they have faced substantial economic challenges in light of the COVID-19 pandemic and resulting economic downturn.  Id.  Defendants propose that they pay "$10,000 up front with monthly payments of $500 until the sanction is paid off, with the option to pay the full balance at any time without penalty if economic circumstances improve."  Id.

The day after the Motion was filed, the Court advised the parties that it intends to decide the Motion without a hearing and directed Plaintiff Barnes to file a response.  ECF No. 796.  Plaintiff Barnes filed a response to the Motion on November 16, in which he objected to any installment plan or delayed payment.  ECF No. 798.  The Court then directed Defendants to make the up-front $10,000 payment by November 23 and advised that it would then consider whether or not an installment plan pertaining to the balance of the $40,000 in enhanced permit sanctions would be appropriate under the circumstances.  ECF No. 800.

To make a responsible determination about a possible payment plan, the Court directed Defendants to submit certain financial information for the Court to review in camera. Id. Specifically, the Court required Defendants to submit (1) current financial statements of Defendant AOE and Defendant Henry, (2) the past 6 months of records of gross receipts provided to the Department of Land and Natural Resources ("DLNR") pertaining to Defendant AOE's earnings in connection with the monthly permit fees paid to DLNR, and (3) a monthly income and expense statement of Defendant AOE's gross receipts and total expenses for each of the past 6 months. Id. Defendants submitted documents to the Court in response. Upon review, the Court directed Defendants to provide supplemental information pertaining to the financial statements of Defendant Henry and Defendant AOE. ECF No. 807. The Court received those documents on December 9. Following a request by Plaintiff Barnes, ECF No. 811, the Court then directed Defendants to submit for in camera review their 2019 federal tax returns, as well as Defendant AOE's State of Hawai`i 2019 year-ending semi-annual general excise tax return and its 2020 mid-year semi-annual general excise tax return. ECF No. 814. The Court received the requested tax returns on December 21.

Meanwhile, on December 7, Defendants filed a request to include the payment of the custodial cost sanctions in any

installment plan the Court may approve. ECF No. 810. Those custodial costs were determined by Magistrate Judge Porter to total $8,638.64, accounting for the costs paid by Plaintiff Barnes between August 29, 2019, and August 13, 2020. See id.; see also ECF No. 799 (Judge Porter's Order Regarding Custodial Costs). Plaintiff Barnes filed an opposition to that request objecting to any delay in payment because he states that he is struggling financially and because Defendant Henry has avoided payment for maintenance and cure. ECF Nos. 811 & 813.

## DISCUSSION

As discussed above, the Court must decide whether Defendants should be allowed to pay the enhanced sanctions imposed against them over time with an installment plan. Defendants request that they be allowed to pay an up-front payment of $10,000, followed by monthly installments of $500 until the $40,000 in permit sanctions are paid off, while retaining the option to pay the remaining balance at any time if their economic circumstances should improve. ECF No. 794 at 2-3. They also request that the $8,638.64 in custodial cost sanctions be included in the same installment plan. ECF No. 810.

Pursuant to the minute order dated December 2, 2020, Defendants have made the initial $10,000 payment. ECF No.

807. The Court notes that payment of the remaining $30,000 balance of the permit sanctions would take five years if paid in monthly installments of $500. And that does not even include the additional custodial cost and attorney's fee sanctions. The Court further notes that Defendant Henry—as sole owner of Defendant SHR and Defendant AOE, both LLCs—has pursued various efforts—some of which the Court has sanctioned him for—to avoid paying maintenance and cure to Plaintiff Barnes for over nine years. Still, Defendants' Motion represents that, with the COVID-19 pandemic and resulting economic downturn, Defendant AOE is no longer operating and in fact had been losing money even before the pandemic began earlier this year.

  The Court has reviewed <u>in camera</u> the financial data submitted by Defendants and finds that the adverse economic conditions resulting from the COVID-19 pandemic warrant a payment plan. The Court thus will allow the following payment arrangement: Defendant AOE and Defendant Henry are directed to, jointly and severally, pay monthly installments of $500, to be paid by the end of the third week of each month and to commence in January 2021; then, commencing on November 1, 2021, such installments shall be increased to $1,000 per month, to be paid by the end of the third week of each month, but with the remaining balance of the $40,000 in enhanced permit sanctions to be paid in full, by no later than **October 31, 2022**. With

Hawai`i's tourism industry already increasing and with the vaccines now being distributed, the Court concludes that Defendant AOE should be operating more successfully within the next several months and thus able to make the required payments. The Court has considered Plaintiff Barnes's destitute economic condition as represented in his filings, e.g. ECF Nos. 811 & 813, and the need to provide for a viable payment plan in view of the challenging financial circumstances of Defendants.

Defendants have also requested that the custodial cost sanctions and attorney's fee sanctions be included in any approved installment plan.  As far as the custodial cost sanctions, the Court DENIES Defendants' request made in ECF No. 810.[1/]  Given Plaintiff Barnes's destitute condition and that this involves repayment to Plaintiff Barnes of the custodial costs he incurred because of Defendant Henry's wrongful actions, the Court DENIES Defendants' request and ORDERS Defendant Henry and Defendant AOE to reimburse Plaintiff Barnes for the custodial cost sanctions in the amount of $8,638.64 pursuant to Magistrate Judge Porter's Order, ECF No. 799.  Defendants are

---

[1/] The Court notes that the custodial cost sanctions include both (1) a requirement to pay the ongoing custodial costs for the insurance and storage of the vessel Tehani, and (2) a requirement to reimburse Plaintiff Barnes for the custodial costs that he paid to the U.S. Marshal between August 29, 2019, and August 13, 2020, totaling $8,638.64.  The former—that is, those ongoing costs that are still accruing—must obviously be paid concurrently as owed.  Defendants' request regarding the custodial cost sanctions appears to only seek an installment plan with respect to the latter—that is, the $8,638.64 in costs already paid by Plaintiff Barnes.  See ECF No. 810.  The Court construes it as such.

- 6 -

ordered to make full payment within **10 days** of the issuance of this Order.

Finally, with respect to the attorney's fee sanctions, that matter is still under review by Judge Porter.  See ECF No. 806.  Accordingly, the Court will not consider that request at this time.

### CONCLUSION

In sum, the Court makes the following rulings in deciding Defendants pending motions, ECF Nos. 794 & 810:

1.   Defendant AOE and Defendant Henry's request for an installment plan to pay off the $40,000 enhanced sanction for the value of the commercial-use permit, ECF No. 794, is GRANTED IN PART.  Defendants have already paid the initial $10,000 payment, and Defendants shall, by this Court's Order, jointly and severally pay monthly installments of $500, to be paid by the end of the third week of each month and to commence in January 2021; then, commencing on November 1, 2021, such installments shall be increased to $1,000 per month, to be paid by the end of the third week of each month, but with the remaining balance of the $40,000 in enhanced permit sanctions to be paid in full, by no later than **October 31, 2022**.  The Court cautions that a failure to timely make such installment payments may result in the Court declaring the entire balance accelerated

and immediately due.  Defendants have the option to pay the balance in full at any time without penalty.

       2.   Defendant AOE and Defendant Henry's request that they be allowed to pay the $8,638.64 in custodial cost sanctions in the same installment plan, ECF No. 810, is DENIED. Defendants are ORDERED to pay that amount within **10 days** of the issuance of this Order.

       3.   The Court makes no determination on a payment plan for the attorney's fees owed in connection with the enhanced sanctions because that matter is under review by Magistrate Judge Porter.

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawai`i, December 28, 2021.



Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, et al., Civ. No. 13-00002 ACK-RLP, Order Regarding Payment of Enhanced Sanctions.