IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHAD BARRY BARNES, | ) | CIVIL NO. 13-00002 ACK-WRP |
| | ) | |
| Plaintiff, | ) | SECOND AMENDED FINDINGS |
| | ) | AND RECOMMENDATION AS TO |
| vs. | ) | ATTORNEY'S FEES AND COSTS |
| | ) | TO BE AWARDED IN |
| SEA HAWAII RAFTING LLC; | ) | CONNECTION WITH THE |
| KRIS HENRY; ALOHA OCEAN | ) | ENHANCED SANCTIONS ORDER |
| EXCURSIONS LLC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

SECOND AMENDED FINDINGS AND RECOMMENDATION
AS TO ATTORNEY'S FEES AND COSTS TO BE AWARDED IN
<u>CONNECTION WITH THE ENHANCED SANCTIONS ORDER</u>

On March 2, 2020, the district judge issued the Order Imposing Enhanced Sanctions Pursuant to this Court's Inherent Power on Defendant Aloha Ocean Excursions, LLC and Defendant Kristin Kimo Henry (Enhanced Sanctions Order). <u>See</u> ECF No. 657. In the Enhanced Sanctions Order, issued August 29, 2019, the district judge held that Plaintiff was "entitled to compensation for his attorney's fees and costs incurred in connection with the sanctionable conduct occurring after issuance of the First Sanctions Order." <u>Id.</u> at 33. The Enhanced Sanctions Order directed Plaintiff to submit materials addressing attorney's fees and costs that "comply with the requirements listed in Local Rule 54.2(f)(1)-(5)." <u>Id.</u> at 33-34.

On August 13, 2020, the district judge issued a Minute Order directing Plaintiff to submit an affidavit and any evidence as required by the Local Rules regarding the attorney's fees and costs incurred by Plaintiff stemming from Defendant Henry and Defendant Aloha Ocean Excursions LLC's (AOE) sanctionable bad-faith conduct, consistent with the Enhanced Sanctions Order.  See ECF No. 740.

On October 16, 2020, the district judge issued another Minute Order stating that Plaintiff "is entitled to compensation for attorney's fees and costs incurred by Plaintiff Barnes stemming from Defendant Henry and Defendant AOE's sanctionable bad-faith conduct (these amounts should be limited to costs incurred after August 29, 2019, the date the initial sanctions were imposed)" and directing Plaintiff to submit an affidavit and any evidence as required by the Local Rules.  ECF No. 776 at 2.  The Minute Order further stated that Defendant Henry and Defendant AOE may file a response consistent with the Local Rules.  See id.

After Plaintiff was granted an extension of time, Plaintiff filed a Motion for Award of Attorney's Fees and Costs on November 13, 2020.  See ECF Nos. 790, 797.  Defendant Henry and Defendant AOE filed their Opposition on November 19, 2020.  See ECF No. 801.

On November 25, 2020, the Court issued its Findings and Recommendation as to Attorney's Fees and Costs to be Awarded in Connection

with the Enhanced Sanctions Order (F&R).  See ECF No. 804.  In the F&R, the

Court recommended that Plaintiff be awarded $71,152.75 in attorney's fees and

$540.02 in costs incurred in connection with Defendants' sanctionable conduct.

See id.  On the same day that the Court issued the F&R, Plaintiff filed a Motion to

Request a Partial Modification of the Recommendations as Attorney's Fees and

Costs to be Awarded in Connection with the Enhanced Sanctions Order

(Modification Motion).  See ECF No. 805.  In the Modification Motion, Plaintiff

submitted a "modified time request" that significantly reduced the amount of

attorney's fees requested and asked the Court to order that the attorney's fees and

costs portion of any sanctions awarded be paid to the Legal Aid Society of Hawaii

instead of to Plaintiff's counsel.  See ECF No. 805-1.  After the Court directed

further briefing regarding Plaintiff's requested modifications, Defendants filed a

response objecting to the reasonableness of many of the time entries included in

the "modified time request" and stating that they did not object to the other relief

requested in the Modification Motion.  See ECF No. 814.  In his Reply in support

of the Modification Motion, Plaintiff further reduced the amount of attorney's fees

requested.  See ECF Nos. 817, 818-2.

On January 7, 2021, the Court issued its Amended Findings and

Recommendation as to Attorney's Fees and Costs to be Awarded in Connection

with the Enhanced Sanctions Order (Amended F&R).  See ECF No. 823.  In the

Amended F&R, the Court recommended that Plaintiff be awarded $16,410.00 in attorney's fees and $540.02 in costs incurred in connection with Defendants' sanctionable conduct.  See id.

On February 12, 2021, the district court remanded the matter to the undersigned "to determine if in fact any of the attorney's fees or costs related to the sanctions matter were paid by Plaintiff Barnes to his attorney."  See ECF No. 830.  Based on the district court's order, the Court directed Plaintiff to file a supplemental brief, including the necessary declarations, regarding whether in fact any of the attorney's fees or costs related to the sanctions matter were paid by Plaintiff to his attorney.  See ECF No. 831.

On March 2, 2021, Plaintiff filed a Supplemental Brief stating that Plaintiff has not paid any attorney's fees because he does not have the money to pay his counsel.  See ECF No. 832 at 2-4.  Defendants filed their Response on March 16, 2021.  See ECF No. 833.  Although given an opportunity to do so, Plaintiff did not file a reply.  See ECF No. 831.

After careful consideration of the parties' submissions, the record in this action, and the relevant legal authority, the Court issues this SECOND AMENDED FINDINGS AND RECOMMENDATION regarding attorney's fees and costs as detailed below.

DISCUSSION

**I. Reasonable Attorney's Fees**

Courts use the lodestar method for calculating an award of reasonable attorney's fees. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation." Id. Once calculated, the lodestar amount is presumptively reasonable. See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987). However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors: the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Plaintiff requests the following attorney's fees in his Reply in support of his Modification Motion.

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jay Friedheim, Esq. | 40.31 | $450 | $18,139.50 |
| Mihail Gilevich, paralegal | 1.15 | $195 | $224.25 |
| | | TOTAL | $18,363.75 |

See ECF No. 818-2.[1]

Notably, the attorney's fees requested in the Modification Motion and in the Reply are significantly reduced from those initially requested by Plaintiff. See ECF Nos. 797-1, 797-3 (requesting a total of $134,152.50 in attorney's fees). The Court deems Plaintiff's prior request for attorney's fees withdrawn and addresses only those fees included in the Reply in support of the Modification Motion.

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on

---

[1] The total amount of fees reflected on the timesheets submitted by Plaintiff is not correct based on the hours reflected in the timesheets. See ECF No. 818-2 at 5. The Court uses the hours reflected in the timesheets to calculate the total amount of fees requested.

denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  The fee applicant bears the burden of showing that the rates requested are reasonable.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).

        Based on the information provided in counsel's declaration and the Court's knowledge of rates in the community for attorneys with comparable experience, the Court finds that the $450 per hour rate requested for Mr. Friedheim, who has been practicing since 1987, is reasonable.  The Court's prior decision awarding Mr. Friedheim a rate of $350 per hour was issued nearly two years ago.  See ECF Nos. 493, 517.  Given the time that has passed since the Court's prior decision, the Court finds that an increase in Mr. Friedheim's hourly rate is reasonable.  See Dep't of Educ. v. Acen T., 2020 WL 4278436, at *4 (D. Haw. July 6, 2020), adopted by 2020 WL 4275813 (D. Haw. July 24, 2020) (finding that $450 per hour was a reasonable rate for an attorney with 38-years of

experience).

Additionally, Plaintiff requests $195 per hour for Mr. Gilevich, a paralegal who worked on this case.  Plaintiff's counsel states in his declaration that this rate is above the normal paralegal's rate in Honolulu, but that it is his position that "this case warrants a higher billing rate."  ECF No 797-2 at 3.  The Court finds that Plaintiff has not provided adequate support for the requested rate.  Plaintiff provided Mr. Gilevich's resume, which reflects that he was educated as an attorney in Belarus, has an L.L.M. from the University of Hawaii, and that his standard hourly rate is $120.  See ECF No. 797-4 at 2.  Based on the information provided by Plaintiff, the Court finds that $120 per hour is a reasonable rate for Mr. Gilevich.  See id.

      **B.**    **Hours Reasonably Expended**

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The applicant bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court is required to explain how it made its fee determination in a comprehensible, but not elaborate fashion.  Moreno v. City of Sacramento, 534

F.3d 1106, 1111 (9th Cir. 2008).

In the F&R issued before Plaintiff filed his Modification Motion, the Court found that the award should be limited to the fees incurred in connection with Defendant AOE's and Defendant Henry's sanctionable conduct and that time spent on tasks that are unrelated to the sanctionable conduct should be deducted. See ECF No. 804 at 7-8 (citing ECF Nos. 657, 776).  The Court reviewed the timesheets provided by Plaintiff's counsel in conjunction with the extensive docket in this action to identify the work that was incurred in connection with the sanctionable conduct.  See id.  The Court recommended that 138 hours be deducted from the time requested, which included time spent on the appeal of orders unrelated to Defendants' sanctionable conduct; time spent on issues related to the arrest of the vessel, interlocutory sale of the vessel, publication of the notice of interlocutory sale, insurance for the vessel, and substitute custodian issues related to the vessel; time spent on telephone calls with Plaintiff discussing topics unrelated to sanctions; work on calendaring matters and reviewing court notices unrelated to the issue of sanctions; discovery unrelated to the issue of sanctions; time spent on Plaintiff's motion for summary judgment to pierce the corporate veil; work on sanctions related to Plaintiff's counsel's conduct; and work on settlement, which was directed at resolving the entire case not the issue of sanctions; time spent responding to the motion to dismiss the third amended complaint and seeking

9

leave to file a fourth amended complaint.  See id. at 7-12.

        As noted above, in the Modification Motion and in the Reply in support of the Modification Motion, Plaintiff omitted most of the time entries that the Court previously found were not reasonable.  See ECF Nos. 805, 818-2.  However, based on the Court's review of the latest timesheets submitted by Plaintiff, Plaintiff continues to seek an award for time spent on work that is unrelated to the issue of enhanced sanctions.  See ECF No. 818-2.  Specifically, based on the Court's detailed review, the Court finds that the following deductions to the hours billed by Mr. Friedheim are appropriate: 0.4 hours[2] for time spent on the appeal of orders unrelated to Defendants' sanctionable conduct; 0.6 hours[3] for time spent on issues related to the arrest of the vessel, interlocutory sale of the vessel, publication of the notice of interlocutory sale, insurance for the vessel, and substitute custodian issues related to the vessel, which are unrelated to Defendants' sanctionable conduct; 0.3 hours[4] for work on calendaring matters and reviewing

---

[2] The time entries at issue are on 6/8/2020 for 0.1 hours; 6/11/2020 for 0.1 hours; 6/19/2020 for 0.1 hours; and 6/22/2020 for 0.1 hours.  See ECF No. 818-2 at 3.

[3] The time entries at issue are on 7/9/2020 for 0.5 hours; and 8/9/2020 for 0.1 hours.  See id. at 3-4.

[4] The time entries at issue are on 9/11/2019 for 0.2 hours; and 9/12/2019 for 0.1 hours.  See id. at 1-2.

court notices unrelated to the issue of sanctions; 2.55 hours[5] for time spent on Plaintiff's motion for summary judgment to pierce the corporate veil; and 0.3 hours[6] for work on settlement, which was directed at resolving the entire case not merely the issue of sanctions alone. While the parties discussed resolutions that involved the transferred permit, the Court sought to resolve the entire matter with each settlement conference.

Although Plaintiff reduced the amount of time requested in these entries in his Modification Motion and his Reply, the Court finds that these entries must be deducted in their entirety because the work performed does not stem from Defendants' sanctionable conduct. In total, the Court finds that 4.15[7] hours should be deducted from the time requested because those hours were not incurred in connection with or stemming from Defendants' sanctionable conduct.

The Court has reviewed the remaining time entries submitted by Plaintiff's counsel and finds that the remaining hours requested are reasonable.

---

[5] The time entries at issue are on 7/20/2020 for 0.1 hours; 8/3/2020 for 0.1 hours; 9/16/2020 for 0.75 hours; 9/16/2020 for 0.8 hours; and 9/17/2020 for 0.8 hours. See id. at 4.

[6] The time entries at issue are on 9/12/2019 for 0.1 hours; 10/10/2019 for 0.1 hours; and 2/5/2020 for 0.1 hours. See id. at 2-3.

[7] The excluded time includes: 0.4 hours on unrelated appeals + 0.6 hours on unrelated vessel issues + 0.3 hours on unrelated clerical tasks + 2.55 hours on the motion for summary judgment + 0.3 hours on settlement = 4.15 hours.

### 3. Total Lodestar Calculation

The Court finds that the following attorney's fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jay Friedheim, Esq. | 36.16[8] | $450 | $16,272.00 |
| Mihail Gilevich, paralegal | 1.15 | $120 | $138.00 |
| | | TOTAL | $16,410.00 |

In total, the Court FINDS AND RECOMMENDS that the district court award $16,410.00 in attorney's fees.

## II. Costs

In his Modification Motion, Plaintiff does not address the Court's prior findings and recommendations regarding costs. See ECF No. 805. The Court reiterates its prior findings regarding reasonable costs. Plaintiff seeks costs in the amount of $1,110.76. See ECF No. 797; ECF No. 797-5. Defendants argue that many of costs requested are not related to Defendants' sanctionable conduct and should not be awarded. See ECF No. 801 at 8. The Court has reviewed the costs requested by Plaintiff and finds that certain deductions are appropriate. First, the Court deducts $8.50 in mailing costs for discovery incurred on September 10, 2019, because this discovery did not stem from Defendants' sanctionable conduct.

---

[8] 40.31 hours requested - 4.15 hours for time spent on matters that were not in connection with or stemming from Defendants' sanctionable conduct = 36.16 hours.

Second, the Court deducts $168.59 in publication costs incurred on July 22, 2020, because the publication of notice of the arrest of the vessel was not in connection with Defendants' sanctionable conduct.  For that same reason, the Court deducts $99.37 for the cost of the transcript for the status conference with the Court related to vessel issues on July 2, 2020.  The Court also deducts $149.06 for the cost of the transcript for the hearing on the motion for summary judgment held on October 14, 2020, and $145.24 for the cost of the transcripts for hearing on vessel issue on September 29, 2020, and on the motion to dismiss the third amended complaint on September 30, 2020, because those motions did not stem from Defendants' sanctionable conduct.

The Court finds that the costs for the transcripts for the hearings on August 22, 2019 and December 20, 2019 are appropriate because they were incurred in connection with Defendants' sanctionable conduct.  See id. (reflecting $165.29, $7.64, and $2.71 for such costs).  The Court finds that the costs for service of the subpoena is appropriate because it was related to Defendants' sanctionable conduct.  See id. (reflecting $51.31 for such costs).  The Court also finds that the research costs and the service of process costs related to the claims in Plaintiff's third amended complaint are appropriate because Plaintiff sought leave to amend his complaint to add claims related to the transfer of the permit.  See id. (reflecting $7.50, $58.50, $21.00, $45.00, $12.31, $16.50, $9.00, and $143.26 for

such costs).

In total, the Court FINDS AND RECOMMENDS that the district court award costs and expenses in the amount of $540.02.[9]

**III. Plaintiff's Actual Payment of Fees and Costs and Plaintiff's Request that the Court Order Payment to the Legal Aid Society of Hawaii**

As noted above, Plaintiff's Supplemental Brief states that Plaintiff has not paid his counsel any of the fees or costs at issue. See ECF No. 832. However, as detailed in the Court's findings above, Plaintiff's counsel would not have done the work or advanced the costs at issue but for Defendants' sanctionable conduct. See Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1188 (2017) (holding that attorney's fees awarded as sanctions must "meet the applicable test: They would not have been incurred except for the misconduct"). The Supreme Court and the Ninth Circuit Court of Appeals have held that attorney's fees and costs are "incurred" even when a party is not personally liable for them. See In re: Moon, 2021 WL 62630, at *4 (B.A.P. 9th Cir. Jan. 7, 2021) (citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989) (pro bono representation does not bar the award of a reasonable attorney's fee under 42 U.S.C. § 1988(b) [civil rights statute]); Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010) (petitioner "incurred"

---

[9] $1,110.78 requested - $8.50 for mailing unrelated discovery - $168.59 for publication - $99.37 for transcripts of the July 2, 2020 status conference - $149.06 for transcript for the summary judgment hearing - $145.24 for the motion to dismiss hearing = $540.02.

14

attorney's fees for purposes of 42 U.S.C. § 11607(b)(3) [Hague Convention on the Civil Aspects of International Child Abduction] even though her lawyers provided their services pro bono); Nadarajah v. Holder, 569 F.3d 906, 916 (9th Cir. 2009) ("'It is well-settled that an award of attorney's fees [under the Equal Access to Justice Act] is not necessarily contingent upon an obligation to pay counsel. . . The presence of an attorney-client relationship suffices to entitle prevailing litigants to receive fee awards.'") (quoting Ed A. Wilson, Inc. v. Gen. Servs. Admin., 126 F.3d 1406, 1409 (Fed. Cir. 1997)); Gotro v. R & B Realty Grp., 69 F.3d 1485, 1488 (9th Cir. 1995) (plaintiff who is represented on a contingent fee basis "incurs" the "actual expense" of an attorney's fee under 28 U.S.C. § 1447(c)5 [removal statute containing language similar to § 362(k)(1)])).

   Here, it appears that Plaintiff's counsel is representing Plaintiff on a de facto pro bono basis. As the Ninth Circuit has held, "[a]ttorneys' fees are recoverable by pro bono attorneys to the same extent that they are recoverable by attorneys who charge for their services." Voice v. Stormans Inc., 757 F.3d 1015, 1017 (9th Cir. 2014); see also Blanchard, 489 U.S. at 94 ("[W]here there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee.").[10] Accordingly, even though

---

[10] Courts have reiterated this concept for many years. See generally In re Stine, 254 B.R. 244, 252 (B.A.P. 9th Cir. 2000) ("To the extent that the bankruptcy court considered Stine's pro bono representation a special circumstance that would make an award of attorney's fees unjust, the court also erred."); Brandenburger v.

Plaintiff did not in fact pay any fees or costs to his counsel, the Court finds that Plaintiff incurred attorneys' fees and costs that he would not have incurred but for Defendants' sanctionable conduct.

Further, in the Modification Motion, Plaintiff asks the Court to order that any funds to be awarded for attorney's fees and costs be paid to the Legal Aid Society of Hawaii in Defendant Henry's name, that no interest be awarded against Defendant Henry, that Plaintiff be paid what he is owed before any payment is made to the Legal Aid Society of Hawaii, that Defendant Henry be given as long as possible to pay but should pay at least 10% per year starting after the last appeal has been exhausted, and that the award "be precatory and without any enforcement besides [Defendant Henry's] moral obligation to pay-off what is owed for these enhanced sanctions." ECF No. 805. Defendants do not oppose these terms. See ECF No. 814 at 3. To the extent the district judge determines that it is appropriate, the Court recommends that the district court order the payment terms proposed by Plaintiff.

---

Thompson, 494 F.2d 885, 889 (9th Cir. 1974) ("an award of attorneys' fees to the organization providing free legal services indirectly serves the same purpose as an award directly to a fee paying litigant"); Ewing v. K2 Prop. Dev., LLC, 2018 WL 4846649, at *2 (S.D. Cal. Oct. 4, 2018) (holding that the even if the defendant "has not paid and does not owe his counsel fees" the plaintiff was not immunized from monetary sanctions based on attorney's fees); Fish v. Kobach, 2018 WL 3647132, at *3 (D. Kan. Aug. 1, 2018) (awarding attorney's fees as sanctions and rejecting the argument that Goodyear's "but-for test literally [] mean[s] that the complaining party must be liable for the fees incurred due to the misconduct" as contrary to Supreme Court and Tenth Circuit precedent).

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court award $16,410.00 in attorney's fees and $540.02 in costs incurred in connection with Defendant Henry and Defendant Aloha Ocean Excursions LLC's sanctionable conduct, and that the district court order that this amount be paid to the Legal Aid Society of Hawaii in Defendant Henry's name, that no interest be awarded against Defendant Henry, that Plaintiff be paid what he is owed before any payment is made to the Legal Aid Society of Hawaii, that Defendant Henry be given as long as possible to pay but should pay at least 10% per year starting after the last appeal has been exhausted, and that the award be without legal enforcement.

IT IS SO FOUND AND RECOMMEND.

DATED AT HONOLULU, HAWAII, APRIL 2, 2021.



Wes Reber Porter
United States Magistrate Judge

**BARNES v. SEA HAWAII RAFTING LLC, ET AL**; CIVIL NO. 13-00002 ACK-WRP; SECOND AMENDED FINDINGS AND RECOMMENDATION AS TO ATTORNEY'S FEES AND COSTS TO BE AWARDED IN CONNECTION WITH THE ENHANCED SANCTIONS ORDER