IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

```
                              )
CHAD BARRY BARNES,            )
                              )
        Plaintiff,            )
                              )
    v.                        )    Civ. No. 13-0002 ACK-WRP
                              )
SEA HAWAII RAFTING, LLC,      )
et al.,                       )
                              )
        Defendants.           )
                              )
```

**ORDER ADOPTING THE MAGISTRATE JUDGE'S SECOND AMENDED FINDINGS AND RECOMMENDATION AS TO ATTORNEY'S FEES AND COSTS TO BE AWARDED IN CONNECTION WITH THE ENHANCED SANCTIONS ORDER (ECF NO. 834)**

On March 2, 2020, this Court issued the Order Imposing Enhanced Sanctions, ECF No. 657, which imposed sanctions on Defendant AOE and Defendant Henry related to their wrongful transfer of the commercial-use permit. As set forth in that and other subsequent orders, the enhanced sanctions were imposed pursuant to the Court's inherent authority and are meant to compensate Plaintiff Barnes for his losses stemming from the sanctioned conduct, which deprived him of access to a valuable asset. See ECF Nos. 657, 740, 776. As part of the sanctions the Court found that Plaintiff was entitled to recover related attorney's fees and costs from Defendants stemming from the sanctioned conduct. See id.

1

Accordingly, Plaintiff on November 13, 2020, filed a Motion for Award of Attorney's Fees and Costs, ECF No. 797, which Defendants then opposed, ECF No. 801.  The Magistrate Judge issued a Findings and Recommendation (the "Initial F&R"), ECF No. 804, on November 25, 2020, calculating and awarding certain attorney's fees and costs.  That same day, Plaintiff filed a motion for "partial modification" of the Initial F&R (the "Modification Motion"), ECF No. 805.  In it, Plaintiff significantly reduced the amount of fees requested and asked the Magistrate Judge to impose certain terms:  that the funds be paid to the Legal Aid Society of Hawaii in Defendant Henry's name, that no interest be awarded against Defendants, that Plaintiff be paid what he is owed before any payment is made to Legal Aid, that Defendants be given as long as possible to pay but should pay at least 10% per year beginning after the last appeal has been exhausted, and that the award be "precatory."  ECF No. 805.  Defendants filed a response to the Modification Motion objecting to certain portions of the fee calculation, but otherwise not objecting to the additional conditions surrounding the payment.  ECF No. 814.

The Magistrate Judge then filed an Amended F&R on January 7, 2021, recalculating the fees based on Plaintiff's

2

Modification Motion and allowing for the other payment conditions sought by Plaintiff. ECF No. 823. Thereafter, this Court—in an abundance of caution—issued a minute order remanding the matter to the Magistrate Judge to ensure that the fees were calculated pursuant to the proper standards set forth in Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017), which requires under the facts of that case that sanctions imposed based on a court's inherent authority must be compensatory such that the wronged party may recover "only the portion of his fees that he would not have paid but for the misconduct." See ECF No. 830 (quoting Goodyear, 137 S. Ct. at 1186, 197 L. Ed. 2d 585). In particular, the Court questioned the payment arrangement between Plaintiff Barnes and his attorney. The Magistrate Judge directed additional briefing, ECF No. 831, which both parties submitted, ECF Nos. 832 & 833.

        The Magistrate Judge issued the Second Amended F&R, ECF No. 834, on April 2, 2021, which analyzes the fees and costs based on the Goodyear standards. Id. The Second Amended F&R makes a finding of a "de facto pro bono" arrangement between Plaintiff Barnes and his attorney and concludes that the attorney's fees are recoverable as

3

sanctions even though they were not actually paid by Plaintiff Barnes.  Id. at 15-16 (collecting cases).

Accordingly, the Magistrate Judge finds and recommends that this Court award $16,410.00 in attorney's fees and $540.02 in costs as sanctioned fees, and that the amount "be paid to the Legal Aid Society of Hawaii in Defendant Henry's name, that no interest be awarded against Defendant Henry, that Plaintiff be paid what he is owed before any payment is made to the Legal Aid Society of Hawaii, that Defendant Henry be given as long as possible to pay but should pay at least 10% per year starting after the last appeal has been exhausted, and that the award be without legal enforcement."  Id. at 17.  Neither party filed any objection to the Second Amended F&R.

Where no objections are filed in response to a Magistrate Judge's findings and recommendations, the district judge need not conduct a de novo review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (explaining that court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"); see also 28 U.S.C. § 636(b)(1) ("[T]he court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to

4

which objection is made.").  In the Court's view there could be differing reasonable applications of <u>Goodyear</u> and the factors for determining a reasonable hourly rate in these circumstances, and thus the Court finds that there is no "clear error on the face of the record." <u>See</u> Advisory Committee Notes, Fed. R. Civ. P. 72(b) (advising that "[w]hen no timely objection is filed," the district court review the magistrate's findings and recommendations for "clear error on the face of the record").

Accordingly, in these unique circumstances, the Second Amended Findings and Recommendation having been filed and served on all parties on April 2, 2021, and no objections having been filed,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1, the Second Amended Findings and Recommendations (ECF No. 834) are adopted as the opinion and order of this Court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, April 21, 2021



_____
Alan C. Kay
Sr. United States District Judge

<u>Barnes v. Sea Hawaii Rafting, LLC, et al.</u>, Civ. No. 13-00002-ACK-WRP, Order Adopting Magistrate Judge's Second Amended Findings and Recommendation as to Attorney's Fees and Costs to be Awarded in Connection with the Enhanced Sanctions Order (ECF No. 834)

6