IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| CHAD BARRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | Civ. No. 13-00002 ACK-WRP |
| | ) | |
| v. | ) | |
| | ) | |
| SEA HAWAI`I RAFTING, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF BARNES'S MOTION FOR SANCTIONS [ECF NO. 836]

Before the Court is Plaintiff Chad Barnes's First Motion for Sanctions Against Defendants Kris Henry and Aloha Ocean Excursions LLC, ECF No. 836 (the "Motion for Sanctions"). For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART the Motion for Sanctions.

## BACKGROUND

The Court recounts only the necessary and relevant background and procedural history surrounding the assessment sanctions and enhanced sanctions stemming from the wrongful transfer of the commercial-use permit.

I.  **Initial Sanctions & Enhanced Sanctions**

For the past two years, the Court has been addressing the matter of sanctions related to Defendant AOE and Defendant

1

Henry's wrongful transfer of the commercial-use permit from Defendant Sea Hawaii Rafting Defendant AOE, and their subsequent failure to have it reissued to Defendant SHR despite the Court's instructions to do so.  In August 2019, after being informed that Defendant Henry had made misrepresentations to Hawaii's Division of Boating and Ocean Recreation ("DOBOR") about the nature of the transfer in ownership of the commercial-use permit, the Court imposed a first set of sanctions to compensate Plaintiff Chad Barnes for the resulting losses and ordered Defendants to have the permit reissued to Defendant SHR.  See ECF No. 608 (the "First Sanctions Order").

When they did not comply and instead made the transfer to Defendant AOE effective by making payment to DOBOR, the Court imposed "enhanced sanctions" meant to compensate Plaintiff Barnes from the resulting losses.  ECF No. 657 (the "Enhanced Sanctions Order").  The Court found that Plaintiff Barnes was entitled to "an award of enhanced sanctions derived from the monetary value of the commercial use permit, representing Plaintiff Barnes's actual loss arising from Defendant AOE's and Defendant Henry's wrongful conduct," as well as to recover attorney's fees and costs.  Id. at 31-34.  The Court ordered an independent appraisal of both the value of the vessel and the commercial use permit, considered extensive briefing from the parties, and gave Plaintiff Barnes permission to conduct limited

2

discovery as to Defendants' use and profit gains resulting from their ownership of the permit.  Id. at 33.  Both parties agreed to the independent appraiser appointed by the Court and were given the opportunity to engage their own appraisers to provide their own valuations for the Court's consideration.  Neither party engaged its own appraiser.

On August 13, 2020, the Court issued two orders regarding the calculation of the enhanced sanctions.  See ECF Nos. 739 & 740.  First, the Court ordered Defendants to pay a portion of prior-incurred custodial costs, as well as ongoing custodial costs.  ECF No. 739.  And second, the Court indicated that it would likely impose sanctions for the appraised value of the permit, which was determined by the independent appraiser to be $40,000.  ECF No. 740.  The Court allowed the parties to submit briefing on the sufficiency of that valuation.  Id. Plaintiff Barnes submitted a brief stating simply, "We think the sanctions should not be tied to the appraisal value, and we think the $40,000.00 is a little low under these circumstances." ECF No. 745 at 2.  He did not expand on his own proposed calculation, nor did he move forward with the limited discovery the Court had allowed in the Enhanced Sanctions Order. Thereafter, on October 16, 2020, the Court issued an order finding the proper value of permit-related enhanced sanctions to be $40,000 (the appraised value of the permit) and directing

3

Plaintiff Barnes to submit affidavits in support of his attorney's fees and costs to the Magistrate Judge pursuant to the local rules. ECF No. 776.

To summarize the many orders surrounding the initial and enhanced sanctions calculation, Defendants were required to pay as compensatory sanctions:

- As outlined in the First Sanctions Order, $25,000;
- As outlined in the Enhanced Sanctions Order and subsequent orders regarding the calculation of the enhanced sanctions:
  - certain prior custodial costs in the amount of $8,638.64;
  - all ongoing custodial costs;
  - attorney's fees and costs stemming from the sanctioned conduct (which totaled $16,410 in fees and $540.02 in costs, and the repayment of which is subject to other conditions, ECF No. 834); and
  - the $40,000 value of the commercial-use permit.

## II. Payment Plan for Enhanced Sanctions

On November 11, 2020, Defendants filed a motion seeking to pay the enhanced sanctions through an installment plan. ECF No. 794. The Court directed Defendants to make an initial payment of $10,000, which they ultimately did. See ECF Nos. 800 & 807. The Court then considered briefing of both

4

parties and required Defendants to submit—for in camera review—financial statements, income tax returns, gross receipts pertaining to Defendant AOE's earnings, and a monthly income and expense statement, all to consider whether Defendants were being truthful about their inability to pay the full amount at once. See ECF Nos. 800, 807, & 815. On December 28, 2020, the Court issued an order allowing for an installment plan. ECF No. 819 (the "Payment Plan Order"). The Payment Plan Order required Defendants to immediately pay the prior custodial costs ($8,638.64) but allowed them to pay the remaining balance of the $40,000 amount with an installment plan:

> Defendants shall, by this Court's Order, jointly and severally pay monthly installments of $500, to be paid by the end of the third week of each month and to commence in January 2021; then, commencing on November 1, 2021, such installments shall be increased to $1,000 per month, to be paid by the end of the third week of each month, but with the remaining balance of the $40,000 in enhanced permit sanctions to be paid in full, by no later than October 31, 2022. The Court cautions that a failure to timely make such installment payments may result in the Court declaring the entire balance accelerated and immediately due. Defendants have the option to pay the balance in full at any time without penalty.

Id. at 7-8.

**III. Motion for Sanctions & Payment in Full**

On May 28, 2021, Plaintiff Barnes filed a motion seeking sanctions against Defendants AOE and Henry for their

5

outstanding payments under the above installment plan.  ECF no. 836 (the "Motion for Sanctions").  In a characteristically snarky brief rife with disrespect toward this Court (which the Court will take up at a later time), counsel for Plaintiff Barnes represented that Defendant Henry had only made one $500 payment in February 2021, and the remaining four monthly payments had not been made.  Id.

Defendants responded that the delay resulted from their attempts to obtain financing to pay the full remaining balance of the enhanced sanctions, and they indicated that they had now issued full payment to Plaintiff Barnes through his counsel.  ECF No. 81 ¶¶ 4-5.  Defendants asked the Court to, "in light of their good faith in paying the full permit sanctions early," decline to impose further sanctions.  Id. ¶ 4. Plaintiff Barnes filed a reply arguing that the Court should impose extensive monetary and nonmonetary sanctions, including in part:

> Barnes requests Henry pay for Barnes taking his deposition and the deposition of Henry's current and former employees back to the date he illegally transferred the permit from Sea Hawaii Rafting, LLC to Aloha Ocean Excursions, LLC. Barnes requests the Court allow Barnes to depose Henry and his employees as a nonmonetary sanction and Henry should pay for these depositions as a monetary sanction.  He should also be ordered to turn over certain information to Barnes.  Barnes next requests this Court order Henry to pay for such depositions and attorney's fees as a form of

6

> monetary sanctions. Barnes makes this request in addition to requesting whatever sanctions the Court finds appropriate for Henry's repeated refusal to obey this Court's orders.

ECF No. 842. The Court held a hearing on June 22, 2021.

## **DISCUSSION**

It is well established that federal district courts have inherent power to levy sanctions for "willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L. Ed. 2d 88 (1980)); see also 18 U.S.C. § 401. Courts may also resort to their inherent power to impose attorney's fees as a sanction for bad-faith conduct or for "willful disobedience of a court order." Chambers v. NASCO, Inc., 501 U.S. 32, 45-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). The Court is mindful that its inherent power to sanction must be exercised with "restraint and discretion." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002) (quoting Chambers, 501 U.S. at 44-45, 45-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27).

As discussed above, the Court has been managing this sanctions matter for almost two years. Defendants Henry and AOE have twice been sanctioned for their continuous wrongful conduct

before the Court surrounding their apparent unwillingness to comply with court directives—from wrongfully transferring the permit in the first place, to disobeying the Court's instructions to have the permit reissued to Defendant SHR, to finally failing to comply with the Court's order requiring monthly payments for the enhanced sanctions.

Defendants AOE and Henry are well aware of the Court's expectation that they comply with the Court's directives.  The Court went out of its way to fashion a reasonable payment plan fair to both parties, which would ensure that Defendants were able to feasibly pay the enhanced sanctions over time and that Plaintiff Barnes was able to recover his losses relating to the permit.  Yet Defendants made only one payment before stopping altogether.  And only once the matter was brought to the Court's attention by Plaintiff Barnes did Defendants issue payment for the full amount owed under the payment plan.

While it is true that Defendants ultimately made the full payment for the appraised value of the permit, it is undisputed that they knowingly violated the Court's Payment Plan Order in failing to timely make the required payments for four months.  They did not request any payment extension from the Court, nor did they even communicate with Plaintiff Barnes to inform him that they were seeking to obtain the financing to pay in full.  The voluminous record in this case is clear that

Plaintiff Barnes is struggling financially, and he certainly was relying on these monthly payments.

With those facts in mind, the Court finds that Defendants Henry and AOE willfully disobeyed the Court's Payment Plan Order and acted wrongfully, tantamount to bad faith, by failing—yet again—to comply with the Court's order and by failing to reasonably request an extension. The Court finds that $1,000 is an appropriate compensatory sanction to compensate Plaintiff Barnes for the delay in payment, while also considering the fact that payment in full was ultimately made before the October 2022 deadline.[1/]

The Court also finds that Plaintiff Barnes is entitled to recover his reasonable attorney's fees and costs stemming from the delay in payment and the filing of the Motion for Sanctions.

All this said, the Court makes unequivocally clear that the issue of sanctions and enhanced sanctions stemming from the wrongful transfer of the commercial-use permit is now over. The $25,000 initial sanctions have been paid in full; the prior

---

[1/] The Court notes that, at the hearing, counsel for Plaintiff Barnes suggested that the Court use its prior calculation of Plaintiff Barnes's daily maintenance award at $68 per day to repay the four months of expenses without receiving payment. The Court declines to use that amount (which would add up to over $10,000), to calculate sanctions given that even if Defendants had timely made each of the four payments over the four months, Plaintiff Barnes would only have received $2,000 during that period ($500 per month x 4). And Plaintiff Barnes has not offered any other evidence or explanation that the delay in payment caused him additional damages.

9

custodial costs have been paid in full; the $40,000 value of the permit has been paid in full; the ongoing custodial costs are being paid and current; and the attorney's fees have been calculated and are subject to the repayment conditions outlined in Judge Porter's F&R regarding attorney's fees, ECF No. 834. Moreover, the parties both agreed over a year ago that asking DOBOR to reissue the permit would risk voiding the permit altogether. <u>See</u> Enhanced Sanctions Order at 18, 32 n.15.

The Court rejects Plaintiff Barnes's requests to sanction Defendants by having them pay for additional depositions or discovery to be conducted by Plaintiff Barnes. Likewise, the Court declines to calculate additional sanction amounts stemming from the permit transfer two years ago, which led to the Court's detailed Enhanced Sanctions Order and subsequent orders calculating those sanction amounts aimed at compensating Plaintiff Barnes for Defendants' sanctionable conduct. Plaintiff Barnes has been given ample opportunity to conduct discovery or provide other evidence relevant to calculating the enhanced sanctions.[2/] The Court relied on the

---

[2/] Counsel for Plaintiff Barnes has complained repeatedly about his inability to conduct discovery in this case, yet he is the one who has not availed himself of the discovery mechanisms available in federal court. Indeed, in May 2019 before the sanctions matters even arose, the Court issued a minute order allowing Barnes to file a motion to reopen a previously withdrawn motion to allow for additional discovery and to modify the Rule 16 scheduling order. Plaintiff Barnes never took the Court up on that offer. Likewise, in April 2020, Magistrate Judge Porter issued an order denying Plaintiff Barnes's motion to compel, but he did so without prejudice to
(Continued . . .)

parties' evidence and briefing, as well as the independent appraiser, to fairly calculate the compensatory sanctions. In the Court's view, it has used its inherent power to compensate the wronged party (Plaintiff Barnes) by imposing sanctions on Defendants to pay for his actual physical loss (the value of the permit, custodial fees, and attorney's fees and costs) stemming from the wrongful conduct (Defendants' wrongful transfer of the permit and subsequent refusal to reissue it and abide by the payment plan).[3]

The sanctions stemming from the transfer of the permit are hereby put to rest, subject to Plaintiff Barnes pursuing his claims in his Fourth Amended Complaint and any contrary rulings by the Ninth Circuit in the pending appeals. Additional exceptions are the sanctions and attorney's fees imposed by this Order and the monitoring of compliance with payments of ongoing custodial fees and attorney's fees.[4]

---

Plaintiff Barnes refiling a motion that complied with the rules. Plaintiff Barnes never filed another motion. And finally, the Court in its Enhanced Sanctions Order expressly allowed Plaintiff Barnes to conduct limited discovery relevant to calculating the value of the permit. He never did so.

[3] This does not prevent Plaintiff Barnes from pursuing other discovery not related to the matter of sanctions arising from the transfer of the commercial-use permit, as permitted under any applicable federal and local rules. If he wishes to pursue those avenues, he must—as the Court has advised him countless times—take them up with the Magistrate Judge pursuant to the local rules.

[4] The Court notes that the attorney's fees are precatory and subject to other repayment conditions outlined in Judge Porter's F&R, ECF No. 834, adopted as the opinion of this Court, ECF No. 835.

**CONCLUSION**

The Motion for Sanctions, ECF No. 836 is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED as follows: The Court ORDERS that Defendants Henry and AOE (1) pay a compensatory sanction in the amount of $1,000 to Plaintiff Barnes for his damages resulting from the four-month delay in payment and (2) pay Plaintiff Barnes's attorney's fees and costs stemming from the delay in payment and the filing of the Motion for Sanctions. The Motion is DENIED in all other respects.

The compensatory sanction must be paid within 14 days issuance of this Order. Plaintiff Barnes is directed to submit evidence of his attorney's fees to Magistrate Judge Porter pursuant to the local rules within 20 days issuance of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, July 1, 2021.

_____
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order Granting in Part and Denying in Part Plaintiff Barnes's Motion for Sanctions [ECF No. 836]