IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

|  |  |  |
|---|---|---|
| CHAD BARRY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SEA HAWAI`I RAFTING, LLC; et al. | ) | Civ. No. 13-00002 ACK-WRP |
| | ) | |
| Defendants. | ) | |

## ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED ON ATTORNEY JAY L. FRIEDHEIM

At the Court's hearing on December 20, 2019, the Court notified Attorney Jay L. Friedheim that the Court felt that it was necessary to express its concern and disappointment with Plaintiff's counsel Attorney Friedheim. The Court stated that notwithstanding the Court having issued a show cause order (considering the imposition of enhanced sanctions against Defendants Kris Henry and Aloha Ocean Excursions) and having granted an extension of time for Plaintiff to respond, Attorney Friedheim filed a rambling brief with his not uncommon impudent and insolent remarks regarding this Court. The Court continued that it believed Attorney Friedheim would concur that such conduct was not becoming for an attorney practicing in federal court. The Court then declared that it had been overly lenient with Attorney Friedheim's behavior to date—but, that from now on,

- 1 -

the Court would no longer tolerate such improper behavior and Attorney Friedheim is put on notice that such continued actions will be sanctioned. The Court went on to detail the specific contentious remarks made in Attorney Friedheim's response.

Notwithstanding the foregoing notice to Attorney Friedheim, on May 28, 2021, Attorney Friedheim filed Plaintiff Barnes's First Motion for Sanctions Against Defendants Henry and AOE, ECF No. 836 (the "Plaintiff's Motion for Sanctions") which appears to warrant the Court's consideration of sanctions against Attorney Friedheim. The Court will now point to such statements in Plaintiff's Motion for Sanctions:

First, Attorney Friedheim began the Plaintiff's Motion for Sanctions stating:

> I have been reluctant to address the Court because of the Court's 12/20/2019 EP: Order to Show Cause hearing regarding Sanctions [Docket 619] where there the Court put on the record that it will no longer allow the continuance of Mr. Friedheim's behavior in and towards the Court. The Court reminded Mr. Friedheim that if the behavior continued, he may be sanctioned.

Pl.'s Mot. for Sanctions at 4. Yet Attorney Friedheim then disingenuously and sarcastically went on to say:

> So, I would like to carefully bring this to the Court's attention without indicating that the Court knew all along that Defendant Henry would ignore the Court's Order and that he could rely upon the Court's lack of commitment to enforce any meaningful sanctions against Defendant Henry who has used his

>     constitutional right to declare bankruptcy to
>     get out of paying Plaintiff maintenance and
>     cure.

Id. at 4.

The second statement which the Court feels may warrant sanctions reads: "After the Court magnanimously granted Defendant Henry's request to lower his sanctions payment to $500.00 per month in [Docket 819], filed on 12/28/2020 Order Regarding Payment of Enhanced Sanctions, as a New Year's gift, Defendant Henry made one $500.00 payment and no other payments." Id.

The relevant third statement by Attorney Friedheim in Plaintiff's Motion for Sanctions reads: "The Court also graciously gave its blessing for Defendant Henry to use the permit to earn a living while he passes the time awaiting the recent lunar eclipse." Id. at 5.

Courts have inherent power to levy sanctions. Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S. Ct. 2455, 65 L. Ed. 2d 288 (1980)). The inherent power to sanction "extends to a full range of litigation abuses." Id. (citing Chambers v. NASCO, Inc., 501 U.S. 32, 46-47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). Courts have the "inherent authority to impose sanctions for bad faith, which includes a broad range of improper conduct." Id. at 992. A court's power to sanction

attorneys for violations of local rules and to rein in abusive conduct is both inherent and legislatively derived from the court's authority to promulgate rules.  Zambrano v. City of Tustin, 885 F.2d 1473, 1478-79 (9th Cir. 1989); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).  These "[i]nherent powers derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court."  Zambrano, 885 F.2d at 1478.

Sanctions based on a court's inherent authority allow for a sanction based on misleading or disrespectful filings, without having to make a specific contempt finding and without being limited to the Rule 11 bases for sanctions.  See Mercury Serv., Inc. v. Allied Bank of Tex., 117 F.R.D. 147, 157–58 (C.D. Cal. 1987), aff'd, 907 F.2d 154 (9th Cir. 1990).  "Before a trial court can sanction a miscreant attorney, a finding of bad faith is typically required."  Baugh v. Astrue, No. CIV. 3:08-1237-HU, 2011 WL 4738272, at *1 (D. Or. Oct. 5, 2011) (finding bad faith and imposing sanctions based on counsel's "offensive and inappropriate" and "unprofessional and disrespectful" remarks about the magistrate judge in the case).

With those principles in mind, the Court sets a hearing on this Order to Show Cause Whether Sanctions Should be Imposed to be held on Thursday, August 5, 2021, at 11:00 a.m.  The Court directs Attorney Friedheim to file a brief by Monday July 26,

- 4 -

2021, responding to this show cause Order whether he should be subject to sanctions for his disrespectful and sarcastic remarks toward this Court despite being warned against such conduct.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, July 6, 2021.



_____
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawaii Rafting, LLC, Kris Henry, M/V Tehani, et al., Civ. No. 13-00002 ACK-RLP, Order to Show Cause Why Sanctions Should Not be Imposed on Attorney Jay L. Friedheim