IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHAD BARRY BARNES, | ) CIVIL NO. 13-00002 ACK-WRP |
| | ) |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION AS TO |
| vs. | ) ATTORNEY'S FEES AND COSTS |
| | ) TO BE AWARDED IN |
| SEA HAWAII RAFTING LLC, | ) CONNECTION WITH THE ORDER |
| ET AL., | ) GRANTING IN PART AND |
| | ) DENYING IN PART PLAINTIFF |
| Defendants. | ) BARNES'S MOTION FOR |
| | ) SANCTIONS |
| | ) |

FINDINGS AND RECOMMENDATION AS TO ATTORNEY'S
FEES AND COSTS TO BE AWARDED IN CONNECTION WITH
THE ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF BARNES'S MOTION FOR SANCTIONS

On July 1, 2021, the district judge issued an Order Granting in Part and Denying in Part Plaintiff Barnes's Motion for Sanctions (Sanctions Order). See ECF No. 846. In the Sanctions Order, the district judge held that Plaintiff was "entitled to recover his reasonable attorney's fees and costs stemming from the delay in payment [of the previously awarded Enhanced Sanctions] and the filing of the Motion for Sanctions." Id. at 9. The Sanctions Order directed Plaintiff to submit evidence of his attorney's fees within 20 days of issuance of the Sanctions Order. Id. at 12.

Plaintiff filed a Motion for Award of Attorney's Fees and Full Costs

on July 20, 2021.  See ECF No. 857.  Defendant Henry and Defendant AOE filed their Response on August 4, 2021.  See ECF No. 863.  Plaintiff filed his Reply on August 4, 2021.  See ECF No. 865.

After careful consideration of the parties' submissions, the record in this action, and the relevant legal authority, the Court issues this FINDINGS AND RECOMMENDATION regarding attorney's fees and costs as detailed below.

## DISCUSSION

### I. Reasonable Attorney's Fees

Courts use the lodestar method for calculating an award of reasonable attorney's fees.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable fee is determined by multiplying "a reasonable hourly rate" by "the number of hours reasonably expended on the litigation."  Id.  Once calculated, the lodestar amount is presumptively reasonable.  See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).  However, in "rare and exceptional circumstances," a court may decide to adjust the lodestar figure based on an evaluation of several factors:  the time and labor required, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, time limitations imposed by the client or the circumstances, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v.

SJB-P.D., Inc ., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

Plaintiff requests the following attorney's fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jay Friedheim, Esq. | 17.65 | $450 | $7,942.50 |
| | | TOTAL | $7,942.50 |

See ECF No. 857-1 at 5.

### A.    Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). The fee applicant bears the burden of showing that the rates requested are reasonable. See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory

evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).

Based on the information provided in counsel's declaration and the Court's knowledge of rates in the community for attorneys with comparable experience, the Court finds that the $450 per hour rate requested for Mr. Friedheim, who has been practicing since 1987, is reasonable. See Dep't of Educ. v. Acen T., 2020 WL 4278436, at *4 (D. Haw. July 6, 2020), *adopted by* 2020 WL 4275813 (D. Haw. July 24, 2020) (finding that $450 per hour was a reasonable rate for an attorney with 38-years of experience).

### B. Hours Reasonably Expended

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397. The applicant bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court is required to explain how it made its fee determination in a

comprehensible, but not elaborate fashion. Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

In their Opposition, Defendants argue that some of the time requested by Plaintiff's counsel is duplicative and excessive. See ECF No. 863 at 5-6. The Court may deduct time requested that is "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34). The Court has reviewed the entries that Defendants claim are excessive and duplicative and finds that certain deductions are appropriate. First, the Court agrees that billing 0.7 hours to review a four-page motion and 0.8 hours to review an eight-page motion is excessive. See ECF No. 863 at 4; ECF No. 857-3 at 1. The Court reduces these entries to 0.3 and 0.6 respectively. Second, the Court finds that the time billed by counsel on several occasions for speaking with his client and his staff regarding the sanctions matter is reasonable because he needed to keep his client appraised of the case developments and needed to enlist assistance from his staff in preparing filings related to the matter. See ECF No. 857-3 at 1-2. Third, the Court agrees that the 0.9 hours billed to review the Court's eight-page order was excessive and reduces that entry to 0.6 hours. See id. at 2. Fourth, the Court agrees that the time billed for the hearing on the motion for sanctions should reflect the actual time of the hearing and reduces that time entry from 0.75 hours to 0.5 hours. See id. at 1. Finally, the Court rejects Defendants'

5

argument that Plaintiff should not be allowed to recover for the time spent submitting his fee request to the Court. See ECF No. 863 at 5. In the Sanctions Order, the district judge held that Plaintiff was "entitled to recover his reasonable attorney's fees and costs stemming from the delay in payment [of the previously awarded Enhanced Sanctions] and the filing of the Motion for Sanctions." ECF No. 846 at 9. The Court finds that Plaintiff's request for fees stems from the filing of the Motion for Sanctions and that time related to preparing the request for fees is recoverable. In total, the Court finds that a reduction of 1.15 hours from the time requested by Plaintiff's counsel are appropriate. The Court has reviewed the remaining time entries submitted by Plaintiff's counsel and finds that the remaining hours requested are reasonable.

    C.    **Total Lodestar Calculation**

The Court finds that the following attorney's fees are reasonable:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Jay Friedheim, Esq. | 16.5[1] | $450 | $7,425.00 |
| | | **TOTAL** | **$7,425.00** |

In total, the Court FINDS AND RECOMMENDS that the district court award $7,425.00 in attorney's fees.

---

[1] 17.65 hours requested - 1.15 hours for excessive time spent reviewing court filings and attending one hearing = 16.5 hours.

## II. Defendants' Objections as to Actual Payment of Fees and Request that the Court Order Payment to the Legal Aid Society of Hawaii

In their Opposition, Defendants argue that fees should not be awarded because Plaintiff has not proven that he has actually paid his counsel any of the fees at issue and argue that any fees awarded should be subject to the same payment conditions that were offered by Plaintiff as to the prior award of fees. See ECF No. 863 at 3. The Court rejects both arguments.

First, as detailed in its prior decision as to fees in this case, see ECF Nos. 834 and 835, the Supreme Court and the Ninth Circuit Court of Appeals have held that attorney's fees and costs are "incurred" even when a party is not personally liable for them. See In re: Moon, 2021 WL 62630, at *4 (B.A.P. 9th Cir. Jan. 7, 2021) (citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989) (pro bono representation does not bar the award of a reasonable attorney's fee under 42 U.S.C. § 1988(b) [civil rights statute]); Cuellar v. Joyce, 603 F.3d 1142, 1143 (9th Cir. 2010) (petitioner "incurred" attorney's fees for purposes of 42 U.S.C. § 11607(b)(3) [Hague Convention on the Civil Aspects of International Child Abduction] even though her lawyers provided their services pro bono); Nadarajah v. Holder, 569 F.3d 906, 916 (9th Cir. 2009) ("'It is well-settled that an award of attorney's fees [under the Equal Access to Justice Act] is not necessarily contingent upon an obligation to pay counsel. . . The presence of an attorney-client

7

relationship suffices to entitle prevailing litigants to receive fee awards.'") (quoting Ed A. Wilson, Inc. v. Gen. Servs. Admin., 126 F.3d 1406, 1409 (Fed. Cir. 1997)); Gotro v. R & B Realty Grp., 69 F.3d 1485, 1488 (9th Cir. 1995) (plaintiff who is represented on a contingent fee basis "incurs" the "actual expense" of an attorney's fee under 28 U.S.C. § 1447(c)5 [removal statute containing language similar to § 362(k)(1)])).  As detailed in the Court's findings above, Plaintiff's counsel would not have done the work at issue but for Defendants' conduct.  See Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1188 (2017) (holding that attorney's fees awarded as sanctions must "meet the applicable test:  They would not have been incurred except for the misconduct").  Regardless of whether Plaintiff in fact paid any fees to his counsel, the Court finds that Plaintiff incurred the fees detailed above.

Second, the Court finds that Defendants have not presented any legal support for their request that the fees awarded should be subject to the same payment conditions that were offered by Plaintiff as to the prior award of fees.  As detailed in the prior decisions on fees, those terms were proposed and offered by Plaintiff and were only imposed by the Court based on the parties' agreement to those terms.  Plaintiff has not made any such offer regarding the fees at issue in this matter.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court AWARD $7,425.00 in attorney's fees and ORDER that such fees be paid to Plaintiff's counsel within 30 days.

IT IS SO FOUND AND RECOMMEND.

DATED AT HONOLULU, HAWAII, AUGUST 25, 2021.



Wes Reber Porter
United States Magistrate Judge

**BARNES v. SEA HAWAII RAFTING LLC, ET AL**; CIVIL NO. 13-00002 ACK-WRP; FINDINGS AND RECOMMENDATION AS TO ATTORNEY'S FEES AND COSTS TO BE AWARDED IN CONNECTION WITH THE ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF BARNES'S MOTION FOR SANCTIONS