IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CHAD BARRY BARNES, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civ. No. 13-0002 ACK-WRP<br>) |
| SEA HAWAII RAFTING, LLC,<br>et al., | )<br>)<br>) |
| Defendants. | )<br>) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AS TO ATTORNEY'S FEES AND COSTS TO BE AWARDED IN CONNECTION WITH THE ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF BARNES'S MOTION FOR SANCTIONS (ECF NO. 871)**

On August 25, 2021, Magistrate Judge Porter issued his Findings and Recommendation as to Attorney's Fees and Costs to be Awarded in Connection with the Order Granting in Part and Denying in Part Plaintiff Barnes's Motion for Sanctions, ECF No. 871, recommending that the district court award $7,425.00 in attorney's fees to Plaintiff's counsel.  On September 5, 2021, Defendants filed an objection, ECF No. 873, asserting that (1) attorney's fees should not be charged because Plaintiff Barnes has not actually incurred attorney's fees, and (2) that if attorney's fees are authorized, they should be on the same conditions as the prior sanctions order.

1

Fourteen days have elapsed since Defendants filed their objection, and Plaintiff has not filed a response. LR 74.1.

The Magistrate Judge found that even though Plaintiff's counsel had not been paid any attorney's fees, he should be entitled to an award of attorney's fees as sanctions because they "meet the applicable test: They would not have been incurred except for the misconduct," citing Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1188 (2017). The Court notes that in Goodyear, the United States Supreme Court stated:

> That means, pretty much by definition, that the court can shift only those attorney's fees incurred because of the misconduct at issue. . . . Hence the need for a court, when using its inherent sanctioning authority (and civil procedures) to establish a causal link-between the litigant's misbehavior and legal fees paid by the opposing party.

Id. at 1186. However, in Goodyear, the Haegers had actually paid attorney's fees and the lower court in imposing sanctions against Goodyear had awarded the Haegers the entire sum they had spent in legal fees; and thus the Supreme Court focused on whether the Haegers should only have been able to recover the portion of their fees that they would not have paid but for Goodyear's misconduct.

2

Other courts have clarified the pro bono sanction question, including the United States Court of Appeals for the Second Circuit.

The Second Circuit addressed the issue by ruling that neither the pro bono nature of the plaintiff's attorney arrangement nor a settlement agreement wherein the wronged party agreed not to accept any fees was a barrier to a sanction of attorney's fees pursuant to a district court's inherent powers. Liebowitz v. Bandshell Artist Mgmt., 6 F.4th 267, 286 (2d Cir. 2021).

The Magistrate Judge also found that Defendants had not presented any legal support for their request that the fees award should be subject to the same payment conditions that were offered by Plaintiff as to the prior awarded fees.

Accordingly, the Court concurs with both conclusions of the Magistrate Judge and ADOPTS his recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, September 28, 2021

Alan C. Kay
Sr. United States District Judge

<u>Barnes v. Sea Hawaii Rafting, LLC, et al.</u>, Civ. No. 13-00002-ACK-WRP, Order Adopting Magistrate Judge's Findings and Recommendation as to Attorney's Fees and Costs to be Awarded in Connection with the Order Granting in Part and Denying in Part Plaintiff Barnes's Motion for Sanctions (ECF No. 871)