IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

|  |  |  |
|---|---|---|
| CHAD BARRY BARNES, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SEA HAWAI`I RAFTING, LLC; et al. | ) ) ) | Civ. No. 13-00002 ACK-WRP |
| Defendants. | ) ) ) ) | |

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL TRANSFER OF COMMERCIAL USE PERMIT, WRIT OF REPLEVIN AND FOR INJUNCTIVE RELIEF (ECF NO. 852)**

Before the Court is Plaintiff Chad Barry Barnes's Motion to Compel Transfer of Commercial Use Permit, Writ of Replevin and for Injunctive Relief, ECF No. 852 (the "Motion") in which Plaintiff Barnes seeks transfer of the commercial use permit (the "permit") from Defendant Aloha Ocean Excursions ("AOE") back to Defendant Sea Hawaii Rafting ("SHR"), as well as an injunction preventing Defendant Kris Henry and Defendant AOE from further using the permit.  For the reasons set forth below, the Court DENIES Plaintiff Barnes's Motion.  Specifically, the Court holds that Plaintiff Barnes's appeal (ECF No. 847) of this Court's Order Granting in Part and Denying in Part Barnes's Motion for Sanctions (ECF No. 846) divests the Court of jurisdiction from ruling on the Motion.

1

## BACKGROUND

For purposes of this Order, the Court will not recount this case's lengthy procedural history. The Court only discusses those facts and events of specific relevance to the issues that this Order addresses.

I. **Factual Background**

   a. **Filing of Lawsuit, Subsequent Bankruptcies, & Judgment**

Plaintiff Barnes is a seaman who was injured in 2012 when the boat on which he was working, the M/V Tehani, exploded. Seeking the maritime remedy of maintenance and cure, among other relief, Plaintiff Barnes sued the vessel Tehani in rem and Defendant SHR (the owner of the vessel) and Defendant Henry (the sole owner and manager of Defendant SHR) in personam.

Shortly after the lawsuit was filed, Defendant Henry and Defendant SHR both filed for bankruptcy. See In re Kristin Kimo Henry, Case No. 14-01475 (Bankr. D. Haw.); In re Sea Hawaii Rafting, LLC, Case No. 14-01520 (Bankr. D. Haw.); see also Pl.'s Concise Statement of Facts ("CSF"), ECF No. 704, ¶¶ 6-7; Defs.' CSF, ECF No. 754, ¶¶ 6-7 (admitting). The bankruptcies complicated this otherwise common maritime case and led to years of litigation while the bankruptcy court and the Ninth Circuit clarified several novel legal questions at the intersection of bankruptcy and admiralty law.

The bankruptcy court in 2018 ultimately allowed Plaintiff Barnes to pursue his in rem claims against the vessel as well as his in personam claims against Defendant SHR, but not against Defendant Henry.  The Court conducted a three-day bench trial to determine the amount of maintenance and cure, and awarded Plaintiff Barnes a judgment in the amount of $279,406.12, plus attorneys' fees of $206,281.00 and costs of $27,124.44, jointly and severally against Defendant SHR in personam and the vessel Tehani in rem.  See ECF Nos. 446, 447, 517.

### b. Collection Efforts & Transfer of Permit

Plaintiff Barnes has been largely unsuccessful in collecting on his judgment.  His collection efforts have been hindered and/or delayed by the bankruptcies and other procedural complications and numerous appeals, as well as by Defendant SHR's insolvency.  Plaintiff Barnes has also been unable to pursue what was virtually the only asset of Defendant SHR (aside from the vessel Tehani): namely, the permit, which is a valuable commercial use boating permit.  See ECF Nos. 608 & 657.  At the time of the accident, lawsuit, and bankruptcy filings, the permit had been assigned to the vessel Tehani and in Defendant SHR's name.  Id.; see also ECF No. 528.

In 2017, Defendant Henry wrote a letter to the harbor master at Honokohau Harbor—where the vessel Tehani was located—requesting that the Division of Boating and Ocean Recreation

("DOBOR") reissue the permit from Defendant SHR to Defendant AOE. ECF No. 585.  Defendant AOE is another single-member LLC formed by Defendant Henry less than one year after he and Defendant SHR filed bankruptcy.  Id.; see also Ex. B to Decl. of Jay Friedheim ("Friedheim Decl."), ECF No. 703-4; Pl.'s CSF ¶¶ 9-10; Defs.' CSF ¶¶ 9-10 (admitting).  Defendant Henry's letter represented that the transfer would only reflect a "change in name," ECF No. 527-1, when in fact Defendant SHR and Defendant AOE were entirely separate legal entities, ECF No. 585.  Based on Defendant Henry's misrepresentation in that letter, DOBOR reissued the permit from Defendant SHR to Defendant AOE, where it remains today.  ECF Nos. 585, 608, & 657; see also Ex. C to Friedheim Decl., ECF No. 703-5.

### c. The First Sanctions Order

The permit transfer ultimately led the Court to impose sanctions on Defendant Henry and Defendant AOE.  See ECF Nos. 608 (imposing "initial" sanctions) & 657 (imposing "enhanced" sanctions).  After holding hearings and considering evidence, the Court made findings that Defendant Henry's request for reissuance of the permit from Defendant SHR to Defendant AOE was a "misrepresentation" in that the "name change" was in fact a transfer between two separate and distinct legal entities.  ECF No. 608 at 10-11.  The Court had previously ruled that the permit

was not appurtenant to the vessel Tehani.[1/]  ECF No. 528 at 1. The Court found that the vessel and the permit were virtually the only assets held by Defendant SHR against which Plaintiff Barnes might have enforced his maritime lien and judgment.  See ECF No. 608 at 8.  The Court determined that the transfer of the permit to a different LLC prevented the operation of the vessel out of Honokohau Harbor and thus significantly diminished the value of the vessel, thereby severely and negatively impacting Plaintiff Barnes's ability to recover his damages.  The Court found that Defendant Henry's transfer of the permit from Defendant SHR to Defendant AOE was deliberate, reckless, and tantamount to bad faith.  See id.

Based on those findings, the Court imposed the initial sanctions in the amount of $25,000, designed to partially compensate Plaintiff Barnes for the resulting loss.[2/]  Id. at 16-17.  The Court also directed Defendant Henry and Defendant AOE to take steps to have the permit reissued to Defendant SHR or else the sanctions would be substantially enhanced.  Id. at 17.

### d. Enhanced Sanctions Order

When Defendants failed to comply with the Court's directive in the initial sanctions order to take meaningful steps

---

[1/] The Ninth Circuit has affirmed that the commercial use permit was not an appurtenance of the Tehani.  See Barnes v. Sea Hawaii Rafting, LLC, No. 18-17154, 2021 WL 4306896, at *2 (9th Cir. Sept. 22, 2021).

[2/] The initial sanctions have been paid in full by Defendant Henry and Defendant AOE.

5

to have the permit reissued to Defendant SHR, the Court held several hearings and imposed "enhanced" sanctions. ECF No. 657 ("the Enhanced Sanctions Order"). The Court held that Defendants had acted "recklessly, wrongfully, and with an improper purpose," and that their "conduct 'was tantamount to bad faith and therefore sanctionable' pursuant to the Court's inherent power." Id. at 28 (quoting B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108 (9th Cir. 2002)).

Based on those findings, the Court assessed enhanced sanctions to compensate Plaintiff Barnes for the loss of the value of the permit, as well as for related attorney's fees and costs. Enhanced Sanctions Order at 31-35. The Court was careful to fashion an award of enhanced sanctions directly designed to compensate for Plaintiff Barnes's actual loss arising from Defendant AOE's and Defendant Henry's wrongful conduct; namely, the loss of the permit. Id. at 32. The parties agreed that asking DOBOR to reissue the permit at that point could risk the permit being voided altogether. Id. at n.15.[3]

The Court ordered an independent appraisal of both the value of the vessel and the permit, considered extensive briefing from parties, and gave Plaintiff Barnes permission to conduct limited discovery as to Defendants' use and profit gains

---

[3] Plaintiff Barnes asserts he never agreed to a permanent loss of the permit.

resulting from their ownership of the permit. Id. at 33.[4/] Both parties agreed to the independent appraiser appointed by the Court and were given the opportunity to engage their own appraisers to provide their own valuations for the Court's consideration. Neither party submitted its own appraisal. See ECF No. 846.

To accomplish the valuation, the Court appointed Mr. Robert Oakley of All Island Marine Survey to conduct an independent appraisal of the value of the permit. Enhanced Sanctions Order at 32. Mr. Oakley was asked to first conduct an appraisal of the M/V Tehani, and then to conduct an appraisal of the M/V Tehani together with the value of operating with the permit. Id. at 33. Ultimately, the enhanced sanctions were calculated based on the difference between the two valuations in order to isolate the value of the loss of the permit alone. See id.; ECF No. 737 (Appraisal Report of Court-appointed Appraiser Robert Oakley).

In the Enhanced Sanctions Order, the Court stated that the purpose of the sanctions is to compensate Plaintiff Barnes for the loss of the permit. ECF No. 657 at 29.

---

[4/] Plaintiff Barnes asserts he could not pursue discovery because of Defendant Henry's bankruptcy; however, even if correct, this would not appear to preclude discovery of Defendant AOE's operations and profits (and discovery of Defendant SHR's assets was not precluded by Defendant Henry's bankruptcy).

7

The Court did not indicate that imposition of the enhanced sanctions would be compensation for temporary use of the permit by Defendant AOE for some unspecified period of time, or limited in any way.  The appraisal was clearly not a measurement of loss of use of the permit for some unknown number of years, but a measurement of loss of the permit itself.

The Court also allowed the parties to submit briefing on the sufficiency of that valuation.  See ECF No. 740.  Plaintiff Barnes submitted a brief stating simply, "We think the sanctions should not be tied to the appraisal value, and we think the $40,000.00 is a little low under these circumstances."  ECF No. 745 at 2.  He did not expand on his own proposed calculation.  ECF No. 846.  Defendant AOE and Defendant Henry filed an objection requesting that, before sanctions are imposed, Mr. Oakley provide more information about how he appraised the permit.  ECF No. 744.  The Court relayed the request to Mr. Oakley, who indicated that he could provide the information for additional payment.  ECF Nos. 746 & 749.  At the hearing held on September 30, 2020, counsel for Defendants AOE and Henry indicated that they no longer sought supplemental information from Mr. Oakley.  ECF No. 776.

On October 16, 2020, the Court issued an order finding the proper value of the loss of the permit to be $40,000.00, and

imposed enhanced sanctions in that amount.  ECF No. 776.  Neither party ultimately objected to the finding nor filed an appeal.

On May 28, 2021, Plaintiff Barnes sought further sanctions against Defendants AOE and Henry for the delinquent outstanding payments of the enhanced sanctions under the Court's allowed installment plan.  ECF No. 836.  The Court, while granting a sanction of $1,000 against Defendant Henry and Defendant AOE, reiterated in detail that the enhanced sanctions based on the permit's appraised value of $40,000 was for the loss of the permit.  ECF No. 846 (again, the order which Plaintiff Barnes has appealed).

**II.  Procedural Background**

Plaintiff Barnes filed the Motion to Compel Transfer of Commercial Use Permit, Writ of Replevin and for Injunctive Relief on July 9, 2021.  See ECF No. 852.  Defendant Henry and Defendant AOE filed their Opposition on October 21, 2021.  ECF No. 887.  Plaintiff Barnes filed his Reply on November 3, 2021.  ECF No. 891.  A virtual hearing on the Motion was held on November 16, 2021.

## DISCUSSION

As a threshold matter, the Court concludes that Plaintiff Barnes's appeal divests the Court of jurisdiction to decide the Motion.  The same day the Court issued its Order

9

Granting in Part and Denying in Part Plaintiff Barnes's Motion for Sanctions, ECF No. 846, Plaintiff Barnes filed a notice of appeal of the order.  See ECF No. 847.  Plaintiff Barnes raises the same fundamental issues in the Motion that were discussed in the Court's order (ECF No. 846), and raised in his appeal.

It is well-established that the filing of a notice of appeal generally divests the trial court of jurisdiction.  In re Silberkraus, 336 F.3d 864, 869 (9th Cir. 2003) ("The purpose of this judicially-created doctrine is to avoid the potential confusion and waste of resources from having the same issues before two separate courts at the same time.").  Accordingly, the Court finds it does not have jurisdiction to rule on the Motion.

In his Motion, Plaintiff Barnes asks the Court to (1) compel the transfer of the permit, (2) order an injunction barring Defendants Henry and AOE from further using the permit, and (3) return the permit to Plaintiff Barnes through replevin.

In order to be entitled to a preliminary injunction, a plaintiff must establish the following elements: (1) likelihood of success on the merits, (2) likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his or her favor, and (4) that an injunction is in the public interest.  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

Likewise, the appeal divests the Court of jurisdiction to rule on the Motion's request for replevin of the permit; as replevin requires the filing of a verified complaint showing: among other elements, (1) that the plaintiff is entitled to the immediate possession of the property claimed. . . .  See Haw. Rev. Stat. § 654-1 (2013).

The Court earlier ruled that Plaintiff Barnes was entitled to be compensated for the loss of the permit, and Defendants Henry and AOE have paid him the appraised value of his loss of the permit pursuant to the Court's order filed October 16, 2020, ECF No. 776.  Since Plaintiff Barnes has now appealed his loss of the permit, the Court is divested of jurisdiction to rule on the Motion, including all its requests to: (1) compel the transfer of the permit, (2) order an injunction barring Defendants Henry and AOE from further using the permit, and (3) return the permit to Plaintiff Barnes through replevin.

**CONCLUSION**

For the above-stated reasons, the Court DENIES Plaintiff Barnes's Motion to Compel Transfer of Commercial Use Permit, Writ of Replevin and for Injunctive Relief, ECF No. 852, because it lacks jurisdiction.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, December 14, 2021.

_____
Alan C. Kay
Sr. United States District Judge

Barnes v. Sea Hawai`i Rafting, et al., Civ. No. 13-00002 ACK-RLP, Order Denying Plaintiff's Motion to Compel Transfer of Commercial Use Permit, Writ of Replevin and for Injunctive Relief (ECF No. 852).